BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
CATHERINE S. SIMONSEN (SBN 307325)
catherine.simonsen@whitecase.com
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

Attorneys for Defendant
GERBER PRODUCTS COMPANY in *AG, et al. v. Plum, PBC, et al.*, No. 3:21-cv-01600-JD (N.D. Cal.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Ludmila Gulkarov, Janine Torrence, Kelly McKeon, and Josh Crawford, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Plum, PBC, and Plum, Inc., Delaware corporations,<br><br>Defendants. | Case No. 4:21-cv-00913-YGR<br><br>**GERBER PRODUCTS COMPANY'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIV. L.R. 3-12 AND 7-11)**<br><br>Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTION

The *AG* action[1] is vastly different from the consolidated *Gulkarov/McKeon* action, and the Court should not relate them. The *AG* action is a non-class, personal injury action filed against six different defendants (only one of which is Plum). The *Gulkarov/McKeon* action is a consumer fraud class action filed against two Plum entities. These cases involve different factual allegations and claims, and will require very different discovery and evidence in support and defense of the claims. The personal injury claims in the *AG* action implicate individualized and technical questions of alleged physical injury and causation, while the misrepresentation/omission claims in the *Gulkarov/McKeon* action involve allegations of economic injury stemming from the purchase of products with allegedly deceptive labels. The only similarity between the two actions is that both involve allegations of the presence of heavy metals in baby foods. That is not enough to deem these cases "related" under Civil Local Rule 3-12. Because no judicial efficiencies would result from relating the *AG* action with the *Gulkarov/McKeon* action—in fact the opposite is likely true—the Court should deny the administrative motion.

## II. FACTUAL BACKGROUND

On February 5, 2021, plaintiff Ludmila Gulkarov filed a class action complaint against Plum, PBC. *Ludmila Gulkarov, et al. v. Plum, PBC*, Case No. 4:21-cv-00913-YGR ("*Gulkarov* Action"). On March 15, 2021, plaintiff Kelly McKeon filed a class action complaint against Plum, PBC, and Plum, Inc., d/b/a Plum Organics. *Kelly McKeon, et al. v. Plum, PBC, et al.*, Case No. 4:21-cv-01113-YGR ("McKeon Action"). On March 4, 2021, the Court related the *Gulkarov* and *McKeon* Actions. ECF No. 13. On March 5, 2021, plaintiffs AG, HG, and XG filed a personal injury complaint against Plum, PBC, Hain Celestial Group, Inc., Gerber Products Company, Nurture Inc., Beech-Nut Nutrition Company, and Sprout Foods Inc. *AG, et al. v. Plum, PBC, et al.*, Case No. 3:21-cv-01600-JD ("AG Action"). On March 11, 2021, plaintiffs in the *Gulkarov* and *McKeon* actions filed a consolidated complaint (the "*Gulkarov/McKeon* Action"). ECF No. 15. On March 12, 2021, the *AG* plaintiffs filed an administrative motion to

---

[1] Each of the actions is defined in the Factual Background section below.

-1-

OPPOSITION TO ADMINISTRATIVE MOTION; 4:21-cv-00913-YRG

consider whether the *AG* Action should be related with the *Gulkarov/McKeon* Action pursuant to Civil Local Rule 3-12.

### A. The *AG* Action

The *AG* complaint alleges that six different baby food manufacturers sold baby food products that allegedly contained elevated levels of mercury, lead, arsenic, and cadmium ("heavy metals"). *AG* Action, ECF No. 1, ¶¶ 1-4. Specifically, the plaintiff children allege that as a result of consuming defendants' baby food products, they received a diagnosis of Autism Spectrum Disorder and suffered conscious pain and suffering. *Id.*, ¶¶ 31, 76, 79. The *AG* complaint alleges causes of action for negligent misrepresentation, negligent warnings, negligent manufacturing, negligent design, and strict products liability for defendants' alleged failure to warn, design defects, and manufacturing defects. *Id.*, ¶¶ 81, 102, 118, 126, 142, 156, 167.

