MAYER BROWN
DALE J. GIALI (SBN 150382)
*dgiali@mayerbrown.com*
KERI E. BORDERS (SBN 194015)
*kborders@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:   (213) 229-9500
Facsimile:   (213) 625-0248

[Additional Attorneys on Signature Page]

Attorneys for Defendants
PLUM, PBC and PLUM, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Ludmila Gulkarov, Janine Torrence, Kelly McKeon and Josh Crawford, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLUM, PBC, and Plum, Inc., Delaware corporations,<br><br>Defendants. | Case No. 4:21-cv-00193-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFFS' CONSOLIDATION STIPULATION (ECF NO. 29)**<br><br>Complaint Filed: March 5, 2021 |

**DEFENDANT'S OBJECTION AND RESPONSE**

Defendants Plum, PBC and Plum, Inc. (collectively "Plum") hereby object and respond to plaintiffs' Stipulation and [proposed] Order to Consolidate Actions under Fed. R. Civ. P. 42(a) (ECF No. 29) (hereinafter "ECF No. 29").

Though styled as a stipulation, ECF No. 29 is not signed by all parties. Plum is not a signatory. And, as to *Pereira v. Campbell Soup Co.*, No. 4:21cv1767 (N.D. Cal.), one of the four actions subject to the consolidation request in ECF No. 29, neither Plum nor Plum's parent Campbell Soup Company (both defendants in that case) are signatories. Accordingly, Plum objects to ECF No. 29 being styled as a stipulation. Civil L.R. 7-12 ("Every stipulation requesting judicial action must be in writing signed *by all affected parties or their counsel*.") (emphasis added); *see also, e.g.*, *In re Hatfield*, 2009 WL 7751435, *3 (9th Cir. B.A.P. Mar. 17, 2009) ("judge refused to sign the . . . Stipulation because not all parties were signatories"). ECF No. 29 is, and should be treated as, a request for an order on contested matters.[1]

To be sure (and as plaintiffs correctly point out (at ECF No. 29-1, ¶ 2)), Plum does not oppose a single complaint consolidating all consumer class actions pending in the Northern District of California that allege false advertising of Plum baby food relating to heavy metals, including the four cases referenced in ECF No. 29.

Plum opposes, however, the additional relief sought by plaintiffs, including:

1. Setting up procedures outside the Court's already existing rules to consolidate pending and as-of-yet filed cases (ECF No. 29, ¶¶ 1, 4);
2. Changing the name of the consolidated action to *In re Plum Baby Food Litigation* (ECF No. 29, ¶ 2);
3. Setting up master and individual dockets (ECF No. 29, ¶ 3); and
4. Setting up proceedings for plaintiffs' counsel leadership structure (ECF No. 29, ¶ 3).

For several reasons, this additional mini-MDL-type relief sought by plaintiffs is inappropriate and premature. *First*, the existing rules and standard procedures governing related cases, consolidation and the

---

[1] Notably, ECF No. 29 also does not include a signature from the plaintiff's counsel in (or even reference) *David v. Plum, PBC*, No. 3:21cv2059 (N.D. Cal. filed Mar. 24, 2021; assigned to Magistrate Judge Alex G. Tse), but that case is pending in this Court and, as written, ECF No. 29 could certainly impact that case.

filing of consolidated complaints are entirely sufficient to bring together the four cases without the need for the additional relief sought now, as proceedings in this case amply demonstrate. *See, e.g.*, ECF Nos. 10 (related case and consolidation administrative motion), 13 (order relating cases); 14 (order consolidating cases); 15 (consolidated complaint filed); 16 (request to administratively close *McKeon*); 17 (related case administrative motion); 22 (order relating cases); 24 (related case administrative motion); 27 (order relating cases).

*Second*, there are currently seven other pending consumer class actions against Plum (and/or Campbell Soup) pending in other courts and making the same false advertising allegations relating to heavy metals in Plum baby food.[2] *Third*, both Plum and Campbell Soup are Delaware corporations with their principle places of business in New Jersey,[3] and three of the other pending consumer class actions against Plum/Campbell Soup are pending in the District of New Jersey (*see* n.2, *supra*). It is Plum/Campbell Soup's position that – based on jurisdictional and efficiency issues – all of the consumer class actions pending against Plum/Campbell Soup, including those pending in this Court, should ultimately be consolidated in a single complaint in the District of New Jersey. *Fourth*, there is a pending petition before the Judicial Panel on Multidistrict Litigation to consolidate more than seventy consumer class actions against the baby food industry. *See* MDL No. 2997 (JPML).[4]

---

[2] *See Smid v. Campbell Soup Co., Plum*, PBC, No. 1:21cv2417 (D.N.J. filed Feb. 11, 2021); *Walls v. Plum, PBC, et al.*, No. 1:21cv870 (E.D.N.Y. filed Feb. 17, 2021); *Johnson v. Campbell Soup Co., et al.*, No. 2:21cv2096 (D. Kan. filed Feb. 19, 2021); *Chase v. Campbell Soup. Co., Plum PBC*, No. 1:21cv4650 (D.N.J. filed Mar. 10, 2021); *Baccari v. Campbell Soup Co., Plum, PBC*, No. 1:21cv4749 (D.N.J. filed Mar. 10, 2021); *David v. Plum, PBC*, No. 3:21cv2059 (N.D. Cal. filed Mar. 24, 2021); *Moore v. Plum, Inc.*, No. 37-2021-00014695-CU-MC-CTL (San Diego Superior Ct. filed April 5, 2021).

[3] Campbell Soup recently announced that it is selling Plum, PBC to Sun-Maid Growers of California, with an expected closing date later this Spring.

[4] The MDL petition was filed by plaintiffs' counsel in one of the more than 70 consumer class actions filed. While Plum/Campbell Soup does not believe an MDL is warranted or appropriate, the important point for present purposes is that plaintiffs' current request for additional conditions should be considered, and denied, in light of the pending MDL petition.

## **CONCLUSION**

For the foregoing reasons, Plum asks the Court to consolidate the four actions referenced in ECF No. 29 and order a singled consolidated complaint, but not grant the further relief sought by plaintiffs.

Respectfully submitted.

Dated:  April 6, 2021

MAYER BROWN LLP
Dale J. Giali
Keri E. Borders

DECHERT LLP
Hope Friewald
Mark Cheffo
Christina Sarchio

by: /s/  *Keri E. Borders*
      Keri E. Borders

Attorneys for Defendants
PLUM, PBC and PLUM, INC.