**MAYER BROWN LLP**
DALE J. GIALI (SBN 150382)
*dgiali@mayerbrown.com*
KERI E. BORDERS (SBN 194015)
*kborders@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

**DECHERT LLP**
HOPE FREIWALD (*pro hac vice* to be filed)
*hope.freiwald@dechert.com*
2929 Arch Street,
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
MARK CHEFFO (*pro hac vice* to be filed)
*mark.cheffo@dechert.com*
1095 Avenue of the Americas,
New York, NY, 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 994-3599

Attorneys for Defendants PLUM, PBC, (erroneously sued as PLUM, INC.) and CAMPBELL SOUP COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

LUDMILA GULKAROV, JANINE TORRENCE, KELLY MCKEON and JOSH CRAWFORD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PLUM, PBC, and PLUM, INC., Delaware corporations,

Defendants.

Case No. 4:21-cv-00913-YGR

Honorable Yvonne Gonzalez Rogers

**DEFENDANTS PLUM, PBC AND CAMPBELL SOUP COMPANY'S NOTICE OF MOTION AND MOTION TO TRANSFER THESE RELATED CASES TO THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

[*Declaration of Keely J. Stewart and* [*Proposed*] *Order filed concurrently herewith*]

Date: May 18, 2021
Time: 3:30 p.m.
Courtroom: 1

| | |
|---|---|
| VANESSA MATHIESEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PLUM, PBC,<br><br>Defendant. | Case No. 4:21-cv-01763-YGR |
| CINDY PEREIRA, on behalf of herself and a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAMPBELL SOUP COMPANY, and PLUM, PBC,<br><br>Defendants. | Case No. 4:21-cv-01767-YGR |
| AUTUMN ELLISON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PLUM, PBC, and PLUM, INC., Delaware corporations,<br><br>Defendants. | Case No. 4:21-cv-02015-YGR |
| JESSICA DAVID and HEATHER AGE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLUM, PBC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:21-cv-02059-AGT |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE THAT NOTICE** that on May 18, 2021 at 3:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 1, 4th Floor, of this Court, located at 1301 Clay Street, Oakland, CA 94612, before the Honorable Yvonne Gonzalez Rogers, defendants Plum, PBC (also erroneously sued as Plum, Inc.)[1] and Campbell Soup Company (collectively, "Defendants") will and hereby do respectfully move the Court for an order transferring the following related cases to the United States District Court, District of New Jersey pursuant to 28 U.S.C. §1404(a):

- *Gulkarov v. Plum, PBC*, No. 4:21cv913 (N.D. Cal.)
- *Mathiesen v. Plum, PBC*, No. 4:21cv1763 (N.D. Cal.)
- *Pereira v. Campbell Soup Co.*, No. 4:21cv1767 (N.D. Cal.)
- *Ellison v. Plum, PBC*, No. 4:21cv2015 (N.D. Cal.)
- *David v. Plum, PBC*, No. 3:21cv2059 (N.D. Cal.)

Good cause exists to grant this motion. Defendants are headquartered in New Jersey and, accordingly, plaintiffs could have brought their claims in the District of New Jersey in the first instance. Moreover, the balance of relevant factors, including the convenience of the parties and witnesses, the conservation of judicial resources, and the interests of justice, favor transferring these actions to New Jersey.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities in support, the concurrently filed declaration of Keely J. Stewart, the pleadings and papers on file in these actions and other similar actions against these Defendants, and upon such other oral argument and/or documentary matters as may be presented to the Court at or before the hearing on this motion.

[1] In 2013, Plum, Inc. was converted into a public benefit corporation and was renamed Plum, PBC. Accordingly, Plum, Inc. no longer exists.

Dated: April 12, 2021

MAYER BROWN LLP
Dale J. Giali
Keri E. Borders

DECHERT LLP
Hope Friewald
Mark Cheffo

by: /s/ *Keri E. Borders*
Keri E. Borders

Attorneys for Defendants
Plum, PBC and Campbell Soup Company

## STATEMENT OF ISSUES TO BE DECIDED

1. Pursuant to 28 U.S.C. § 1404(a), should these related cases be transferred to the United States District Court, District of New Jersey?

