**MAYER BROWN LLP**
DALE J. GIALI (SBN 150382)
*dgiali@mayerbrown.com*
KERI E. BORDERS (SBN 194015)
*kborders@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:   (213) 229-9500
Facsimile:   (213) 625-0248

**DECHERT LLP**
HOPE FREIWALD (*pro hac vice* to be filed)
*hope.freiwald@dechert.com*
2929 Arch Street,
Philadelphia, PA 19104-2808
Telephone:   (215) 994-4000
Facsimile:   (215) 994-2222
MARK CHEFFO (*pro hac vice* to be filed)
*mark.cheffo@dechert.com*
1095 Avenue of the Americas,
New York, NY, 10036-6797
Telephone:   (212) 698-3500
Facsimile:   (212) 994-3599

Attorneys for Defendants PLUM, PBC,
(erroneously sued as PLUM, INC.) and
CAMPBELL SOUP COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| LUDMILA GULKAROV, JANINE TORRENCE, KELLY MCKEON, and JOSH CRAWFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLUM, PBC, and PLUM, INC., Delaware corporations,<br><br>Defendants. | Case No. 4:21-cv-00913-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>[*Motion to Transfer and Declaration of Keely J. Stewart filed concurrently herewith*]<br><br>Date: May 18, 2021<br>Time: 3:30 p.m.<br>Courtroom: 1 |

| | |
|---|---|
| 1   VANESSA MATHIESEN, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:21-CV-01763-YGR |
| 2 | |
| 3            Plaintiff, | |
| 4       v. | |
| 5   PLUM, PBC, | |
| 6            Defendant. | |

| | |
|---|---|
| 7   CINDY PEREIRA, on behalf of herself and a class of others similarly situated, | Case No. 4:21-CV-01767-YGR |
| 8 | |
| 9            Plaintiff, | |
| 10       v. | |
| 11   CAMPBELL SOUP COMPANY, and PLUM, PBC, | |
| 12            Defendants. | |
| 13 | |

| | |
|---|---|
| 14   AUTUMN ELLISON, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:21-CV-02015-YGR |
| 15 | |
| 16            Plaintiff, | |
| 17       v. | |
| 18   PLUM, PBC, and PLUM, INC., Delaware corporations, | |
| 19            Defendants. | |
| 20 | |

| | |
|---|---|
| 21   JESSICA DAVID and HEATHER AGE, individually, and on behalf of all others similarly situated, | Case No. 3:21-CV-02059-AGT |
| 22 | |
| 23            Plaintiff, | |
| 24       v. | |
| 25   PLUM, PBC.; and DOES 1 through 10, inclusive, | |
| 26            Defendants. | |
| 27 | |
| 28 | |

[PROPOSED] ORDER GRANTING MOTION TO TRANSFER

Before the Court is Defendants Plum, PBC and Campbell Soup Company's (collectively, the "moving defendants") motion to transfer venue to the District of New Jersey. Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the motion to transfer venue is **GRANTED**.

## I. THE CASES COULD HAVE BEEN BROUGHT IN THE TARGET DISTRICT

An action could have been brought in any court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and where venue is proper. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). This threshold factor is satisfied.

First, for the same reason this Court has subject matter jurisdiction, the District of New Jersey has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d)(2). *See, e.g.*, *Gulkarov v. Plum, PBC,* No. 4:21-cv-913, ECF. No. 15 at ¶ 21. Second, Campbell and Plum are properly subject to general personal jurisdiction in New Jersey because, at the time of filing the complaints, both entities maintained their principal places of business in Camden, New Jersey. *See Daimler AG v. Bauman,* 571 U.S. 117, 137-38 (2014). Third, venue is proper in a district where "any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(b)(1). Both Plum and Campbell are residents of New Jersey. Accordingly, venue of the N.D. Cal. Cases is appropriate in the District of New Jersey.

## II. SECTION 1404(A) FACTORS WEIGH IN FAVOR OF TRANSFER

(1) <u>Plaintiff's Choice of Forum</u>.

Because plaintiffs brought these cases as nationwide class actions on behalf of all Plum consumers, their choice of forum is entitled to minimum deference. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214-15 (S.D. Cal. 2013). Similarly, the Court owes little deference to plaintiffs' choice of forum because Plum and Campbell are not subject to general jurisdiction in California, and the Court lacks personal jurisdiction over them with respect to the claims of the non-California named plaintiffs. *See Benjamin v. Bixby*, 2009 WL 2171781, at *8 (E.D. Cal. July 21, 2009).

(2) <u>Convenience of the Parties and Witnesses</u>.

Litigating in the district where Campbell and Plum's headquarters are located is more convenient for Campbell and Plum, the sole defendants in this case. Plaintiffs themselves are citizens of at least seven different states, including East Coast states such as Pennsylvania, Florida, Kentucky, and New York. Traveling to the District of New Jersey will be far less burdensome than travel to the Northern District of California. Moreover, even though some plaintiffs are California citizens, they will not have nearly as significant a role as Campbell and Plum and their respective employees in discovery and any trial. *See Jovel v. i-Health, Inc.*, 2005 WL 2439197 (S.D. Cal. Sept. 28, 2005).

