1
2
3
4
5
6
7

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
REBECCA A. PETERSON (241858)
ROBERT K. SHELQUIST
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
          rkshelquist@locklaw.com

Attorneys for Plaintiffs
[Additional Counsel on Signature Page]

8
9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

10
11
12
13
14
15
16
17
18

LUDMILA GULKAROV, JANINE
TORRENCE, KELLY MCKEON, and
JOSH CRAWFORD, Individually and on
Behalf of All Others Similarly Situated,

     Plaintiffs,

 v.

PLUM, PBC, and PLUM, INC., Delaware
corporations,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 21-cv-00913-YGR

**PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO MOTION TO
TRANSFER THESE RELATED CASES TO
THE UNITED STATES DISTRICT COURT,
DISTRICT OF NEW JERSEY**

Date:     May 18, 2021
Time:    3:30 p.m.
Courtroom: 1

19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

**STATEMENT OF ISSUES TO BE DECIDED**

1.   Is transfer of the related cases proper to the District of New Jersey?

2.   Are Plaintiffs entitled to discovery as to the presence and contacts of Plum, PBC to this District?

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................. 1

II.  SUMMARY OF FACTS AND PROCEDURAL HISTORY ................................. 2

III.  LEGAL STANDARD ........................................................................ 3

IV.  ARGUMENT ................................................................................ 4

    A.  First-Filed Rule Supports a Denial of Transfer ............................ 4

    B.  Movants Ignore Plum's Significant Contacts with the State of California. ................................................................................. 5

    C.  This District Is the Most Appropriate Forum and Transfer Does Not Serve the Interests of Justice. ............................................ 7

    D.  Transfer Does Not Promote Convenience and Efficiencies ........... 10

    E.  Alternatively, the Court should Permit Limited Discovery Relating to Venue. ................................................................... 11

V.  CONCLUSION ............................................................................. 12

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

CASES

*Am. W. Airlines, Inc. v. GPA Grp., Ltd.*,
   877 F.2d 793 (9th Cir.1989) ...................................................................................11

*Buckman-Falduti v. KinderCare Learning Centers, Inc.*,
   No. 08-cv-4778, 2009 WL 248247 (N.D. Cal. Feb. 2, 2009) .................................3, 4

*Cellectis S.A. v. Precision Biosciences, Inc.*,
   858 F. Supp. 2d 376 (D. Del. 2012)...........................................................................9

*Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*,
   472 F. Supp. 2d 1183 (S.D. Cal. 2007).......................................................................3

*Cypress Semiconductor Corp., Int'l Microcircuits v. Integrated Cir. Sys., Inc.*,
   No. 01-199-SLR, 2001 WL 1617186 (D. Del. Nov. 28, 2001) ...............................9

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986) .....................................................................................8

*Gator.Com Corp. v. L.L. Bean, Inc.*,
   341 F.3d 1072 (9th Cir. 2003) ...................................................................................1

*Green Aire for Air Conditioning W.L.L. v. Salem*,
   No. 118CV00873NONESKO, 2020 WL 4734909 (E.D. Cal. Aug. 14, 2020) ......10

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
   71 F. Supp. 2d 517 (E.D. Va. 1999) ..........................................................................8

*Italian Colors Rest. v. Am. Express Co.*,
   No. C 03-3719 SI, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003).........................8

*Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*,
   89 F.R.D. 497 (C.D. Cal. 1981) .................................................................................8

*Marshall v. Monster Beverage Corp.*,
   No. 14-CV-02203-JD, 2014 WL 3870290 (N.D. Cal. Aug. 6, 2014).......................8

*Mattero v. Costco Wholesale Corp.*,
   336 F. Supp. 3d 1109 (N.D. Cal. 2018) .....................................................................1

*Mobilitie Mgmt., LLC v. Harkness*,
   No. 816CV01747JLSKES, 2016 WL 10880151 (C.D. Cal. Nov. 28, 2016) ..........11

ii

*Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*,
298 F.R.D. 633 (S.D. Cal. 2014) ............................................................11

*Nat'l R.R. Passenger Corp. v. R. & R Visual, Inc.*,
No. CIV.A.05 822 GK, 2007 WL 2071652 (D.D.C. July 19, 2007) ............................9

*Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*,
No. 12CV911-IEG WMC, 2012 WL 2068728 (S.D. Cal. June 8, 2012) ................................1

*Plascencia v. Lending 1st Mortg.*,
No. C07-4485CW, 2008 WL 1902698 (N.D. Cal. Apr. 28, 2008)........................................12

*Rui Chen v. Premier Fin. All., Inc.*,
No. 18-CV-3771 YGR, 2019 WL 6911263 (N.D. Cal. Dec. 19, 2019) ................................3

*Smid v. Campbell Soup Co.*,
No. 1:21cv2417 (D.N.J.) ................................................................................2

*United States v. H & R Block, Inc.*,
789 F. Supp. 2d 74 (D.D.C. 2011) ...........................................................9

*Viera v. Mastercorp, Inc.*,
No. C-11-01794 JCS, 2011 WL 2181623 (N.D. Cal. June 2, 2011) .........................................3

*Ward v. Follett Corp.*,
158 F.R.D. 645 (N.D. Cal. 1994)............................................................4

STATUTES

28 U.S.C. §1404.....................................................................................3,7,11

Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*.....................................3

False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*....................................3

U.S. Digital Millennium Copyright Act ...............................................................6

Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*...................................3

OTHER AUTHORITIES

Debra Cassens Weiss, *Short-Handed New Jersey Federal Courts Have 6 Vacancies and a Huge Case Backlog*, ABA Journal (Mar. 18, 2021)....................................10

Emily Bader, *Hughes Center Report: N.J. District Court Has Huge Backlog of Cases*, ROI (May 22, 2020), https://bit.ly/2P6nLtX ..............................................10

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

Tracey Tully, *Judges Juggle Over 2,700 Cases Each as Families Wait for Day in Court,* N.Y. Times (Mar. 17, 2021) .........................................................................................10

iv

Plaintiffs Ludmila Gulkarov, Janine Torrence, Kelly McKeon, Josh Crawford, Vanessa Mathiesen, Jessica David, and Heather Age (collectively, "*Gulkarov* Plaintiffs") respectfully submit this memorandum of points and authorities in opposition to the motion to transfer venue filed by Defendants Plum, PBC's and/or Plum, Inc.'s (collectively, "Plum" or "Defendant") and Campbell Soup Company ("Campbell" or collectively, "Movants").[1]

## I.    INTRODUCTION

Movants rely upon faulty and contradictory arguments and disputed facts in claiming this Court is not the proper venue. First, Movants seek to transfer all related cases with the exception of the personal injury cases despite the fact that their arguments apply equally to the personal injury cases.[2] This demonstrates *all* related cases are properly venued here. Second, general jurisdiction may be found here as to Plum because it sells its products in California, engages in business in California as evidenced by its registration with the Secretary of State, and has numerous employees in California. This is sufficient even if Plum is not headquartered here on paper (a disputed representation as discussed below). *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1077 (9th Cir. 2003), *on reh'g en banc,* 398 F.3d 1125 (9th Cir. 2005) ("Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."). Additionally, the first-filed rule properly gives this forum priority. *See Mattero v. Costco Wholesale Corp.*, 336 F. Supp. 3d 1109, 1118 (N.D. Cal. 2018); *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12CV911-IEG WMC, 2012 WL 2068728, at *9 (S.D. Cal. June 8, 2012). Finally, the convenience of the witnesses and access to evidence

---

[1] Movant Campbell Soup Company is not named as a defendant in the *Gulkarov* Plaintiffs' Complaint and is named in only one of the four other actions Plum seeks to transfer.

[2] In fact, the plaintiffs in the personal injury cases are not residents of California.

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

and the interests of efficiency and justice do not weigh in favor of transferring this action to New Jersey.

For these reasons, the Court should not transfer any of the related cases. However, in the event the Court believes any question exists, Plaintiffs request that the Court deny the motion without prejudice and give Plaintiffs the opportunity to take discovery with respect to transfer-related issues such as Plum's factual assertions regarding its presence and contacts in this District and in the State of California.

