**MAYER BROWN LLP**
DALE J. GIALI (SBN 150382)
*dgiali@mayerbrown.com*
KERI E. BORDERS (SBN 194015)
*kborders@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone:    (213) 229-9500
Facsimile:    (213) 625-0248

**DECHERT LLP**
HOPE FREIWALD (admitted *pro hac vice*)
*hope.freiwald@dechert.com*
2929 Arch Street,
Philadelphia, PA 19104-2808
Telephone:    (215) 994-4000
Facsimile:    (215) 994-2222
MARK CHEFFO (admitted *pro hac vice*)
*mark.cheffo@dechert.com*
1095 Avenue of the Americas,
New York, NY, 10036-6797
Telephone:    (212) 698-3500
Facsimile:    (212) 994-3599

Attorneys for Defendants PLUM, PBC,
(erroneously sued as PLUM, INC.) and
CAMPBELL SOUP COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| LUDMILA GULKAROV, JANINE TORRENCE, KELLY MCKEON and JOSH CRAWFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PLUM, PBC, and PLUM, INC., Delaware corporations,<br><br>Defendants. | Case No. 4:21-cv-00913-YGR<br><br>Honorable Yvonne Gonzalez Rogers<br><br>**DEFENDANTS PLUM, PBC AND CAMPBELL SOUP COMPANY'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY**<br><br>Date: May 18, 2021 (hearing vacated)<br>Time: 3:30 p.m.<br>Courtroom: 1 |

741326241

| | | |
|---|---|---|
| 1 | VANESSA MATHIESEN, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:21-cv-01763-YGR |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | PLUM, PBC, | |
| 5 | Defendant. | |
| 6 | | |
| 7 | CINDY PEREIRA, on behalf of herself and a class of others similarly situated, | Case No. 4:21-cv-01767-YGR |
| 8 | Plaintiff, | |
| 9 | v. | |
| 10 | CAMPBELL SOUP COMPANY, and PLUM, PBC, | |
| 11 | | |
| 12 | Defendants. | |
| 13 | | |
| 14 | AUTUMN ELLISON, Individually and on Behalf of All Others Similarly Situated, | Case No. 4:21-cv-02015-YGR |
| 15 | Plaintiff, | |
| 16 | v. | |
| 17 | PLUM, PBC, and PLUM, INC., Delaware corporations, | |
| 18 | Defendants. | |
| 19 | | |
| 20 | JESSICA DAVID and HEATHER AGE, individually, and on behalf of all others similarly situated, | Case No. 4:21-cv-02059-YGR |
| 21 | | |
| 22 | Plaintiff, | |
| 23 | v. | |
| 24 | PLUM, PBC.; and DOES 1 through 10, inclusive, | |
| 25 | | |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |

741326241

I. **INTRODUCTION**

Defendants' motion to transfer the N.D. Cal. Cases to the District of New Jersey should be granted. Plaintiffs in two of the N.D. Cal. Cases – *Pereira* and *Ellison* – did not even oppose transfer. The remaining plaintiffs (the "Gulkarov Plaintiffs") failed to present any credible arguments as to how the convenience of the parties or the interests of justice would be served by denying transfer. Moreover, the Gulkarov Plaintiffs ignore *the* central point of the transfer motion: without transfer, consumer class actions litigating the same issues will be pending simultaneously in two venues – N.D. Cal. *and* D.N.J. That result provides no benefit to any of the plaintiffs, prejudices defendants, invites duplication and inconsistent rulings, and, significantly, does nothing to alleviate any burden on the District of New Jersey.

Rather than grapple with the significant practical and legal issues created by having overlapping class actions simultaneously pending in multiple jurisdictions, the opposition rests on the first-to-file rule, claiming that because *Gulkarov* was filed five days prior to *Smid*, the motion to transfer should be denied. The Gulkarov Plaintiffs are wrong; not only do they fail to demonstrate that the first-to-file rule applies, but, separately, how it overcomes the factors that weigh heavily in favor of transfer to the District of New Jersey. Additionally, the first-to-file rule offers no solution to the fundamental problem that the New Jersey cases *cannot* be transferred to N.D. Cal. That, in turn, means that – unlike this transfer motion – the first-to-file rule does nothing to remedy the untenable result of simultaneous, multi-district litigation.