### B. The *Gulkarov/McKeon* Action

In contrast, the consolidated class action complaint in the *Gulkarov/McKeon* Action alleges breach of express and implied warranties, fraudulent misrepresentation and omission, violation of various consumer protection acts, and negligent misrepresentation, against only Plum, PBC, and Plum, Inc. (collectively, "Plum"). ECF No. 15, ¶¶ 156, 169, 175, 180, 190, 203, 214, 226, 238, 251, 267, 282, 307, 314. Plaintiffs in the *Gulkarov/McKeon* Action base their claims on Plum's alleged failure to fully disclose the presence of heavy metals in its baby food products and Plum's public statements about the qualities and safety of its baby food products, which plaintiffs allege were deceptive. *Id.*, ¶¶ 46-52. Unlike the plaintiff children in the *AG* Action, plaintiffs in the *Gulkarov/McKeon* Action do not allege physical injury, but rather allege that "Plaintiffs were injured when they paid the purchase price or a price premium for the Baby Foods." *Id.*, ¶ 31.

### III.   LEGAL STANDARD

Under Civil Local Rule 3-12(a), an action is related to another when: (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Plaintiffs do not meet this standard and the Court

should deny the administrative motion.

IV. **THE COURT SHOULD DENY THE MOTION TO RELATE THE CASES**

**A. The Two Actions Do Not Concern Substantially the Same Parties**

Parties on both sides of the two actions are separate and unrelated, and therefore the actions should not be related. *See Evolutionary Intelligence LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 U.S. Dist. LEXIS 184713, *4 (N.D. Cal. Oct. 8, 2013) (cases should be deemed unrelated when they concern "different defendant[s] and . . . different products"). There is only one common defendant across the two actions: the *Gulkarov/McKeon* plaintiffs sued only Plum, whereas the *AG* plaintiffs sued multiple baby food manufacturers. ECF No. 15, ¶ 1; *AG* Action, ECF No. 1, ¶ 1. The defendants in the two actions are competitors, and are not owned by the same entities, are not subsidiaries, and are not related to each other in any way other than the fact that they are all baby food manufacturers. Moreover, the plaintiffs are different and unrelated. The *Gulkarov/McKeon* plaintiffs are parents who purchased baby food and allege they were misled by Plum's labels and advertising; whereas, the *AG* plaintiffs are minor children who allege they were injured by consuming the *AG* defendants' baby foods. ECF No. 15, ¶ 1; *AG* Action, ECF No. 1, ¶ 1. Finally, the *Gulkarov/McKeon* plaintiffs seek to represent several classes of parents who allegedly purchased Plum's baby food products; whereas, the *AG* plaintiffs do not assert class claims. ECF No. 15, ¶¶ 1-2. The two actions do not concern substantially the same parties, or even the same set of facts.

**B. The Two Actions Do Not Concern Substantially the Same Property**

The two actions involve different products. The *AG* Action concerns an unspecified number of "Baby Foods manufactured and sold by Plum, Hain, Nurture, Beech-Nut, Gerber, and Sprout," and does not identify any of the baby food products at issue specifically. *AG* Action, ECF No. 1, ¶ 74. The *Gulkarov/McKeon* complaint, by contrast, concerns 16 specifically identified baby food products manufactured by Plum only. ECF No. 15, ¶ 7 n.3. It is therefore not clear whether there is *any* overlap between the products on which the two separate actions are based. Moreover, according to the *AG* complaint, each *AG* defendant uses different testing protocols, varies as to whether it follows such protocols, and varies as to what post-testing

1    procedures it follows.  *AG* Action, ECF No. 1, ¶¶ 49-68.  Accordingly, the fact that both actions

2    involve baby food products does not mean they concern substantially the same property.  *See,*

3    *e.g.*, *Hynix Semiconductor, Inc. v. Rambus, Inc.*, No. C-00-20905 RMW, 2008 U.S. Dist. LEXIS

4    68625, *14 (N.D. Cal. Aug. 24, 2008) (denying motion to relate because "while some of the same

5    property is involved, substantially the same property is not").