# TABLE OF CONTENTS

**Page(s)**


I. INTRODUCTION ........ 1

II. FACTUAL AND PROCEDURAL BACKGROUND........ 3

- A. The Related Class Actions Against Plum And Campbell........ 3
- B. Defendants Are Located In New Jersey........ 5

III. THE N.D. CAL. CASES SHOULD BE TRANSFERRED TO NEW JERSEY ........ 5

- A. The N.D. Cal. Cases "Could Have Been Brought" In New Jersey........ 6
- B. Convenience And Fairness Factors Weigh In Favor Of Transfer........ 7
- C. Transfer Would Serve The Interests Of Justice ........ 9

IV. CONCLUSION........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alesia v. Gojo Industries, Inc.*, 2020 WL 6826475 (C.D. Cal. Oct. 19, 2020) .......... 11, 12

*Alexander v. Franklin Res., Inc.*, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007) .......... 8, 10

*In re Baby Food Marketing, Sales, Practices and Products Liability Litig.*, MDL No. 2997 .......... 5

*Benjamin v. Bixby*, 2009 WL 2171781 (E.D. Cal. July 21, 2009) .......... 11

*Bristol-Myers Squibb Co. v. Sup. Ct.*, 137 S. Ct 1773 (2017) .......... 11

*Burns v. Gerber Prods. Co.*, 922 F. Supp. 2d 1168 (E.D. Wash. 2013) .......... 2, 9, 12

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) .......... 7, 11

*Fraser v. Genesco, Inc.*, 2011 WL 4566312 (E.D. Cal. Sept. 29, 2011) .......... 8, 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) .......... 7

*Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208 (S.D. Cal. 2013) .......... *passim*

*Hoffman v. Blaski*, 363 U.S. 335 (1960) .......... 6

*In R.A. v. Epic Games, Inc.*, 2019 WL 6792801 (C.D. Cal. July 30, 2019) .......... 9

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000) .......... 10

*Jovel v. i-Health, Inc.*, 2012 WL 5470057 (C.D. Cal. Nov. 8, 2012) .......... 8

*Knoll, Inc. v. Modway, Inc.*, 2020 WL 6784346 (C.D. Cal. Nov. 17, 2020) .......... 7, 10

*Koster v. (Am.) Lumbermens Mut. Cas. Co.*,
330 U.S. 518 (1947)....................10

*Lou v. Belzberg*,
834 F.2d 730 (9th Cir. 1987)....................10

*Metz v. U.S. Life Ins. Co. in City of New York*,
674 F. Supp. 2d 1141 (C.D. Cal. 2009)....................7

*Puri v. Hearthside Food Sols, LLC*,
2011 WL 6257182 (C.D. Cal. Dec. 13, 2011)....................9, 10

*SA Music, LLC v. Apple, Inc.*,
2020 WL 8028613 (C.D. Cal. Nov. 12, 2020)....................7, 10

*Stewart Org., Inc. v. Ricoh Corp.*,
487 U.S. 22 (1988)....................6

*Sugarman v. Muddy Waters Cap. LLC*,
2021 WL 583220 (N.D. Cal. Feb. 16, 2021)....................9

*Van Dusen v. Barrack*,
376 U.S. 612 (1964)....................6

*Ventress v. Japan Airlines*,
486 F.3d 1111 (9th Cir. 2007)....................6

*Walden v. Fiore*,
571 U.S. 277 (2014)....................11

*Wallace v. Int'l Paper Co.*,
2020 WL 4938361 (C.D. Cal. July 2, 2020)....................11

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
967 F. Supp. 2d 1289 (N.D. Cal. 2013)....................6

*Walters v. Famous Transports, Inc.*,
488 F. Supp. 3d 930 (N.D. Cal. 2020)....................10

*In re Yahoo! Inc.*,
2008 WL 707405 (C.D. Cal. Mar. 10, 2008)....................12

**Statutes**

28 U.S.C. 1332....................7

28 U.S.C. § 1391....................7

28 U.S.C. §1404....................2, 5, 6, 10

## I. INTRODUCTION

Defendants Plum, PBC (also erroneously sued as Plum, Inc.) ("Plum") and its parent company, Campbell Soup Company ("Campbell") (collectively, "Defendants"), are defendants in five nationwide consumer class actions pending in this Court and alleging false advertising regarding Plum's baby food products:

- *Gulkarov v. Plum, PBC*, No. 4:21cv913 (N.D. Cal.)
- *Mathiesen v. Plum, PBC*, No. 4:21cv1763 (N.D. Cal.)
- *Pereira v. Campbell Soup Co.*, No. 4:21cv1767 (N.D. Cal.)
- *Ellison v. Plum, PBC*, No. 4:21cv2015 (N.D. Cal.)
- *David v. Plum, PBC*, No. 3:21cv2059 (N.D. Cal.)

(collectively, the "N.D. Cal. Cases.") Plum and Campbell are also defendants in four materially identical nationwide consumer class actions pending in the District of New Jersey before the same judge (Judge Noel Hillman) as related cases:

- *Smid v. Campbell Soup Co.*, No. 1:21cv2417 (D.N.J.)
- *Chase v. Campbell Soup Co.*, No. 1:21cv4650 (D.N.J)
- *Baccari v. Campbell Soup Co.*, No. 1:21cv4749 (D.N.J.)
- *E. Smith v. Campbell Soup Co.*, No. 1:21cv8567 (D.N.J.)

All nine of these cases arise out of, and were filed shortly after, a February 4, 2021 report issued by the House Subcommittee on Economic and Consumer Policy (the "House Subcommittee Report"), which purported to find that many popular baby and toddler foods possibly contained excessive levels of heavy metals, including arsenic, cadmium, lead, and mercury. Within 24 hours of the release of the House Subcommittee Report, plaintiffs began filing class action lawsuits across the country against major baby food manufacturers, including Defendants.[2]

---

[2] FDA responded to the House Subcommittee Report by reassuring the public that "FDA's testing shows that children are not at an immediate health risk from exposure to toxic elements at the levels found in foods" and by announcing an action plan entitled "Closer To Zero" to evaluate and propose action levels for heavy metals in baby food. *See* https://www.fda.gov/news-events/press-announcements/fda-releases-action-plan-reducing-exposure-toxic-elements-foods-babies-young-children?utm_medium=email&utm_source=govdelivery.

The N.D. Cal. Cases are in the process of being consolidated into a single action. Simultaneously, plaintiffs in the nationwide class actions filed in the District of New Jersey are also in the process of consolidating those cases into a single action. While these consolidation efforts are warranted and appropriate, it nevertheless remains highly inefficient, including a waste of the parties and the Court's time and resources, to simultaneously litigate materially identical cases involving the same claims and the same putative classes, in more than one court.

Significantly, while transfer motions usually raise a binary question – *i.e.*, the case will proceed either here *or* there – this motion raises the different question whether the same consumer class action should be pending here *and* there. The answer, of course, is no. *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1213 (S.D. Cal. 2013) (transfer granted; "this transfer motion is unlike the typical binary 'either-or' transfer motion, because the . . . [New Jersey] action will continue in New Jersey regardless the outcome of this transfer motion"); *Burns v. Gerber Prods. Co.*, 922 F. Supp. 2d 1168, 1170-71 (E.D. Wash. 2013) (transfer granted; motion was not "the typical binary 'either-or' transfer motion" because the issue was whether the case should be consolidated with another pending consolidated class action suit "asserting near-identical claims" in defendant's preferred forum).

Accordingly, Defendants bring this motion to transfer the N.D. Cal. Cases to the District of New Jersey pursuant to 28 U.S.C. §1404(a). The convenience of the witnesses and access to evidence, and the interests of efficiency and justice favor transfer to New Jersey. Transfer to New Jersey – instead of transferring the New Jersey cases to this Court – is necessary and appropriate because all of the cases may be properly venued in New Jersey, but many of the cases, including several of the N.D. Cal. Cases, are not amenable to proceeding in the Northern District of California due to jurisdictional and venue problems. That's largely because, as discussed below, the Court lacks general jurisdiction over Defendants such that it could adjudicate claims brought by non-California plaintiffs (and the non-California putative class members). For these reasons, and as more fully detailed below, the motion to transfer the N.D. Cal. Cases to the District of New Jersey should be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Related Class Actions Against Plum And Campbell

***N.D. Cal. Cases***. Currently, there are five related nationwide class actions pending against defendants Plum and Campbell in the Northern District of California that are the subject of this motion to transfer.[3]

1. *Gulkarov, et al. v. Plum, PBC*, No. 4:21cv913 (N.D. Cal.). Plaintiffs are citizens of California, New York, Minnesota, and Pennsylvania. They seek to represent a putative nationwide class of consumers, as well as California, New York, Minnesota, and Pennsylvania sub-classes.