Additionally, litigating all of the cases against Campbell and Plum in one venue would avoid inherent inconvenience associated with defending against the same or similar claims thousands of miles apart. *See Alexander v. Franklin Resources, Inc.*, 2007 WL 518859, at *3 (N.D. Cal. Feb. 14, 2007).

Moreover, and as one court put it in its decision granting a 1404(a) transfer motion sending a baby food false advertising class action from California to New Jersey under a materially similar procedural and factual record:

> the Court cannot simply weigh the benefits and costs of California versus New Jersey as the forum for Plaintiff's case; instead, the question is whether this suit should be consolidated with *In re Gerber* in New Jersey, or whether it should proceed simultaneously – and separately – in California.

*Hawkins*, 924 F. Supp. 2d at 1213. The convenience factors weigh heavily in support of transfer.

(3) <u>The Interests Of Justice in Judicial Economy</u>.

Transferring the N.D. Cal. Cases to New Jersey would serve the interests of justice because multiple, similar cases are currently pending there. *See Hawkins*, 924 F. Supp. 2d at 1214. "The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor" because transfer would "facilitate[] efficiency, economical and expeditious pre-trial proceedings and discovery and avoid duplicitous litigation and inconsistent results." *Id*. at *10–11 (citations omitted).

The N.D. Cal. Cases assert materially identical claims, and on behalf of a substantially similar class, as the cases currently pending in the District of New Jersey. Transfer to the District of New Jersey will thus conserve judicial resources, avoid duplicative discovery, and remove the potential for inconsistent determinations on the same or similar issues. *See Hawkins*, 924 F. Supp. 2d at 1214. Indeed, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Puri*, 2011 WL 6257182, at *12.

Finally, because the alleged conduct underlying this case emanated from New Jersey, and New Jersey has as much interest in regulating the conduct of one of its corporations as California does in protecting its residents, transfer is appropriate. *See In R.A. v. Epic Games, Inc.*, 2019 WL 6792801 (C.D. Cal. July 30, 2019).

(4) <u>Familiarity With Governing Law</u>.

While this Court may be more familiar with the California claims brought by certain plaintiffs, the N.D. Cal. Cases consist of claims brought under the laws of multiple states including New York, Florida, Kentucky, and Minnesota, with which the New Jersey Court would likely be at least equally familiar. What is more, "other federal courts are fully capable of applying California law" and routinely do so. *See Wallace v. Int'l Paper Co.*, 2020 U.S. Dist. Lexis 157382 at *18-19 (C.D. Cal. Feb. 6, 2020).

(5) <u>The Parties' Contacts With The Forum Relating To The Causes Of Action</u>.

Defendants have little to no relevant contacts with this forum because they are headquartered and maintain their principal places of business in Camden, New Jersey. Thus, the alleged decision making and conduct relating to the alleged false advertising, and the related evidence, sits outside of this venue. *See Alesia v. Gojo Industries, Inc.*, 2020 WL 6826475, at *2 (C.D. Cal. Oct. 19, 2020).

In *Alesia*, the plaintiffs' claims arose "out of Defendant's marketing and advertising strategies – conduct that originated and occurred" at the defendant's headquarters. *Id*. The fact that the plaintiffs purchased the product at issue in the transferor district did "not outweigh the

fact" that all of the alleged misconduct took place outside the transferor district. *Id.* (*citing In re Yahoo! Inc.*, 2008 WL 707405, at *9 (C.D. Cal. Mar. 10, 2008). The same is true here.

  (6) <u>Cost of Litigating, Ease of Access to Proof, and the Availability of Compulsory Process</u>.

There is no reason to believe that the cost of litigating would not be similar between this Court and the District of New Jersey. *Cf. Alesia*, 2020 2020 WL 6826475, at *2 ("The Court has no data on the difference in the costs of litigating in the two fora, particularly in light of the COVID-19 pandemic, and considers this factor to be neutral."). However, the cost of accessing proof and witnesses is likely to be more substantial absent transfer. As discussed above, many of the key witnesses and proof are more conveniently accessible from the District of New Jersey. Accessing those witnesses and proof from local districts is more convenient and less costly.[1]

**III. CONCLUSION**

For the foregoing reasons, the court **GRANTS** the motion to transfer venue to the District of New Jersey.

**IT IS SO ORDERED.**

Dated: _____

                      Hon. Yvonne Gonzalez Rogers
                      United States District Court Judge

---

[1] "A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293 (N.D. Cal. 2013). Here, the New Jersey cases could not have been brought in the Northern District of California and thus transfer to this District would be improper. And, the first-to-file rule is not dispositive because here, as discussed, the balance of convenience factors overwhelmingly weigh in favor of transfer. The Court declines to give any significant weights to the jurisdiction of the first-filed case based on the first-to-file rule.