## II.      SUMMARY OF FACTS AND PROCEDURAL HISTORY

Plaintiff Ludmila Gulkarov filed the first action in this District, indeed in any district, against Plum on February 5, 2021.  A week later, *Smid v. Campbell Soup Co.,* No. 1:21cv2417 (D.N.J.) was filed in the District of New Jersey. Since the filing of the Gulkarov complaint, this Court has consolidated two consumer class cases, related an additional four consumer class cases, and related two personal injury cases and one RICO case. *See* Dkts. 14, 22, 27, 33, 36, 46. All these cases involve allegations that concern the presence of heavy metals in Plum's baby food products, and all have alleged that Plum was headquartered in this District until the filing of this case. However, Plum has only sought to transfer the consumer class cases.

This action alleges that Plum engaged in misleading and false advertising by misrepresenting and/or omitting the presence of heavy metals and/or perchlorate in its baby food's packaging and advertising, for products sold throughout the United States, including this District. Consolidated Class Action Complaint ("Complaint"), Dkt.  15, ¶ 1. The *Gulkarov* Plaintiffs allege that Plum has been knowingly, recklessly, and/or negligently selling baby foods that contain arsenic, mercury, cadmium, lead, and/or perchlorate. *Id.*, ¶ 11. Despite this, Plum states that it uses "organic, non-GMO, whole and simple ingredients" and its products are

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

"always made without genetically modified ingredients." *Id.*, ¶ 5. Plum's packaging and labels further emphasize the quality and safety of its ingredients and claim its products are organic and made from recipes free of any unnatural ingredients. *Id.*, ¶ 6. Their labeling claims are false, misleading, and deceptive and violate the common law and consumer protection statutes of a number of states.

The *Gulkarov* Plaintiffs bring these claims against Plum, seek recovery on behalf of a nationwide class and subclasses of consumers in the states where they reside—California, New York, Minnesota, Pennsylvania, Kentucky, and Florida. In addition to common law claims, Plaintiffs bring claims under those states' consumer protection statutes, including California's Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL").  Dkt. 15, ¶¶ 126-29, 164-87. The plaintiffs in the four other matters Plum seeks to transfer from this District bring similar claims, and, notably for purposes of Plum's motion, two of those plaintiffs are from California, and an Oregonian plaintiff brings CLRA, FLA, and UCL claims.

## III.   LEGAL STANDARD

"Under section 1404(a), a district court has discretion to transfer an action to another forum." *Rui Chen v. Premier Fin. All., Inc.,* No. 18-CV-3771 YGR, 2019 WL 6911263, at *2 (N.D. Cal. Dec. 19, 2019). "The burden of showing that transfer is appropriate is on the moving party." *Viera v. Mastercorp, Inc.*, No. C-11-01794 JCS, 2011 WL 2181623, at *2 (N.D. Cal. June 2, 2011). Movants "must show, among other things, that "transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Buckman-Falduti v. KinderCare Learning Centers, Inc.*, No. 08-cv-4778, 2009 WL 248247, at *2 (N.D. Cal. Feb. 2, 2009) (quoting *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d

1183, 1189–1190 (S.D. Cal. 2007)). Transfer is not appropriate unless: "(1) that court is one where the action might have been brought; (2) the transfer serves the convenience of the parties; and (3) the transfer will promote the interests of justice." *Id*. at *1. "Plaintiffs' choice of forum is generally given great weight." *Id*.

## IV.   ARGUMENT

### A.   First-Filed Rule Supports a Denial of Transfer

There is a strong presumption across federal circuits that favors the forum of the first-filed suit under the first-filed rule. Under the first-filed principle, three factors are considered: the chronology of the two actions, the similarity of the parties, and the similarity of the issues. *Ward v. Follett Corp.*, 158 F.R.D. 645, 648  (N.D. Cal. 1994). Here, this case was filed first in this District. Moreover, the parties and issues are largely the same. All of the consumer class actions pending in this District and the District of New Jersey name Plum as a defendant (some also name Plum's parent company, Campbell), and all revolve around the inclusion (or risk) of heavy metals in Plum's baby food products and Plum's related misleading or deceptive misrepresentations and omissions. With substantially the same parties and issues, transfer to the District of New Jersey without the necessary showing of compelling circumstances would contradict the strongly favored first-filed rule.