All of this goes a long way toward explaining why the bulk of the opposition shifts to a largely beside-the-point argument that defendants are subject to specific and general jurisdiction in California. But, these legally invalid and factually suspect jurisdictional arguments miss (again) the issue that the New Jersey cases and claims brought by non-California plaintiffs cannot be brought in N.D. Cal., ensuring that, if the Gulkarov Plaintiffs defeat this motion, largely identical class actions will be litigated simultaneously on both coasts. Once these jurisdictional arguments are placed in proper context, the answer to the fundamental issue raised by the motion to transfer – whether the balance of convenience factors and the interest of justice favor transfer to New Jersey – is an unqualified yes.

## II. LEGAL ARGUMENT

### A. The Gulkarov Plaintiffs Fail To Show The First-Filed Rule Should Apply

Although the Gulkarov Plaintiffs rest on the first-to-file rule to oppose transfer, the opposition is strangely devoid of factual or legal argument supporting its application. *See Schwartz v. Frito-Lay N.Am.*, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues). Rather, with a figurative wave-of-the-hand, the Gulkarov Plaintiffs say that *Gulkarov* was filed first in N.D. Cal. and that the "parties and issues are largely the same" because Plum is named as a defendant. Opp. at 4.

The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "A court may, in its discretion, decline to apply the first-to-file rule in the interests of equity or where the Section 1404(a) balance of convenience weighs in favor of the later-filed action." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1293 (N.D. Cal. 2013).

Setting aside *Gulkarov*'s de minimis head start[1] and focusing on issues of significance to this transfer motion, there are differences between the parties in the N.D. Cal. and New Jersey cases that provide a material basis against application of the first-to-file rule, and in favor of transfer to New Jersey. As summarized below (*see also* Mot. to Transfer at 3-4), there is no overlap between the residency of the class representatives and the classes they seek to represent,

---

[1] The *Gulkarov* complaint was filed on February 5, a mere six days before *Smid* (D.N.J.). This short period does not present a compelling case for applying the first-to-file rule, especially under the record here of cases on both coasts. *See Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 666 (N.D. Cal. 2003) (where the initial action was filed only two days before the second, the importance of the earlier filing date was diminished); *see also Glover v. Ferrero USA, Inc.*, 2011 WL 5007805, at *5 (D.N.J. Oct. 20, 2011) ("Applying the first-filed rule here . . . the Court notes that the cases were only filed three weeks apart; thus, while technically the California action was filed first, the cases were filed chronologically close in time"); *Recoton Corp. v. Allsop, Inc.*, 999 F. Supp. 574, 577 (S.D.N.Y. 1998) (rejecting first-to-file rule where two days separated the two actions with no appreciable progress in first-filed action).

and, additionally, Campbell Soup is a defendant in *all* New Jersey cases, but in only *one* N.D. Cal. case (*Pereira*):

| Classes Represented in N.D. Cal. Cases | Classes Represented in New Jersey Cases |
|---|---|
| *Gulkarov v. Plum*: California, New York, Minnesota, Pennsylvania | *Smid v. Campbell Soup*: Illinois |
| *Ellison v. Plum*: Oregon | *Chase v. Campbell Soup*: South Carolina |
| *David v. Plum*: Florida, Kentucky | *Baccari v. Campbell Soup*: Massachusetts, North Carolina, Ohio, Texas |
| *Pereira v. Plum* and *Mathiesen v. Plum*: California | *E. Smith v. Campbell Soup*: New Jersey |

Without reconciling these differences and how they impact the transfer issues, the Gulkarov Plaintiffs have failed to demonstrate that the first-to-file rule should govern this motion. Defendants' transfer motion, however, does exactly that.

**B.    The First-To-File Rule Does Not Govern Here Because The Convenience Of The Parties And The Interests Of Justice Strongly Favor Transfer**

Even if the Gulkarov Plaintiffs met their burden of showing that the first-to-file rule could be considered, its application is entirely discretionary. *See Hawkins v. Gerber Products*, 924 F. Supp. 2d 1208, 1217 (S.D. Cal. 2013) (because "interests of justice weigh in favor of transfer[] . . . , Court . . . does not consider . . . first-to-file argument"); *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, 2012 WL 2068728, at *8 (S.D. Cal. June 8, 2012). Here, the balance of justice, and convenience and fairness factors overwhelmingly weigh in favor of transfer to New Jersey, and against a ruling in favor of the venue of the first-filed case.