6    **C.   The Two Actions Do Not Concern Substantially the Same Transaction or Event**

7    The different plaintiffs in the *AG* Action and the *Gulkarov*/*McKeon* Action allegedly

8    purchased products at different stores, at different times, and for different prices.  ECF No. 15,

9    ¶¶ 23-31; *AG* Action, ECF No. 1, ¶¶ 3, 5.  Moreover, while the *Gulkarov*/*McKeon* plaintiffs base

10   their claims on alleged misrepresentations and omissions by Plum, on which the plaintiffs

11   allegedly relied in *purchasing* the products, the *AG* plaintiffs base their claims on the *AG*

12   defendants' alleged inadequate warning labels and manufacturing and design defects, which

13   allegedly injured plaintiffs when they *consumed* the products.  ECF No. 15, ¶¶ 45-52; *AG* Action,

14   ECF No. 1, ¶¶ 81, 102, 118, 126, 142, 156, 167.  Indeed, the *AG* plaintiffs do not allege that they

15   relied on any specific representation by Plum or any *AG* defendant, even with respect to negligent

16   misrepresentation, the single common cause of action across the two actions.  *AG* Action, ECF

17   No. 1, ¶¶ 166-182.  In contrast, the *Gulkarov*/*McKeon* plaintiffs complain about several specific

18   alleged misrepresentations by Plum.  ECF No. 15, ¶¶ 23-35, 46-51.  Each plaintiff's knowledge

19   and expectations at the time of purchase or consumption, as well as defendants' varied

20   representations, omissions, manufacturing practices, and knowledge (if any) concerning the

21   alleged misrepresentations/omissions or defects, are entirely distinct in each action.

22   **D.   Proceeding Before Different Judges Will Not Be Unduly Burdensome**

23   Because the first element of Local Rule 3-12 is not satisfied, the Court may decline to

24   relate the cases on that basis alone.  Civil L.R. 3-12(a).  In any event, given the distinct factual

25   context for the claims alleged in the two actions, there is virtually no risk of duplicative labor or

26   conflicting results if the cases are handled separately.  *See, e.g.*, *Allen v. City of Oakland*, No.

27   C00-4599 TEH, 2011 U.S. Dist. 135556, *6 (N.D. Cal. Nov. 23, 2011) (declining to relate cases

28   involving the same legal theories and defendants because "[w]hile there may be some overlap in

1  issues, that is not the test for relating cases; indeed, implicit in Civil Local Rule 3-12(a) is the
2  principle that single judges of this Court do not become responsible for all cases arising in one
3  area of law, even when some of the same parties are involved").

4        As discussed, the two actions share only one overlapping cause of action—negligent
5  misrepresentation—and this overlap is in name only, not substance.  The remaining claims across
6  the two cases are entirely different and will require significantly different discovery, presenting
7  little risk of duplicative labor in cases handled separately.  Indeed, virtually no efficiencies would
8  result from relating a non-class, personal injury action against six different defendants arising out
9  of the consumption of any and all "Baby Foods" manufactured by these six different defendants,
10 with a consumer fraud class action against Plum only.  This is especially true because the
11 allegations in the *Gulkarov*/*McKeon* Action are based on specific labeling claims made by Plum
12 only, and the plaintiffs allege only economic injury stemming from the purchase of specific Plum
13 products.  Whether a product is defective and caused personal injury to the person who consumed
14 it—the crux of the *AG* Action—is entirely distinct from the issue of whether different labels on
15 different products were likely to mislead reasonable consumers to purchase those products or pay
16 a premium for them—the crux of the *Gulkarov*/*McKeon* Action.  Accordingly, dispositive
17 motions in the two cases (should they make it that far) will involve different issues and
18 arguments; experts will be different and will address different technical, scientific, medical, and
19 marketing, and potentially other, issues; and there will be virtually no overlap in the parties' proof
20 and defenses.  In addition to these significant distinctions, only the *Gulkarov*/*McKeon* Action is a
21 putative class action.  The parties in that action will likely stage class and merits discovery and
22 will require a schedule allowing time for the briefing of class certification issues specific to that
23 case.  No efficiencies would result from relating the non-class, personal injury *AG* Action with
24 the *Gulkarov*/*McKeon* class action.

25 **V.   CONCLUSION**

26       The Court should deny the administrative motion and decline to relate the *AG* Action with
27 the *Gulkarov*/*McKeon* Action.

28

| | | |
|---|---|---|
| 1 | Dated: March 16, 2021 | WHITE & CASE LLP |
| 2 | | |
| 3 | | By:  */s/ Bryan A. Merryman*<br>          Bryan A. Merryman |
| 4 | | Attorneys for Defendant<br>GERBER PRODUCTS COMPANY<br>in *AG, et al. v. Plum, PBC, et al.*, No. 3:21-cv-01600-JD (N.D. Cal.) |