2. *Mathiesen v. Plum, PBC*, No. 4:21cv1763 (N.D. Cal.). Plaintiff is a citizen of California and seeks to represent a putative nationwide class of consumers, as well as a California sub-class.

3. *Pereira v. Plum, PBC and Campbell Soup Co.*, No. 4:21cv1767 (N.D. Cal.). Plaintiff is a citizen of California and seeks to represent a putative nationwide class of consumers, as well as a California Sub-class.

4. *Ellison v. Plum, PBC*, No. 4:21cv2015 (N.D. Cal.). Plaintiff is citizen of Oregon and seeks to represent a putative nationwide class of consumers, as well as an Oregon sub-class.

5. *David, et al. v. Plum, PBC*, No. 3:21cv2059 (N.D. Cal.). Plaintiffs are citizens of Florida and Kentucky and seek to represent a putative nationwide class of consumers, as well as Florida and Kentucky sub-classes. An administrative motion to relate this case to the others is pending.

On April 6, 2021, the plaintiffs in *Gulkarov*, *Mathiesen*, *Pereira*, and *Ellison* filed a "stipulation" to consolidate those cases (Nos. 1-4 above) into a single action. *See, e.g., Gulkarov*, ECF Nos. 29, 30, 31. The *David* case was not included in that filing, even though it is a materially identical class action. On April 7, 2021, the *David* plaintiffs filed an administrative motion to relate *David* to *Gulkarov*. *Gulkarov*, ECF No. 32. As evidenced by these filings,

---

[3] An additional class action was filed in this Court on April 7, 2021, *L. Smith v. Plum, PBC, et al.*, No. 3:21cv2519 (N.D. Cal.). That case is against multiple, additional defendants and, therefore, is not now the subject of this transfer motion.

plaintiffs agree that these cases are materially identical. And, on April 7, 2021, the Court ordered *Pereira*, *Ellison* and *Mathiesen* related to *Gulkarov*. *Id.*, ECF No. 33.

***New Jersey Cases***. Currently, there are four materially identical nationwide class actions pending against Plum and Campbell in the District of New Jersey. They are materially identical to each other and to the N.D. Cal. Cases. They have been deemed related and all are assigned to Judge Noel Hillman.

1. *Smid v. Campbell Soup Company and Plum, PBC*, No. 1:21cv2417 (D.N.J.). Plaintiff is a citizen of Illinois and seeks to represent a putative nationwide class of consumers.

2. *Chase, et al. v. Campbell Soup Company and Plum, PBC*, No. 1:21cv4650 (D.N.J.). Plaintiffs are citizens of South Carolina and seek to represent a putative nationwide class of consumers, as well as a South Carolina sub-class.

3. *Baccari, et al. v. Campbell Soup Company and Plum, PBC*, No. 1:21cv4749 (D.N.J.). Plaintiffs are citizens of Massachusetts, North Carolina, Ohio, and Texas and seek to represent a putative nationwide class of consumers, as well as Massachusetts, North Carolina, Ohio, and Texas sub-classes.

4. *E. Smith v. Campbell Soup Company and Plum, PBC*, No. 1:21cv8567 (D.N.J.). Plaintiff is a citizen of New Jersey and seeks to represent a putative nationwide class of consumers, as well as a New Jersey sub-class.