Movants maintain there is not general jurisdiction, so the first-filed rule is inapplicable because they are each headquartered in New Jersey. As discussed below, Plum's own filings, website statements, and employees' locations at the time of filing contradict Movants' position that Plum did not do business in California and in fact shows a continuous connection to California through present date. *See* Declaration of Rebecca A. Peterson ("RAP Dec."), Exs. A-

C. Moreover, Campbell has two manufacturing plants currently operating in California and it has been reported that:

> 95 percent of all Campbell's ingredients that are subsequently packaged at Campbell's factories throughout North America come from its two California processing plants: The slightly bigger one in Dixon and one to the south in Stockton.

*See Id.,* Exs. D-E.  This demonstrates systematic and continuous activity in California for both Plum and Campbell.

### B.      Movants Ignore Plum's Significant Contacts with the State of California.

The crux of Movants' arguments purposefully ignores the fact that Plum has always been and continues to be California-based in order to misdirect the Court into focusing on the location of Plum's (current) parent company, Campbell. For several reasons, this position is untenable. As discussed above, Movants' efforts to raise doubt as to general personal jurisdiction in this Court are without merit. Additionally, specific personal jurisdiction exists based on Plum's significant contacts with California. Prior to these lawsuits being filed in California (and Movants deciding they preferred a different forum), one would have had no reason to doubt Plum's connection to California. Earlier this year, on January 27, 2021, Plum filed a "Corporation - Statement of Information" with the California Secretary of State, disclosing its principal office located as 1485 Park Avenue, Emeryville, California 94608. RAP Dec., Ex. A. Movants conveniently now allege that this was an erroneous filing, Defendants Plum, PBC and Campbell Soup Company's Notice of Motion and Motion to Transfer These Related Cases to the United States District Court, District of New Jersey; Memorandum of Points and Authorities in Support ("Defts' Mem.") at 6, yet numerous other records demonstrate Plum's presence in

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

California. Just last month (March 2021), Plum Organics' website contained a "Terms of Use" subpage and declared:

> These Terms shall be governed by and construed in accordance with the laws of the State of California in the United States, without regard to conflicts of law principles, and regardless of your country of origin. You hereby consent and submit to the exclusive jurisdiction and venue of federal and state courts located in Alameda County, California for any legal proceeding directly or indirectly arising out of or relating to this website or these Terms.

RAP Dec., Ex. B.  Plum's "Terms of Use" subpage also provided that Plum, PBC's principal office address, for general contact and U.S. Digital Millennium Copyright Act notices, was 1485 Park Ave. #200, Emeryville, California 94608.  *Id.*

Also as of March 2021, RocketReach.co, a web-based tool for finding contact information for professionals using real-time verified data, listed Plum as a company based at 1485 Park Ave. #200, Emeryville, California 94608. *See* RAP Dec., Ex. C. RocketReach.co also identified numerous Plum employees based in California, including a Senior Accountant, a Senior Production Specialist, a Senior Manager – Head of Nutrition and Regulatory, Senior Marketing Associate, and the Vice President of Supply Chain. Notably, two of those employees are part of Plum's management: Marilyn Wong (Senior Accountant) and Agatha Lee (Senior Production Specialist). *Id.* RocketReach.co also identified at least 16 Plum employees as being present in California.  *Id.*

Linkedin.com, a business and employment-oriented online networking service, also demonstrates Plum's significant presence in California. The LinkedIn profile of Neil Grimmer, the founder of Plum Organics, declares that he was the "Co Founder & Chairman of Plum, PBC

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

A Public Benefit Corporation" from January 2016 through March 2019 in Emeryville, California.[3] Erica Robinson, Plum's Associate Brand Manager and Marketing Manager since October 2013 and March 2015, resides in Mountain View, California.[4]  Her Plum employment, which is indicated as current, is based in Emeryville, California.  Lynn Ly, Plum's Category Manager since August 2015, resides in Oakland, California.[5] Her current Plum employment is still listed in the San Francisco Bay Area.[6] Finally, Campbell has two manufacturing plants in California, including in Dixon, California, where it manufactures 95% of its ingredients. RAP Dec., Exs. D-E.