One key fact supports every single factor that the Court must consider in determining whether to transfer: the New Jersey actions will proceed independent of whether the N.D. Cal. Cases are transferred or remain here. As the district court in *Hawkins v. Gerber Products* explained, that means this not a "binary 'either-or' transfer motion" because the District of New Jersey actions "will continue in New Jersey regardless of the outcome of this transfer motion."

3

741326241

924 F. Supp. 2d at 1213. While the Gulkarov Plaintiffs would have this Court only weigh the benefits and costs of California versus New Jersey as the forum for a sub-section of the cases, the more salient question is the one that the *Hawkins* court recognized: "whether this suit should be consolidated with [the New Jersey actions] in New Jersey or whether it should proceed simultaneously—and separately—in California." *Id.; accord Burns v. Gerber Prods. Co.*, 922 F. Supp. 2d 1168, 1170-71 (E.D. Wash. 2013). The Gulkarov Plaintiffs fail to acknowledge, much less distinguish, the decisions defendants identified granting transfer based on interest of justice factors. It's *those* factors that should govern here and, for each of the reasons stated in the moving papers, those factors weigh heavily in favor of transfer.

*Judicial economy.* The Gulkarov Plaintiffs ignore the judicial economy inherent in having the Plum and Campbell Soup cases decided in one court and instead argue that the N.D. Cal. Cases should not be transferred because New Jersey's courts are in crisis due to judicial vacancies and a backlog of pending cases.[2] But denial of this transfer motion will do absolutely nothing to address the backlog in the District of New Jersey or reduce the burden on that court with respect to baby food heavy metal cases because the New Jersey cases – likely in the form of a consolidated complaint – will proceed in New Jersey regardless the outcome of this motion. If the N.D. Cal. Cases are transferred to New Jersey, the transfer will not create additional work for New Jersey courts; the N.D. Cal. Cases raise duplicative legal and factual issues, can easily be consolidated with the New Jersey cases, and all can be litigated in one action.

Finally, the Gulkarov Plaintiffs' argument that it will take longer to decide the cases if they are transferred to New Jersey is not well taken. According to the United States District Courts – National Judicial Caseload Profile, as of September 30, 2020, in the District of New Jersey, the median time from filing to disposition in civil cases was 9.9 months, and from filing

---

[2] We note that since March 30, 2021, President Biden has made three nominations to the District of New Jersey. See https://www.whitehouse.gov/briefing-room/statements-releases/2021/03/30/president-biden-announces-intent-to-nominate-11-judicial-candidates/ and https://www.whitehouse.gov/briefing-room/statements-releases/2021/04/29/president-biden-announces-second-slate-of-judicial-nominees/. If confirmed, the nominees would fill three of the six vacancies in the District of New Jersey. See https://www.insidernj.com/press-release/menendez-booker-applaud-nomination-attorney-christine-p-ohearn-u-s-district-court-nj/ (last accessed May 1, 2021).

to trial in civil cases was 37.1 months. Conversely, in the Northern District of California, the median time from filing to disposition in civil cases was 11.4 months, and from filing to trial in civil cases was 44.5 months.[3]

***Plaintiffs' choice of forum.*** The Gulkarov Plaintiffs' argument that their choice of forum is more convenient for the California plaintiffs and the California sub-class is not persuasive. *See* Opp. at 8. The Gulkarov Plaintiffs again fail to reconcile the fact that the majority of the plaintiffs in the N.D. Cal. Cases are *not citizens of California* – of the nine named plaintiffs, *only three* are citizens of California. Mot. to Transfer at 3. Similarly, none of the plaintiffs in the New Jersey actions is a citizen of California, and none seeks to represent a California subclass. *Id*. at 4. Moreover, California is no more convenient than New Jersey for plaintiffs from New York, Minnesota, Pennsylvania, Oregon, Florida, and Kentucky. *See id*.