***MDL Petition***. Following release of the House Subcommittee Report, at least 84 class actions have been filed against baby food manufacturers, including Defendants, Gerber Products Company, Nurture, Inc., Hain Celestial Group, Inc., Beech-Nut Nutrition Company, and Sprout Foods, Inc. A petition was filed with the Judicial Panel on Multidistrict Litigation to coordinate and transfer all of the federal consumer class actions arising out of the House Subcommittee Report under the multidistrict litigation procedures. *See In re Baby Food Marketing, Sales, Practices and Products Liability Litig.*, MDL No. 2997. In advance of the hearing on the petition, the JPML encouraged the parties to "pursue alternatives to centralization" and to report to the JPML on the parties' efforts to coordinate by "seeking Section 1404 transfer of one or more of the subject cases." *See id.*, ECF No. 3. Accordingly, and in addition to being supported

by traditional 1404 factors, Defendants' motion to transfer the N.D. Cal. Cases to New Jersey is in accord with the JPML's guidance. *See, e.g., Hawkins*, 924 F. Supp. 2d at 1212 ("JPMDL [] entered an order denying centralization of this case with the other similar lawsuits, explaining that 'transfer under Section 1404 is preferable to centralization'").

**B. Defendants Are Located In New Jersey**

Plum was at the time of filing and currently is a Delaware corporation with its principal place of business in Camden, New Jersey. Declaration of Keely J. Stewart ("Stewart Decl.") ¶¶ 3-4.[4] Campbell is a New Jersey corporation with its principal place of business in Camden, New Jersey. *Id.* at ¶ 3.

Campbell acquired Plum in 2013 and it is a wholly owned, indirect subsidiary of Campbell. *Id.* at ¶ 4. At the time Campbell acquired Plum, Plum was a Delaware corporation, headquartered in Emeryville, California. *Id.* at ¶ 4. Subsequent to Campbell's acquisition, and more than two years before the N.D. Cal. Cases were filed, Plum moved its headquarters to Camden, New Jersey, the same location as Campbell. *Id.* at ¶ 4. The transfer of the entirety of Plum's operations to New Jersey was completed by 2018, and after that time, Plum maintained no headquarters, offices, or operations in California. *Id.* at ¶ 6.

## III. THE N.D. CAL. CASES SHOULD BE TRANSFERRED TO NEW JERSEY

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. §1404(a). A court has discretion to transfer an action pursuant to Section 1404 "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted); *see also Ventress v. Japan Airlines*, 486 F.3d 1111, 1118-19 (9th Cir. 2007) (affirming transfer from California to Hawaii); *Hawkins*, 924 F. Supp. 2d at 1212, 1217 (transfer granted from California to New Jersey). Courts are "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."

[4] On March 31, 2021, Campbell announced that it was selling Plum to Sun-Maid Growers of California. Stewart Decl. at ¶ 7. The transaction is expected to close in early May 2021.

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and quotations omitted); *Hawkins*, 924 F. Supp. 2d at 1212–13. All of the N.D. Cal. cases unquestionably could have been brought in the District of New Jersey, where Campbell and Plum have and do maintain their principal places of business. Significantly, the convenience of the parties and witnesses, the feasibility of consolidation with other cases, the fact that venue and jurisdiction is improper in many of the N.D. Cal. Cases, and the interests of justice heavily favor transfer to the District of New Jersey.[5]

### A. The N.D. Cal. Cases "Could Have Been Brought" In New Jersey

An action could have been brought in any court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and where venue is proper. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). This threshold factor is easily satisfied for New Jersey, although the same is not true in this District.

***First***, for the same reason this Court has subject matter jurisdiction, the District of New Jersey has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d)(2), because the amount in controversy exceeds $5,000,000 and minimal diversity exists. *See, e.g., Gulkarov*, ECF No. 15 at ¶ 21.

***Second***, Campbell and Plum are properly subject to general personal jurisdiction in New Jersey because, at the time of filing the complaints, both entities maintained their principal places of business in Camden, New Jersey.[6] *See Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014).

[5] Plum anticipates that plaintiffs will argue that instead of transferring these cases to New Jersey, the District of New Jersey actions should instead be transferred here based on the first-to-file rule because *Gulkarov* was the first case (measured by a matter of days) filed against Plum. But there are two problems with that position. First, the New Jersey cases could not have been brought in the Northern District of California and thus transfer to this District would be improper. Second, the first-to-file rule is not dispositive because "[a] court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293 (N.D. Cal. 2013). Here, as discussed *infra*, because the balance of convenience factors overwhelmingly weigh in favor of transfer, the Court should decline to give any significant weight to the jurisdiction of the first-filed case based on the first-to-file rule.