Movants' assertion that they have little to no relevant contacts with this forum is demonstrably untrue. Plum conducts substantial business in this District, Plum has intentionally availed itself of the laws and markets of this District, and Plum is subject to specific personal jurisdiction in this District. Both during the class period and at the time the *Gulkarov* Plaintiffs purchased the Plum products at issue, Plum was indisputably headquartered in this District. Thus, Plum has failed to satisfy its burden of establishing that the *Gulkarov* Plaintiffs' lawsuits could even have been brought in New Jersey, a threshold requirement under § 1404(a).

C.    **This District Is the Most Appropriate Forum and Transfer Does Not Serve the Interests of Justice.**

The *Gulkarov* Plaintiffs are entitled to choose where to file suit and, absent a strong showing of inconvenience, their choice of forum should be afforded all deference where, as here, they filed in the district where Plaintiff Gulkarov resides and the district that has a significant

---

[3] https://www.linkedin.com/in/neilgrimmer/

[4] https://www.linkedin.com/in/erica-robinson-21a11645/

[5] https://www.linkedin.com/in/lynnmly/

[6] *Id.*

1    connection with the subject matter of the case. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l*

2    *Football League*, 89 F.R.D. 497, 499–500 (C.D. Cal. 1981); *Decker Coal Co. v. Commonwealth*

3    *Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986); *see also GTE Wireless, Inc. v. Qualcomm, Inc.*,

4    71 F. Supp. 2d 517, 519 (E.D. Va. 1999) ("[A] plaintiff's choice of its home forum is given

5    more weight than its choice of a foreign forum.").

6       Currently, there are five class action lawsuits pending in the Northern District of

7    California and four in the District of New Jersey. Three of the five related class action lawsuits

8    pending in the Northern District of California are brought by plaintiffs who are citizens and

9    residents of the State of California. Notably, the first lawsuit filed against Plum was by a citizen

10    of the State of California, Ludmila Gulkarov. Dkt. 15; ¶ 23. It is more convenient for the

11    *Gulkarov* Plaintiffs, and members of the California sub-class they seek to represent, for this

12    matter to be heard in California. Movants argue that Plaintiffs' choice of forum in this District is

13    "entitled to minimum deference" because Plaintiffs are pursuing claims on behalf of a nationwide

14    class. Defts' Mem. at 10. But, in addition to glossing over the significant connection of Plum to

15    California, they ignore that Plaintiffs also pursue claims on behalf of a subclass of California

16    citizens.

17       When Courts are less deferential to a class action plaintiff's choice of forum, it is typically

18    to guard against forum shopping or efforts to take advantage of favorable local rules. *Italian*

19    *Colors Rest. v. Am. Express Co.*, No. C 03-3719 SI, 2003 WL 22682482, at *4 (N.D. Cal. Nov.

20    10, 2003));*Marshall v. Monster Beverage Corp.*, No. 14-CV-02203-JD, 2014 WL 3870290, at *2

21    (N.D. Cal. Aug. 6, 2014)). There is nothing to suggest forum shopping here, nor was this District

22    selected because of its local rules. The *Gulkarov* Plaintiffs selected this district because: (i)

23    Plaintiff Gulkarov resides here; (ii) the Complaint asserts violations of California law; and (iii)

8

there is a strong correlation between the wrongful conduct alleged in the Complaint and this forum. Although Movants would have this Court believe otherwise, Plum's contacts with California are many, and its actions in California relate directly to Plaintiffs' claims.

While Plum's parent company (Campbell) may be currently headquartered in New Jersey, and Plum alleges that, after 2018, it maintained no operations in California, Defts' Mem. at 5, the numerous public records detailed above demonstrate Plum's continued operations in California as recently as March 2021. Not only that, but on March 31, 2021, Campbell announced that it was selling Plum to Sun-Maid Growers of California ("Sun-Maid"). The transaction is expected to close in early May 2021, and Sun-Maid is headquartered in Fresno, California. After this acquisition, it is unclear whether the District of New Jersey will even arguably be a proper forum, much less a convenient one.