Regardless, a plaintiff's choice of forum is of minimal importance where the plaintiff seeks to represent a class, without regard to whether the choice of forum was the plaintiff's home district or not. *See, e.g., Hawkins*, 924 F. Supp. 2d at 1215 (plaintiff's choice of forum entitled to little weight in class action); *Gandara v. Nestlé Purina PetCare Co.,* 2013 WL 2444143, at *4 (S.D. Cal. June 4, 2013) (in consumer class action where plaintiff purchased products in home district, finding that "any deference that Plaintiff is given for her choice of forum is substantially depleted since she brought her suit on behalf of a putative class"); *Jovel v. i-Health, Inc.*, 2012 WL 5470057, at *6 (C.D. Cal. Nov. 8, 2012) (plaintiff's purchase of a product in her home district carried "little weight").

***The parties' contacts with the forum relating to the causes of action***. Neither Campbell Soup nor Plum maintains their corporate headquarters in California, and all of the witnesses and documents related to these cases are in New Jersey. Plum has no employees in California. *See* ECF No. 34-1 at ¶¶ 4-5. Inexplicably, the Gulkarov Plaintiffs contend that the defendants do not state that they do not have employees in California. Opp. at 10, n.9. But the Declaration of Keely J. Stewart clearly states exactly that. *See* ECF No. 34-1 at ¶¶ 4-5 ("After that time [2018], Plum's

---

[3] *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2020.pdf (last accessed Apr. 27, 2021). *See also* n.1, *supra*.

5

principal place of business was in Camden, New Jersey, and it maintained no employees, headquarters, offices, or corporate operations in California;" "Because Plum and Campbell's corporate operations and employees are based at their headquarters in Camden, New Jersey, any witnesses or documents that may be relevant to this litigation are most likely located in or near Camden, New Jersey."). Defendants have significant contacts with New Jersey, and the witnesses and documents relating to the claims at issue in these cases are in New Jersey and there are no relevant contacts with California.[4]

The Gulkarov Plaintiffs' sole argument on this factor is that it would be inconvenient for a California plaintiff to travel to New Jersey for deposition or trial. Opp. at 10-11. But plaintiffs again do not reconcile the fact that the majority of the named plaintiffs are not citizens of California, and several are located on the East Coast, closer to New Jersey. More significantly, plaintiffs themselves are unlikely to travel during this litigation. Any depositions of plaintiffs would likely take place in their home states. It will be Campbell Soup and Plum, not plaintiffs, that will play the most prominent role in discovery and at trial, and thus, their travel costs will be amplified in this case. *See* Mot. to Transfer at 7-8. As in *Mobilitie Mgmt., LLC v. Harkness*, 2016 WL 10880151, at *5 (C.D. Cal. Nov. 28, 2016), defendants submitted evidence demonstrating that its witnesses and evidence will not be located in California and thus, maintaining this action in California will impose a far greater cost on them. *See* ECF No. 34-1 at ¶¶ 4-5.

### C. The First-To-File Rule Should Be Rejected Because The New Jersey Cases Could Not Have Been Brought In, And Cannot Be Transferred To, N.D. Cal.

Application of the first-to-file rule here will not accomplish the salutary goal of bringing all of the similar cases against defendants together because the New Jersey cases *cannot* be transferred to N.D. Cal. That's because the New Jersey cases could not have been filed in California in the first place. *See* 28 U.S.C. § 1404(a). None of the New Jersey plaintiffs is from

---

[4] In the context of arguing "specific jurisdiction," the Gulkarov Plaintiffs have – through websites searches – purportedly discovered individuals who are former employees of Plum associated with Plum's former offices in Emeryville, California. None of that, however, has anything to do with Plum's current contacts with California relating to the claims at issue and the Gulkarov Plaintiffs do not even attempt to draw any such connection.