[6] In contrast, there is no general jurisdiction over either Plum or Campbell in California. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Plum anticipates that plaintiffs will argue that the Court should disregard the actual physical location of Plum's principal place of business in favor of an erroneous filing with the California Secretary of State, mistakenly insinuating that Plum's principal place of business was in California long after it had

***Third***, venue is proper in a district where "any defendant resides, if all defendants are residents of the State." 28 U.S.C. § 1391(b)(1). A corporation is deemed to reside in any district in which it is subject to personal jurisdiction at the time that the action is commenced. 28 U.S.C. § 1391(c). Both Plum and Campbell are subject to personal jurisdiction in the District of New Jersey because their principal places of business are in Camden, New Jersey. Accordingly, venue of the N.D. Cal. Cases is appropriate in the District of New Jersey. To the contrary, venue is improper in the Northern District of California as to any case brought by a non-California plaintiff or any California plaintiff who did not purchase the challenged products in the Northern District of California.

**B. <u>Convenience And Fairness Factors Weigh In Favor Of Transfer</u>**

The convenience of the parties and witnesses also favors transfer. "In balancing the convenience of the witnesses, courts give primary consideration to non-party witnesses, as opposed to witnesses who are employees of a party to the litigation." *SA Music, LLC v. Apple, Inc.*, 2020 WL 8028613, at *3 (C.D. Cal. Nov. 12, 2020) (citation omitted). "[T]he court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses." *Knoll, Inc. v. Modway, Inc.*, 2020 WL 6784346, at *4 (Nov. 17, 2020 C.D. Cal.) (citation omitted); *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). Litigating in the district where Campbell and Plum's headquarters are located is more convenient for Campbell and Plum, the sole defendants in this case. Defendants and their employees, witnesses, and evidence are located in New Jersey. There is no evidence regarding Campbell and Plum, or the labeling and advertising at issue, located in California. Accordingly, the District of New Jersey is the most convenient forum for witnesses. Plaintiffs themselves are citizens of at least seven different states, including East Coast states such as Pennsylvania, Florida, Kentucky, and New York. Traveling to the District of New Jersey will be far less burdensome for many plaintiffs than travel to the Northern District of California. Moreover, even though some plaintiffs are

---

moved to New Jersey. Stewart Decl. ¶ 6. But a company's principal place of business is where it actually is, not where an erroneous piece of paper might say it is.

California citizens, they will not have nearly as significant a role as Campbell and Plum and their respective employees in discovery and any trial. As one California court explained in a similar case, "the gravamen of the Complaint is the falsity of the claims on the package, which would not be a subject of Plaintiff[]s['] testimony." *Jovel v. i-Health, Inc.*, 2012 WL 5470057, at *3 (C.D. Cal. Nov. 8, 2012).

Additionally, litigating all of the cases against Campbell and Plum in one venue would avoid inherent inconvenience associated with defending against the same or similar claims thousands of miles apart. *See Alexander v. Franklin Res., Inc.*, 2007 WL 518859, at *3 (N. D. Cal. Feb. 14, 2007) ("appearing in a single district is more convenient than appearing in two different districts on opposite coasts of the country"); *Fraser v. Genesco, Inc.*, 2011 WL 4566312, at *3 (E.D. Cal. Sept. 29, 2011) (finding transfer would be convenient for the parties and witnesses because "the potential consolidation of these actions in a single district would prevent all persons involved from having to travel to multiple venues . . . to litigate substantially similar, if not identical, claims").

Moreover, and as one court put it in its decision granting a 1404(a) transfer motion sending a baby food false advertising class action from California to New Jersey under a materially similar procedural and factual record:

> the Court cannot simply weigh the benefits and costs of California versus New Jersey as the forum for Plaintiff's case; instead, the question is whether this suit should be consolidated with *In re Gerber* in New Jersey, or whether it should proceed simultaneously – and separately – in California.

*Hawkins*, 924 F. Supp. 2d at 1213; *see also Burns*, 922 F. Supp. 2d at 1170-71 (same). Here, it's not a close call and the convenience factors weigh heavily in support of transfer.

Finally, because the alleged conduct underlying this case emanated from New Jersey, and New Jersey has as much interest in regulating the conduct of one of its corporations as California does in protecting its residents, transfer is appropriate. *See In R.A. v. Epic Games, Inc.*, 2019 WL 6792801, at *10, n.4 (C.D. Cal. July 30, 2019).

### C. Transfer Would Serve The Interests Of Justice

Transferring the N.D. Cal. Cases to the New Jersey would serve the interests of justice because multiple, similar cases are currently pending there. *Hawkins*, 924 F. Supp. 2d at 1214 ("five similar cases against Defendants have already been consolidated and are currently pending in the District of New Jersey"). The "interests of justice" inquiry, "which includes [considerations of] judicial economy, may be determinative to a particular transfer motion." *Puri v. Hearthside Food Sols, LLC*, 2011 WL 6257182, at *3 (C.D. Cal. Dec. 13, 2011). "The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor" because transfer would "facilitate[] efficient, economical and expeditious pre-trial proceedings and discovery and avoid duplicitous litigation and inconsistent results." *Id.* at *3 (citations omitted); *Sugarman v. Muddy Waters Cap. LLC*, 2021 WL 583220, at *8 (N.D. Cal. Feb. 16, 2021) ("[F]easibility of consolidation . . . has been held to weigh in favor of transfer where a related action is pending in the proposed transferee court and such transfer would avoid 'duplicitous litigation and inconsistent results.'") (citation omitted).

In addition to judicial economy, courts may consider other factors including "(1) the plaintiff's choice of forum, (2) the respective parties' contacts with the forum, (3) the contacts relating to the plaintiff's cause of action in the chosen forum, (4) the differences in the costs of litigation in the two forums, (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (6) the ease of access to sources of proof, and (7) the state that is most familiar with the governing law." *Knoll*, 2020 WL 6784346, at *2 (*citing Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000)) (citations omitted); *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 936 (N.D. Cal. 2020). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Apple*, 2020 WL 8028613, at *4.

***Judicial Economy.*** The N.D. Cal. Cases assert materially identical claims, and on behalf of identical national classes and substantially similar sub-classes, as the four cases currently pending in the District of New Jersey. Transfer to the District of New Jersey will thus conserve

judicial resources, avoid duplicative discovery, and remove the potential for inconsistent determinations on the same or similar issues. As stated in *Hawkins*:

> The Court finds that the transfer of this action to the District of New Jersey would serve the interest of justice due to the possible consolidation of discovery and the conservation of time, energy and money, and the avoidance of the possibility of inconsistent judgments.

*Hawkins*, 924 F. Supp. 2d at 1214.

Indeed, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Puri*, 2011 WL 6257182, at *3; *Alexander, Inc.*, 2007 WL 518859, at *3 ; *Fraser*, 2011 WL 4566312, at *3. Judicial economy strongly weighs in favor of transfer to New Jersey.

***Plaintiffs' Choice of Forum Is Not Entitled To Deference.*** Although courts typically afford some deference to a plaintiff's choice of forum, because plaintiffs here brought these cases as nationwide class actions on behalf of all Plum consumers, their choice of forum is entitled to minimum deference. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual . . . represents a class, the named plaintiff's choice of forum is given less weight"); *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs . . . all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened."); *Hawkins*, 924 F. Supp. 2d at 1214-15 ("reduced weight on plaintiff's choice of forum in class actions").

Finally, plaintiffs' choice of forum in the Northern District of California was based on the mistaken belief that Plum was located in this judicial district. *See* n.6. Because Plum and Campbell are not subject to general jurisdiction in California, this Court lacks personal jurisdiction over them with respect to the claims of the non-California named plaintiffs. *See Daimler AG*, 571 U.S. at 137; *Bristol-Myers Squibb Co. v. Sup. Ct.*, 137 S. Ct 1773, 1781 (2017); *Walden v. Fiore*, 571 U.S. 277, 286 (2014); *see also, e.g.*, *Hawkins*, 924 F. Supp. 2d at

1215 ("if the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight"). Consequently, the Court owes little, if any, deference to these plaintiffs' choice of forum. *See Benjamin v. Bixby*, 2009 WL 2171781, at *8 (E.D. Cal. July 21, 2009) (where "the Court has found that venue is not appropriate in the Eastern District of California . . .[,] Plaintiffs' choice of venue is not afforded deference").

***Familiarity With Governing Law***. While this Court may be more familiar with the California claims brought by certain plaintiffs, the N.D. Cal. Cases consist of claims brought under the laws of multiple states including New York, Florida, Kentucky, and Minnesota, with which the New Jersey Court would likely be at least equally familiar. What is more, "other federal courts are fully capable of applying California law" and routinely do so. *See Wallace v. Int'l Paper Co.*, 2020 WL 4938361, at *7 (C.D. Cal. July 2, 2020).

***The Parties' Contacts With The Forum Relating To The Causes Of Action***. Defendants have little to no relevant contacts with this forum because they are headquartered and maintain principal places of business in Camden, New Jersey. Thus, the alleged decision making and conduct relating to the alleged false advertising, and the related evidence, sits outside of this venue. *See Alesia v. Gojo Industries, Inc.*, 2020 WL 6826475, at *2 (C.D. Cal. Oct. 19, 2020) (granting motion to transfer because "[t]he conduct giving rise to Plaintiffs' claims [was] more closely tied to the" transferee district); *Hawkins*, 924 F. Supp. 2d at 1215 (Court agrees "that 'in a false advertising action, the heart of the matter lies where the marketing and manufacturing decisions were made, which is typically at Defendant's headquarters.'"); *Burns*, 922 F. Supp. 2d at 1171 (same).

In *Alesia*, the plaintiffs' claims arose "out of Defendant's marketing and advertising strategies – conduct that originated and occurred" at the defendant's headquarters. 2020 WL 6826475, at *2. The fact that the plaintiffs purchased the product at issue in the transferor district did "not outweigh the fact" that all of the alleged misconduct took place outside the transferor district. *Id.* (*citing In re Yahoo! Inc.*, 2008 WL 707405, at *9 (C.D. Cal. Mar. 10, 2008) ("this case turns on the allegedly false public statements and the decisions made by Yahoo!'s senior

management, which indisputably occurred at Yahoo!'s headquarters. Because Yahoo!'s headquarters is the 'factual center of this case, and the locus of all relevant decisionmaking,' plaintiffs' claims have stronger contacts with the Northern District.")) (citations omitted).

The same is true here. As in *Alesia, Hawkins* and *Burns*, the alleged conduct relevant to plaintiffs' claims (mislabeling of baby food) occurred, if at all, at Defendants' headquarters. As such, this factor too weighs in favor of transfer.

***Cost of Litigating, Ease of Access to Proof, and the Availability of Compulsory Process***. There is no reason to believe that the cost of litigating would not be similar between this Court and the District of New Jersey. *Cf. Alesia*, 2020 WL 6826475, at *2 ("The Court has no data on the difference in the costs of litigating in the two fora, particularly in light of the COVID-19 pandemic, and considers this factor to be neutral."). However, the cost of accessing proof and witnesses is likely to be more substantial *absent* transfer. As discussed above, many of the key witnesses and proof are more conveniently accessible from the District of New Jersey. Accessing those witnesses and proof from local districts is more convenient and less costly. For example, several of Campbell's former employees and third parties who have relevant information remain within the subpoena power of the District of New Jersey. To the extent compulsory process were required to secure their testimony, such process would be available from that district. As such, these factors weigh in favor of transfer.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court transfer the N.D. Cal. Cases to the District of New Jersey.

Dated: April 12, 2021

MAYER BROWN LLP
Dale J. Giali
Keri E. Borders

DECHERT LLP
Hope Friewald (*pro hac vice* to be filed)
Mark Cheffo (*pro hac vice* to be filed)

by: /s/ *Keri E. Borders*
Keri E. Borders
Attorneys for Defendants
PLUM, PBC and
CAMPBELL SOUP COMPANY