Based on public records research, there appears to be numerous witnesses in this District that will have information relevant to the claims in these class action lawsuits. Similarly, given the number of Plum witnesses who reside in California, documents are likely to also be housed in California.  In addition, the use of electronic discovery means has reduced the burden of the physical location of documents. As technology has "shortened the time it takes to transfer information, reduced the bulk or size of documents or things on which information is recorded … and have lowered the cost of moving that information from one place to another" alleged convenience issues relating to the location of documentary evidence are given little weight. *Cypress Semiconductor Corp., Int'l Microcircuits v. Integrated Cir. Sys., Inc.*, No. 01-199-SLR, 2001 WL 1617186, at *3 (D. Del. Nov. 28, 2001) (internal quotation marks and citation omitted); *see also Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 382 (D. Del. 2012); *United States v. H & R Block, Inc.*, 789 F. Supp. 2d 74, 83 (D.D.C. 2011) (citing *Nat'l R.R. Passenger Corp. v. R.*

9

*& R Visual, Inc.*, No. CIV.A.05 822 GK, 2007 WL 2071652, at *6 (D.D.C. July 19, 2007) ("[T]echnological advances have significantly reduced the weight of the ease-of-access-to-proof factor.").

Finally, a court should consider "'the administrative difficulties flowing from court congestion.'" *Green Aire for Air Conditioning W.L.L. v. Salem,* No. 118CV00873NONESKO, 2020 WL 4734909, at *6 (E.D. Cal. Aug. 14, 2020) (citations omitted). And that should "center[] on whether a trial may be speedier in another court because of its less crowded docket." *Id.* Critical to the Motion here, the District of New Jersey's courts are "in the throes of a crisis" because "one-third of its judicial seats are vacant and have been for years, leaving each seated judge with a pending caseload that is well over three times the national average."[7] Based upon the judicial vacancies in the District of New Jersey, the backlog of pending cases per judgeship are up 230% since 2016.[8] This factor shows transfer to the District of New Jersey is improper and certainly not in the best interest of the Plaintiffs or the putative classes.

### D.   Transfer Does Not Promote Convenience and Efficiencies

Movants ignore the role that witnesses other than Campbell employees will likely play in this case.[9] There is nothing convenient about a California plaintiff being forced to travel to New Jersey to appear at proceedings in a case about products sold to her in California by a California

---

[7] Debra Cassens Weiss, *Short-Handed New Jersey Federal Courts Have 6 Vacancies and a Huge Case Backlog,* ABA Journal (Mar. 18, 2021), https://www.abajournal.com/news/article/short-handed-new-jersey-federal-courts-have-six-vacancies-and-a-huge-case-backlog

[8] *See* Emily Bader, *Hughes Center Report: N.J. District Court Has Huge Backlog of Cases,* ROI (May 22, 2020), https://bit.ly/2P6nLtX; *see also* Tracey Tully, *Judges Juggle Over 2,700 Cases Each as Families Wait for Day in Court,* N.Y. Times (Mar. 17, 2021); https://www.nytimes.com/2021/03/17/nyregion/federal-court-nj-judges.html.

[9] Critically, Movants do not affirmatively claim that Plum or Campbell do not have employees located in California.

10

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

company that employs Californians and maintains manufacturing facilities located in California. And, the inconvenience to Plaintiff Gulkarov and the other California plaintiffs is far greater than any alleged inconvenience to the corporate employees of a company with hundreds of employees located around the country, including in California. The California Plaintiffs are individuals with limited resources and forcing them to take off weeks or months for depositions and trial in New Jersey is far more inequitable than having a few corporate employees travel to California on the few days they will testify—particularly since Plum and Campbell still have continuous and substantial business activity in California.    *Cf. Mobilitie Mgmt., LLC v. Harkness*, No. 816CV01747JLSKES, 2016 WL 10880151, at *5 (C.D. Cal. Nov. 28, 2016) (the relative financial resources of the parties is an appropriate consideration in resolving a Section 1404(a) motion; an individual defendant who would have to travel to California to defend an action would suffer greater hardship than the employees of a large private company).

### E.    Alternatively, the Court should Permit Limited Discovery Relating to Venue.

If the representations made by Movants as to the location of significant witnesses and documents have created open questions for the Court, the *Gulkarov* Plaintiffs respectfully request that the Court permit them to conduct venue-related discovery prior to the Court ruling on the Motion. *See Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 641 (S.D. Cal. 2014) ("Generally, where 'pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed.'") (quoting *Am. W. Airlines, Inc. v. GPA Grp., Ltd.,* 877 F.2d 793, 801 (9th Cir.1989)).