California, nor did any purchase or consume the challenged baby food products in California. *See Smid*, No. 1:21-cv-2417, ECF No. 1 at ¶ 7; *Chase*, No. 1:21-cv-4650, ECF No. 1 at ¶¶ 11-12; *Baccari*, No. 1:21-cv-4749, ECF No. 1 at ¶¶ 61-72; *E. Smith*, No. 1:21-cv-8567, ECF No. 1 at ¶ 7. Accordingly, there is no specific personal jurisdiction in California over Plum and Campbell Soup with respect to the New Jersey cases. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (A court can exercise specific jurisdiction only when a claim "arises out of or relates to the defendant's contact with the forum."). Similarly, there is no general jurisdiction in California over Plum and Campbell Soup because they are both Delaware corporations with their principal place of business in Camden, New Jersey. *See* ECF No. 34-1 at ¶¶ 4-5. Absent transfer of the N.D. Cal. Cases to New Jersey, both the New Jersey cases and N.D. Cal. Cases will proceed in tandem, undermining the policy behind the first-to-file rule.

In an attempt to address this problem, the opposition argues that there is general jurisdiction in California over defendants because Campbell Soup has two manufacturing plants in California and because Plum has had a "continuous connection" with California. *See* Opp. at 4-5. Both of these assertions, however, fundamentally misconstrue where a corporation is subject to general jurisdiction. As the Supreme Court recently confirmed, general jurisdiction is only appropriate in a corporate defendant's "place of incorporation and principal place of business." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Indeed, in *Daimler*, the Supreme Court expressly rejected "the exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business,'" holding that "[t]hat formulation . . . is unacceptably grasping." 571 U.S. at 138 (citation omitted). Simply because Plum sells its products in California, or engages in business in California, is insufficient to establish general jurisdiction.[5] Likewise, the fact that Campbell Soup has two tomato manufacturing plants in California does not subject it to general jurisdiction.[6]

---

[5] Plaintiffs seize upon a filing with the California Secretary of State's office on behalf of Plum, Inc. (a non-existent entity), but it was filed in error and does not reflect the reality of Plum's business, which is headquartered in Camden, New Jersey. *See* ECF No. 34-1.

[6] Besides being legally irrelevant, the Gulkarov Plaintiffs' assertion is disingenuous. As the cited articles illustrate, the two manufacturing plants identified are *tomato* processing plants. *See* ECF

**D.      The Gulkarov Plaintiffs' Arguments Regarding Specific Jurisdiction Are Irrelevant And Wrong**

In response to a footnote in the moving papers, the Gulkarov Plaintiffs devote a significant amount of their opposition to asserting that there is specific personal jurisdiction over Plum in California with respect to the N.D. Cal. Cases. But the argument is a mismatch to the point defendants made, i.e., that jurisdictional issues associated with the lawsuits and claims brought by *non*-California plaintiffs in the N.D. Cal. Cases highlight that New Jersey, and not N.D. Cal., was the proper forum for all of these cases.[7] Even if it were relevant, the Gulkarov Plaintiffs' specific jurisdiction arguments also reflect a fundamental misunderstanding of what specific personal jurisdiction is and how it applies.

A court can exercise specific personal jurisdiction only when a claim "arises out of or relates to the defendant's contact with the forum." *Daimler*, 571 U.S. at 127 (citations omitted). "When there is no such connection [between Plaintiffs' claims and Defendant's forum-related activities], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (*specific* personal jurisdiction did not exist over an out-of-state defendant, despite the fact that the defendant ran facilities in, employed several hundred workers in, and sold the challenged products in the state). Accordingly, a non-resident plaintiff cannot establish specific jurisdiction over a non-resident defendant, where the plaintiff purchased and was allegedly injured by the product outside of the state where the case was filed. *Id.* at 1783-84.

---

No. 53 at Exh. E; *see also* Campbell's 2020 Corporate Responsibility Report, "Rooted in Real Food," available at https://www.campbellcsr.com/_pdfs/2020_Campbells_CRR.pdf ("Over 90 percent of the tomatoes that go into Campbell products come from our two tomato processing plants in California at Dixon and Stockton."). The Gulkarov Plaintiffs do not tie tomatoes to any claim(s) in this case, let alone explain how the presence of two tomato processing plants impact general jurisdiction.

[7] For reasons of efficiency and judicial economy, defendants opted to file a motion to transfer the N.D. Cal. Cases so that they could be consolidated with the New Jersey cases, rather than move to dismiss a partial set of the N.D. Cal cases based on a lack of personal jurisdiction (*Ellison, David,* and certain plaintiffs in *Gulkarov*). If the N.D. Cal. Cases proceed in N.D. Cal., defendants will make jurisdictional arguments, including that the certification of a nationwide class is inappropriate under *Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773 (2017).

That means that there may be specific jurisdiction over defendants in California relating to the claims brought by *California* residents arising from their purchases of baby food products in *California* (i.e., plaintiff Gulkarov), *but* there is no specific jurisdiction over defendants relating to the claims brought by non-California residents arising from purchases of baby food products outside of California (i.e., plaintiff Ellison). Accordingly, the Gulkarov Plaintiffs' random assortment of (inadmissible[8]) "connections" between Plum and California have no bearing on whether there is specific jurisdiction over Plum in California relating to the N.D. Cal. Cases. For example: (1) the former forum selection clause on the Plum Organics website does not establish specific jurisdiction in California, and none of the claims in this case arise from plaintiffs' use of Plum's website (and, in any event, the website terms were in error and have now been corrected); (2) the Gulkarov Plaintiffs' claim that through Linkedin and a website called RocketReach.co, they were able to identify individuals that were at one time associated with Plum and located in California is not relevant to an issue of consequence on this motion. Not only is this information inaccurate and out-of-date (for example, Marilyn Wong and Agatha Lee have not been employed with Plum for years), nothing connects them to the issues in this case, much less establishes any connection between an out-of-state consumer's purchase of baby food products and Plum.

In point of indisputable fact, both Campbell Soup and Plum maintain (currently and at the time of the filing of the N.D. Cal. Cases) their principal place of business and headquarters in Camden, New Jersey. *See* ECF No. 34-1 at ¶ 4. That Plum was, in the past, headquartered in California, has no relevance to the Court's analysis, which is based on Plum's current location.

Finally, the Gulkarov Plaintiffs' contention that the N.D. Cal. Cases are properly venued because Plum has not moved to transfer the related personal injury case (*Gibson v. Plum, PBC, et al.*) is misguided. The issues regarding venue and jurisdiction in personal injury cases have no

---

[8] The RocketReach.co and LinkedIn profiles submitted by Gulkarov Plaintiffs are inadmissible hearsay. *See VBConversions LLC v. Now Sols., Inc.*, 2013 WL 2370723, at *3 (C.D. Cal. May 30, 2013) (LinkedIn page was inadmissible hearsay and did not support personal jurisdiction); *Shannon v. GFK Custom Research LLC*, 2013 WL 2395009, at *2 (E.D. Mo. May 30, 2013) (same).

9

bearing on the N.D. Cal. Cases. Regardless, like the other defendants in *Gibson*, Plum recently filed a motion to dismiss that case for lack of jurisdiction, or in the alternative, to transfer to the District of Arizona. *See Gibson v. Plum, PBC*, No. 4:21-cv-1600, at ECF No. 36.[9]

### E. Plaintiff's Request For Discovery Is Not Warranted

Finally, the Gulkarov Plaintiffs argue that if the unverified and factually inaccurate documents they have submitted create open questions regarding their personal jurisdiction arguments, the Court should permit venue-related discovery. It's no oversight that the Gulkarov Plaintiffs cite no authority in support of the request. Discovery is not needed to resolve the question of whether these cases should simultaneously proceed here *and* there (they shouldn't). Nor is it possible that plaintiffs' unverified internet sources that contain demonstrably inaccurate information create questions regarding Plum or Campbell Soup's principal place of business.

## II. CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court transfer the N.D. Cal. Cases to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

Dated: May 3, 2021

MAYER BROWN LLP
Dale J. Giali
Keri E. Borders

DECHERT LLP
Hope Friewald (admitted *pro hac vice*)
Mark Cheffo (admitted *pro hac vice*)

by: /s/ *Keri E. Borders*
    Keri E. Borders
Attorneys for Defendants PLUM, PBC and CAMPBELL SOUP COMPANY

---

[9] The Gulkarov Plaintiffs contend that after Plum's acquisition by Sun-Maid Growers of California in May, it is unclear whether the District of New Jersey will be a proper forum. Plaintiffs cite no facts or law in support of this conjectural argument.

10

741326241