Significantly, the focus of the lawsuits is the conduct of Plum, which appeared squarely centered in California when the *Gulkarov* Plaintiffs filed their Complaint.  Indeed, none of the present class action lawsuits were brought solely against Campbell, the purported connection to

11

New Jersey; in fact, Campbell is named as a defendant in only one. Moreover, the upcoming announced sale of Plum by Campbell to Sun-Maid calls further into question whether transfer will provide any conveniences to the parties or witnesses, be in the interests of justice, or would be proper at all. Discovery related to Plum's contacts and connections with this District would provide further guidance as to these issues. Plaintiffs have served discovery already as to these issues. RAP Dec., EX. F (Requests for Production 23, 25-27).

## V.       CONCLUSION

Courts have long recognized that "it is not appropriate to transfer a case on convenience grounds when the effect would be simply to shift the inconvenience from one party to another." *Plascencia v. Lending 1st Mortg.,* No. C07-4485CW, 2008 WL 1902698, at *9 (N.D. Cal. Apr. 28, 2008).   That is all that a transfer to the District of New Jersey would accomplish here— moving the litigation from a state with weighty contacts, the home district of three plaintiffs, and the state where Plum violated California laws, to New Jersey simply because Movants complain that California is inconvenient to them.   For all of the foregoing reasons, the *Gulkarov* Plaintiffs respectfully request that that the Court deny the motion to transfer this action.

Dated:  April 26, 2021

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
ROBERT K. SHELQUIST
REBECCA A. PETERSON

By:  s/  Rebecca A. Peterson

100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile:  (612) 339-0981
E-mail: rkshelquist@locklaw.com
            rapeterson@locklaw.com

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITE DEPALMA GREENBERG, LLC
Joseph DePalma
Susana Cruz Hodge
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: jdepalma@litedepalma.com
      scruzhodge@litedepalma.com

CUNEO GILBERT & LADUCA, LLP
Charles Laduca
Katherine Van Dyck
C. William Frick
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone:(202) 789-3960
Facsimile:  (202) 789-1813
E-mail: charles@cuneolaw.com
      kvandyck@cuneolaw.com
      bill@cuneolaw.com

GUSTAFSON GLUEK PLLC
Daniel E. Gustafson
Amanda M. Williams
Mary M. Nikolai
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
E-mail: dgustafson@gustafsongluek.com
      awilliams@gustafsongluek.com
      mnikolai@gustafsongluek.com

GUSTAFSON GLUEK PLLC
Dennis Stewart (SBD 99152)
600 B Street
17th Floor
San Diego, CA 92101
Telephone: (619) 595-3299
E-mail: dstewart@gustafsongluek.com

13

WEXLER WALLACE, LLP
Kenneth A. Wexler
Kara A. Elgersma
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
E-mail: kaw@wexlerwallace.com
      kae@wexlerwallace.com

TAUS, CEBULASH & LANDAU, LLP
Kevin Landau
Miles Greaves
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
E-mail: klandau@tcllaw.com
      mgreaves@tcllaw.com

SALTZ, MONGELUZZI, & BENDESKY, P.C.
Simon B. Paris
Patrick Howard
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 575-3895
E-mail: sparis@smbb.com
      phoward@smbb.com

SAUDER SCHELKOPF
Matthew D. Schelkopf
Lori G. Kier
Davina C. Okonkwo
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
E-mail: mds@sstriallawyers.com
      lgk@sstriallawyers.com
      dco@sstriallawyers.com

14

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

CALCATERRA POLLACK LLP
Michael Liskow
Janine L. Pollack
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Telephone: (917) 899-1765
E-mail: mliskow@calcaterrapollack.com
        jpollack@calcaterrapollack.com

GEORGE GESTEN MCDONALD, PLLC
Lori G. Feldman
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: LFeldman@4-Justice.com
E-service: eService@4-Justice.com

GEORGE GESTEN MCDONALD, PLLC
David J. George
Brittany L. Brown
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Telephone: (561) 232-6002
E-mail: DGeorge@4-Justice.com
E-service: eService@4-Justice.com

CARLSON LYNCH LLP
Todd D. Carpenter (234464)
Scott G. Braden (305051)
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone: (619) 762-1900
E-mail: tcarpenter@carlsonlynch.com
        sbraden@carlsonlynch.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR