LOCKRIDGE GRINDAL NAUEN P.L.L.P.
REBECCA A. PETERSON (241858)
ROBERT K. SHELQUIST
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
         rkshelquist@locklaw.com

LITE DEPALMA GREENBERG & AFANADOR, LLC
JOSEPH J. DEPALMA (*pro hac vice*)
SUSANA CRUZ HODGE (*pro hac vice*)
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone:  (973) 623-3000
E-mail: jdepalma@litedepalma.com
         scruzhodge@litedepalma.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLUM BABY FOOD LITIGATION<br><br>This document relates to:<br>All Actions | Case No. 4:21-CV-00913 (YGR)<br><br>**NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF REBECCA A. PETERSON AND SUSANA CRUZ HODGE AS INTERIM CLASS COUNSEL**<br><br>Hearing Date:  August 3, 2021<br>Hearing Time:  2:00 p.m.<br>Judge:  Yvonne Gonzalez Rogers |

**MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND................................................................................ 3

III.  PROCEDURAL BACKGROUND ....................................................................... 5

IV.  ARGUMENT....................................................................................................... 6

    A.   THE GULKAROV MOVANTS' COUNSEL ARE EMINENTLY
        QUALIFIED TO BE APPOINTED AS INTERIM LEAD COUNSEL
        AND WILL PROTECT THE INTERESTS OF THE CLASS................................... 6

       1.   The Factors for Appointment of Interim Lead Counsel. ........................ 6

    B.   PROPOSED INTERIM CLASS COUNSEL SATISFY ALL FACTORS
        SUPPORTING THEIR APPOINTMENT...................................................... 8

       1.   Proposed Interim Class Counsel Have Done Extensive Work in Identifying
           and Investigating Potential Claims, Including Being the First to File and
           Moving the Case Forward. ................................................................. 8

       2.   Proposed Interim Class Counsel Have Substantial Experience Leading
           Complex Class Actions, Including Actions Asserting Similar Factual
           And Legal Claims. ........................................................................... 10

          a.   Proposed Interim Co-lead Counsel are well qualified to lead
              this litigation. ....................................................................... 10

          b.   The Executive Committee Would Allow for Efficient and
              Effective Representation of The Class....................................... 13

          c.   Proposed Interim Class Counsel Have Experience in a Diverse Group
              of States and Vast Knowledge of the Subject Matter and Applicable
              Law at Issue. ......................................................................... 16

    C.   THE GULKAROV MOVANTS HAVE SUBSTANTIAL RESOURCES
        THEY ARE COMMITTING TO REPRESENTING THE CLASS. ......................... 18

    D.   THE GULKAROV MOVANTS WILL ENSURE THE COST-
        EFFECTIVE LITIGATION OF THIS MATTER....................................... 19

1

2

E.   THE GULKAROV MOVANTS BRING IMPORTANT
DIVERSITY TO THEIR REPRESENTATION OF THE CLASS(ES). ................... 19

V.   CONCLUSION ............................................................................................................. 22

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*,
 No. 17-cv-00123, 2017 WL 4071368 (N.D. Cal. Sept. 14, 2017) ..............................................6

5

*Cadena v. Am. Honda Motor Co.*,
 No. CV 18-4007, 2020 WL 3107798 (C.D. Cal. June 9, 2020).................................................7

6

7

*Cameron v. Apple Inc.*,
 Case No. 3:19-cv-03796 (N.D. Cal. Oct. 10, 2019).................................................................15

8

*Chacanaca v. Quaker Oats Co.*,
 No. C 10-0502 RS, 2011 WL 13141425 (N.D. Cal. June 14, 2011) .........................................10

9

10

*Classick, et al. v. Schell & Kampeter, Inc. d/b/a Diamond Pet Foods*,
 No. 2:18-CV-02344, 2021 WL 2003118 (E.D. Cal. May 19, 2021) ................................17, 18

11

12

*Colangelo v. Champion Petfoods USA, Inc.*,
 No. 618CV1228, 2020 WL 777462 (N.D.N.Y. Feb. 18, 2020)................................................17

13

*In re Apple Inc. Stockholder Derivative Litig.*,
 No. 19-cv-05153, 2020 WL 3507426 (N.D. Cal. June 29, 2020).............................................7

14

15

*In re Big Heart Pet Brands Litig.*,
 No. 18-cv-00861, 2019 WL 8266869 (N.D. Cal. Oct. 4, 2019) .............................................17

16

17

*In re High-Tech Employee Antitrust Litig.*,
 289 F.R.D. 555 (N.D. Cal. 2013).............................................................................................15

18

*In re J.P. Morgan Chase Cash Balance Litig.*,
 242 F.R.D. 265 (S.D.N.Y. 2007) ...............................................................................................7

19

20

*In re Qualcomm Antitrust Litig.*,
 No. 17-md-2773-LHK, 2017 WL 2222531 (N.D. Cal. May 15, 2017)....................................16

21

22

*In re Robinhood Outage Litig.*,
 No. 20-CV-01626, 2020 WL 7330596 (N.D. Cal. July 14, 2020)................................... *passim*

23

*In re: United Specialty Ins. Co. Ski Pass Ins. Litig.*,
 Case No. 4:20-md-02975 (N.D. Cal. Dec. 10, 2020).............................................................10

24

25

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
 No. 9:20-md-2924 (S.D. Fla. May 5, 2020)..............................................................................7

26

27

28

**MOTION FOR APPOINTMENT OF**
**INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

iii

*Mack v. LLR, Inc.*,
    No. 5:17-CV-00853, 2018 WL 6038349 (C.D. Cal. Jan. 31, 2018). ..................................10, 15

*Michelle v. Arctic Zero, Inc.*,
    2013 WL 791145 (S.D. Cal. Mar. 1, 2013) ..............................................................................7

*Zarinebaf v. Champion Petfoods USA, Inc.*,
    No. 18 C 6951, 2019 WL 3555383 (N.D. Ill. July 30, 2009) ....................................17

*Zeiger, v. WellPet LLC*,
    No. 3:17-CV-04056, 2021 WL 756109 (N.D. Cal. Feb. 26, 2021) ..........................17

**RULES**

Federal Rule of Civil Procedure 23 ....................................................................... *passim*

Manual for Complex Civil Litigation §§ 10.22, 10.221 (4th ed. 2009)....................10, 11

**STATUTES**

Consumers Legal Remedies Act ...............................................................................10

Freedom of Information Act (FOIA) ......................................................................8, 9

Racketeering Influenced Corrupt Organization Act ...............................................14

**OTHER AUTHORITIES**

*Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and
    Mercury* ...............................................................................................................4, 5

**PLEASE TAKE NOTICE** that pursuant to the Court's May 3, 2021 Order (ECF No. 59), Plaintiffs Ludmila Gulkarov, Janine Torrence, Kelly McKeon, Josh Crawford, Mayra Moore, Jessica David, Heather Age, Autumn Ellison, and Vanessa Mathiesen (the "Gulkarov Movants") will and hereby do move pursuant to Fed. R. Civ. P. 23(g)(3) for an order appointing their counsel, Rebecca A. Peterson (Lockridge Grindal Nauen P.L.L.P.) and Susana Cruz Hodge (Lite DePalma Greenberg & Afanador, LLC) as Interim Co-Lead Counsel, and Stephen R. Basser (Barrack Rodos Bacine) as an Executive Committee member of this consolidated class action (the "Consolidated Action") against Plum, PBC, and Plum, Inc. ("Defendants" or "Plum"), as well as any later filed actions subsequently consolidated. The Gulkarov Movants rely upon the arguments below and the Joint Declaration of Rebecca A. Peterson and Susana Cruz Hodge ("Joint Decl.") in support of this Motion.

## I.   INTRODUCTION

Plaintiff Gulkarov filed the first case against Plum in this District. She is now joined and supported by eight additional plaintiffs in the Consolidated Action and together they are seeking to have their counsel appointed to lead this Consolidated Action. Plaintiffs propose an efficient, cohesive, and diverse structure consisting of interim co-lead counsel and one supporting counsel to assist lead counsel. Based on this lean leadership structure and this group's collective experience and commitment, their appointment will allow for streamlined litigation and skillful legal work with no duplication of effort.

Pursuant to Rule 23(g)(3), the Gulkarov Movants respectfully seek the appointment of Rebecca A. Peterson (Lockridge Grindal Nauen P.L.L.P.) and Susana Cruz Hodge (Lite DePalma Greenberg & Afanador, LLC) as "Interim Co-Lead Counsel," both of whom the Gulkarov Movants submit are eminently qualified to serve in that role. The Plaintiffs also request the designation of Stephen R. Basser (Barrack Rodos Racine) as an "Executive Committee" member to work with the

**MOTION FOR APPOINTMENT OF**
**INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

Interim Co-Lead Counsel. As more fully explained below, the Proposed Interim Co-Lead Counsel and the Proposed Executive Committee member structure (collectively, "Proposed Interim Class Counsel") consists of a narrow group of attorneys who can lead this case efficiently and who easily satisfy all Rule 23(g)(3) requirements because of their vast experience (including in consumer class actions and heavy metal related litigation), demonstrated skill set, and litigation resources.

Collectively, the Proposed Interim Class Counsel are a strong and highly experienced litigation team and will represent all plaintiffs and the Class at the highest level in this complex case.[1] These attorneys and their respective law firms bring decades of experience in and knowledge of this type of consumer class action, as well as collective expertise in class action litigation involving heavy metals in pet food. Proposed Interim Class Counsel also add diversity in terms of gender, age, and geographic location, in addition to their trial experience and resources. The Gulkarov Movants' counsel has been the driving force in this case against Plum.[2] The fact that Proposed Interim Class Counsel have selected the best candidates and formed a team seeking to represent the Class shows both their dedication to this cause and collective work in identifying and investigating the claims in this matter. As demonstrated below, the Proposed Interim Class Counsel have already taken steps to lead and advance this case by performing their own testing on Plum's products, working cooperatively with other counsel on related cases, serving discovery as allowed under the Rules, moving to consolidate related actions against Plum, opposing a motion to transfer (including investigating the presence of Plum in this District), filing an early consolidated

---

[1] "Class" refers to all Classes or subclasses that are included in the Consolidated Action.

[2] Counsel supporting this motion has also advanced the litigation in similar cases in the respective courts. For example, they were first to file anywhere in the country against Nurture, Inc. (S.D.N.Y); the first to file in the Eastern District of New York against Hain Celestial Group., Inc. (E.D.N.Y.) (where all cases are being consolidated); and the first to file anywhere in the country against Beech-Nut Nutrition Company (N.D.N.Y.). All of these cases are consumer class actions alleging economic damage claims concerning undisclosed heavy metals in baby food. Proposed Interim Class Counsel have taken significant steps to advance each of them.

**MOTION FOR APPOINTMENT OF**
**INTERIM CLASS COUNSEL**                    2
Case No. 4:21-CV-00913 (YGR)

complaint adding facts regarding Plum products testing,  and taking the lead in drafting the consolidated amended complaint due on July 7, 2021.

If appointed, Proposed Interim Class Counsel will litigate the case with a tight-knit team of attorneys with extensive experience litigating complex class actions and will continue to ensure the case advances in the most efficient manner. Proposed Interim Class Counsel intend to be inclusive of any plaintiffs who want to remain as class representatives in the Consolidated Action following a thorough vetting process that will involve all counsel of record. Then as the litigation proceeds, Proposed Interim Class Counsel will make specific streamlined pre-trial work assignments in the areas of, among other things, motion practice, discovery, and experts, utilizing the skills of the Executive Committee member and his firm, as well as any other counsel with pertinent experience as appropriate and needed to advance the interests of all Plaintiffs and the Class. Attorneys who oversee the document review will know the facts—leading to well-written and well-supported briefs. A focused and informed group of attorneys will take related depositions, accumulate working knowledge of the facts (and previous testimony), and hone the questioning and development of consistent themes during cross-examination. These and the other collaborative efforts and efficiencies will only be obtained by a small, consistent team of attorneys dedicated to this case. The trial team will consist of attorneys that have been intimately involved in the litigation and understand the legal and factual issues necessary to take this case to trial. Given the likely complexity of the issues in this case, the structure proposed by Plaintiffs strikes the proper balance to ensure strong representation while avoiding duplication of effort. Monthly time and expense reporting, a strict timekeeping protocol, and detailed instructions for specific assignments, will result in a streamlined and focused litigation.

## II.    FACTUAL BACKGROUND

These consolidated actions all arise out of the inclusion of heavy metals and perchlorate in

Defendants' baby food, which was exposed in a recent report dated February 4, 2021, *Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury* ("the Congressional Report"), issued by the Subcommittee on Economic and Consumer Policy, Committee on Oversight and Reform, U.S. House of Representatives ("the House Subcommittee"), as well as the October 2019 Healthy Babies Bright Futures, What's In My Baby's Food? report,[3] as well as third-party testing undertaken by Proposed Interim Class Counsel. The Congressional Report and Healthy Babies Bright Futures Report issued detailed findings that arsenic, cadmium, lead, and mercury ("Heavy Metals") and perchlorate were present in "significant levels" in commercial baby food products, including Plum's products.  (*See* ECF No. 15, ¶¶ 1, 8, 38 ("Gulkarov Amended Complaint" or "¶__").)

The Congressional Report revealed that Plum "refused to produce its testing standards and specific test results but instead produced a spreadsheet that 'self-declared' that every product met criteria for each of the Heavy Metals, while declining to state what the criteria were." (*See id.* at ¶ 39.)  The Subcommittee determined that Plum's "grading" was concerning and misleading because it "raises questions about what [Defendants'] other thresholds actually are, and whether they exist." (*Id.* at ¶ 40.)

To this day, Defendants refuse to disclose the inclusion of Heavy Metals on their packaging or in their marketing and advertising materials. (*See, e.g.*, *id.* at ¶ 44.) In fact, in response to the House Subcommittee's Report, Defendants stated: "We are confident in the safety and quality of our products. Our top priority is to serve children healthy, nutritious food made from the best

---

3   *Available at* https://oversight.house.gov/sites/democrats.oversight.house.gov/files/2021-02-04%20ECP%20Baby%20Food%20Staff%20Report.pdf (last accessed June 29, 2021) and https://www.healthybabyfood.org/sites/healthybabyfoods.org/files/2020-04/BabyFoodReport_ENGLISH_R6.pdf (last accessed June 29, 2021).

ingredients. We want to assure you that Plum's products are safe (and delicious) to eat!" (*Id.* at ¶ 43.) But the Congressional Report makes clear that this is unacceptable and deceptive. (*See id.* at ¶ 38.) As a result of its studies of toxic Heavy Metal levels in baby food, the House Subcommittee has recommended that parents should avoid baby foods that contain ingredients testing high in toxic Heavy Metals, such as rice products. (*See id.* at ¶ 38 (citing Congressional Report Findings, Paragraph 5).)

Based on Defendants' decision to advertise, label, and market their Baby Foods as healthy, nutritious, and safe for consumption, they had a duty to ensure that these and other statements were true and not misleading and to disclose material omissions, which they failed to do. (*See id.* at ¶ 52.) Plum misled reasonable consumers into purchasing their Baby Foods without disclosing the inclusion of Heavy Metals while promising a healthy and high-quality product for babies.

## III.   PROCEDURAL BACKGROUND

On February 5, 2021, Plaintiff Gulkarov filed the first complaint against Plum in this Court. (ECF No. 1.) After the filing, Proposed Interim Class Counsel continued to monitor whether any related cases were filed in this District and timely conferred with other plaintiffs' counsel of record in cases pending in this District regarding relation and consolidation of the single defendant consumer protection cases. First, on February 19, 2021, Plaintiff Gulkarov filed a motion seeking consolidation with the only pending case at that time. (ECF No. 10.) The motion was granted, and on March 11, 2021, Plaintiff Gulkarov filed a Consolidated Class Action Complaint. (ECF Nos. 14, 15.) This Consolidated Complaint contained additional third-party testing undertaken by Proposed Interim Class Counsel. (ECF No. 15 at ¶102.) Several other cases were filed against Plum, and Proposed Interim Class Counsel sought consolidation of all consumer actions pending at that time. (ECF No. 29.)

On April 12, 2021, Defendants moved to transfer this matter to the District of New Jersey.

1

2

(ECF No. 34.) Ms. Peterson contacted all counsel to coordinate opposing the motion to transfer and

took the lead in drafting and opposing this motion. *See* Joint Decl. at ¶7. On May 3, 2021, the Court

3

4

consolidated six (6) actions asserting consumer protection claims seeking economic damages

against Plum into the *Gulkarov* docket to form this Consolidated Action. (ECF No. 59). The Court

5

6

also vacated the hearing set for Defendants' Motion to Transfer and ordered the parties to confer

7

on a leadership structure and file a motion, if necessary. (*Id.* at ¶¶6, 8.) All plaintiffs' counsel in the

8

Consolidated Action met and conferred, and counsel in all cases but one support this motion.[4] *See*

9

Joint Decl. at ¶10. The Court also ordered the parties to file a Consolidated Complaint within thirty

10

11

days of the decision of the Judicial Panel of Multidistrict Litigation ("JPML") regarding the transfer

of this matter. (ECF No. 59 at ¶7.) The JPML issued an Order denying transfer on June 7, 2021.

12

13

(ECF No. 66.) This motion for appointment of interim lead counsel follows.

14

**IV.    ARGUMENT**

15

16

**A.    THE GULKAROV MOVANTS' COUNSEL ARE EMINENTLY QUALIFIED TO BE APPOINTED AS INTERIM LEAD COUNSEL AND WILL PROTECT THE INTERESTS OF THE CLASS.**

17

**1.    The Factors for Appointment of Interim Lead Counsel.**

18

19

Rule 23(g)(3) allows appointment of interim class counsel "to act on behalf of a putative

class before determining whether to certify the action as a class action." Rule 23(g)(3).

20

21

"[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class

22

during precertification activities, such as making and responding to motions, conducting any

23

necessary discovery, moving for class certification, and negotiating settlement." *Azpeitia v. Tesoro*

24

*Ref. & Mktg. Co. LLC*, No. 17-cv-00123, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017)

25

(quoting Manual for Complex Litig., § 21.11 (4th ed. 2004)).

26

27

---

[4] Counsel for Plaintiff Pereira takes no position on the motion. *See* Joint Decl. at ¶10.

28

**MOTION FOR APPOINTMENT OF**
**INTERIM CLASS COUNSEL**            6
Case No. 4:21-CV-00913 (YGR)

Numerous factors are considered by courts in appointing interim lead counsel, including the same factors relevant in appointing lead counsel for a certified class. These factors include: (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; (4) the resources that counsel will commit to representing the putative class; and any other matters relevant to counsel's ability to fairly and adequately represent the interest of the putative class. Rule 23(g)(1)(A)(i)-(iv). The Court may also consider any other matter pertinent to counsel's ability to represent the putative class. *See* Fed. R. Civ. P. 23(g)(B). Finally, deference may be given to counsel who are the first to file and began advancing the case where, as is likely here, most of the other applicants are highly qualified to represent the class. *See In re Apple Inc. Stockholder Derivative Litig.*, No. 19-cv-05153, 2020 WL 3507426, at *1 n.2 (N.D. Cal. June 29, 2020); *Cadena v. Am. Honda Motor Co.*, No. CV 18-4007, 2020 WL 3107798, at *5 (C.D. Cal. June 9, 2020). *See also Michelle v. Arctic Zero, Inc.*, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013).

As discussed more fully below, the issue of diversity has become an important additional consideration in the appointment of lead counsel in class actions. *See, e.g.*, *In re Robinhood Outage Litig.*, No. 20-CV-01626, 2020 WL 7330596, at *2 (N.D. Cal. July 14, 2020) ("*Robinhood*") (court denied proposed leadership structure for lack of diversity in class counsel appointments); *In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 277 (S.D.N.Y. 2007) ("Co-Lead counsel has met this Court's diversity requirement – *i.e.*, that at least one minority lawyer and one woman lawyer with requisite experience at the firm be assigned to this matter."); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-2924, ECF No. 685 (PTO # 20), at 2-3 (S.D. Fla. May 5, 2020) ("The Court also sought to appoint a diverse leadership team that is representative of the inevitable diversity of the Plaintiffs in this case, and a team that affords younger and slightly less experienced

attorneys an opportunity to participate in a leadership role in an MDL. The Court sought to create a team that would collectively bring to bear both wisdom and judgment, and also new approaches and ideas.") (*See* Joint Decl. at Ex. 4). A diverse lead counsel group, particularly one that will reflect the diversity of the proposed class, will enhance the legal representation for the class. *Robinhood*, 2020 WL 7330596 at *7.

## B.   PROPOSED INTERIM CLASS COUNSEL SATISFY ALL FACTORS SUPPORTING THEIR APPOINTMENT.

### 1.   Proposed Interim Class Counsel Have Done Extensive Work in Identifying and Investigating Potential Claims, Including Being the First to File and Moving the Case Forward.

As noted above, Plaintiff Gulkarov was the first to file her case against Plum in this District, and as additional cases were filed, her counsel promptly began taking steps to organize the cases into a consolidated action. After communicating with the other plaintiffs regarding possible consolidation, they filed their motion to consolidate, which was granted by this Court. (ECF Nos. 10, 14.) The Gulkarov Movants also filed a Consolidated Complaint that included additional third-party testing undertaken by Proposed Interim Class Counsel. (ECF No. 15 at ¶102.) They also took lead in opposing Defendants' Motion for Transfer. (ECF No. 53.) As such, the Gulkarov Movants have been at the forefront of this litigation and have shown initiative and leadership by advancing it in a coordinated manner and have made efforts to ensure this matter remains in this Court as this is the proper venue and it is in the best interests of the Class to litigate here.

The Gulkarov Movants have taken other steps to advance this litigation that are not reflected on the docket.  For example, they served a Freedom of Information Act (FOIA) request on the U.S. Food and Drug Administration (FDA) on March 1, 2021, regarding the Congressional Report that sought all documents and communications relating to:

- The Congressional Report, including any documents submitted by the FDA to the Subcommittee or by the Subcommittee to the FDA;

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Total Diet Study, including test results for those foods commonly eaten by infants and toddlers and the documents used to inform and/or support those test results;

- Toxic Elements in Food and Foodware, and Radionuclides in Food compliance program, including test results submitted to the FDA's Center for Food Safety and Applied Nutrition and documents regarding those instances when results for foods commonly eaten by infants and toddlers exceeded normal concentrations;

- Targeted sampling assignments, including test results for those foods commonly eaten by infants and toddlers and the documents used to inform and/or support those test results;

- Toxic Elements Working Group (the "Group"), including test results for those foods commonly eaten by infants and toddlers and the documents used to inform and/or support those test results; data from studies conducted by third parties used to inform the Group's work as related to foods commonly eaten by infants and toddlers; and notes, drafts, and final versions of any recommendations or guidance issued by the Group related to foods commonly eaten by infants and toddlers;

- Baby Food Council, including Council and committee meeting agendas, notes, and minutes, and notes, drafts or final versions of any guidance or standards regarding the Baby Food Standard and Certification; and

- Any internal or external communications sent to or received by the FDA regarding foods commonly eaten by infants and toddlers and related to the Report; the Total Diet Study; the Toxic Elements in Food and Foodware, and Radionuclides in Food compliance program; targeted sampling assignments; the Toxic Elements Working Group; or Baby Food Council.

*See* Joint Decl.  at ¶13. The FDA has not responded in substance to the FOIA request to date. The

**MOTION FOR APPOINTMENT OF**
**INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

9

Gulkarov Movants also sent a Consumers Legal Remedies Act (CLRA) demand letter to Plum. *Id.* Proposed Interim Class Counsel have begun contacting potential experts regarding Heavy Metals and served discovery on Plum. Joint Decl. at ¶14 (citing ECF No. 53-7). Moreover, Proposed Interim Class Counsel have taken the lead on drafting the Consolidated Complaint due on July 7, 2021, and they intend to confer with counsel for Plum with respect to case management issues after the Consolidated Complaint is filed. Joint Decl. at ¶14. To date, Proposed Interim Class Counsel has worked collegially with defense counsel. When it is time to enter into a confidentiality order and an electronic discovery protocol and discovery plan, the Gulkarov Movants stand prepared and ready to promptly address these projects and advance the case quickly and efficiently.

> **2.**     **Proposed Interim Class Counsel Have Substantial Experience Leading Complex Class Actions, Including Actions Asserting Similar Factual And Legal Claims.**

> > **a.**     **Proposed Interim Co-lead Counsel are well qualified to lead this litigation.**

Lead plaintiffs may retain multiple firms as co-lead counsel. *In re: United Specialty Ins. Co. Ski Pass Ins. Litig.*, Case No. 4:20-md-02975, ECF 19, at 2-3 (N.D. Cal. Dec. 10, 2020) (Ex. 5). Particularly when there are numerous named plaintiffs and multiple counsel expended significant time and resources investigating, organizing, and advancing the case for the benefit of the Class (as Proposed Interim Class Counsel has done here) and the Class would benefit from their collective resources, appointment of multiple counsel as co-lead counsel is appropriate. *Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011 WL 13141425, at *3 (N.D. Cal. June 14, 2011). *See also Mack v. LLR, Inc.*, No. 5:17-CV-00853, 2018 WL 6038349, at *4 (C.D. Cal. Jan. 31, 2018). Also, appointment of co-lead counsel accords with Rule 23(g) and the Manual for Complex Litigation (Fourth) (the "Manual"), facilitates the orderly advancement of the litigation, and results in a substantial time savings for the parties and the Court. *See Manual for Complex Civil Litigation* §§ 10.22, 10.221 (4th ed. 2009). The Manual recommends that the Court select and authorize one

**MOTION FOR APPOINTMENT OF**
**INTERIM CLASS COUNSEL**                                         10
Case No. 4:21-CV-00913 (YGR)

or more attorneys or firms to act on behalf of other counsel and their clients early in complex litigation. *Id.*

Submitted as Exhibits to the Joint Declaration of Rebecca A. Peterson and Susana Cruz Hodge are the firm and individual attorney resumes.  Ms. Peterson and Ms. Hodge have extensive experience in class actions, including class actions involving heavy metals and other contaminants in pet food, as well as other complex litigation.

● **Rebecca A. Peterson of Lockridge Grindal Nauen**

Ms. Peterson is a partner at Lockridge Grindal Nauen ("LGN") and licensed to practice in California and Minnesota. *See* Joint Decl. at Ex. 1. Ms. Peterson practices in the firm's class action group with a focus on consumer protection. She has been part of successful prosecution of actions on behalf of consumers in both state and federal courts. Ms. Peterson has been part of various trial teams, including recently in *In re Syngenta Litig. (Minn. Producers),* No. 27-cv-15-3785 (Henn. Co. Dist. Ct., Minn.) and, alongside with the trial team, was recognized as Attorney of the Year by Minnesota Lawyer for her work on behalf of U.S. farmers in that case.

Notably, Ms. Peterson has spent the last three years extensively litigating mislabeling consumer cases involving heavy metals and other contaminants in pet food. Joint Decl. at ¶19. In these actions, she acted as lead counsel and conducted and defended dozens of depositions, including expert depositions. *Id.* She has also vetted and worked extensively with experts that have the specific expertise required for opining on heavy metals in tainted pet food cases, issues that will be squarely relevant here. Ms. Peterson also argued class certification motions and dispositive motions such as summary judgment in those heavy metal cases. *Id.* As a result of her experience, Ms. Peterson has significant knowledge of the legal, discovery, expert, and factual issues that are critical in litigating consumer class cases concerning heavy metals and other contaminants.  This includes intimate knowledge of the lack of regulatory guidance, quality control, manufacturing

practices, and testing that will be at the forefront of this litigation.

Ms. Peterson is supported by a robust, successful firm based in Minneapolis, Minnesota. *Id.* at Ex. 1. The LGN attorneys are experienced counsel in numerous areas, including consumer, antitrust, product liability, securities, environmental, employment, health care, commercial, intellectual property and telecommunications law. These attorneys have successfully led—and are presently leading—numerous multidistrict and complex class actions throughout the country, including those involving consumer fraud claims similar to those here. *Id.* Currently, Ms. Peterson is co-lead counsel in *In re Big Heart Pet Brands Litig.*, Civil No. 4:18-cv-00861 (N.D. Cal.).[5] *Id.* at ¶20.

● **Susana Cruz Hodge of Lite DePalma Greenberg & Afanador, LLC**

Susana Cruz Hodge is a partner with Lite DePalma Greenberg & Afanador, LLC ("LDGA"). LDGA is a 14-attorney firm with offices in Newark, New Jersey and Philadelphia, Pennsylvania. *See* Joint Decl. at Ex. 2. More than half of its attorneys (including Ms. Hodge) work primarily in class action litigation and collectively have participated and held leadership positions in numerous successful class action cases.

Ms. Hodge focuses her practice on product liability and consumer fraud class actions. She has actively participated in several successful consumer cases, including *Cole v. NIBCO, Inc.*, No. 13-cv-07871 (D.N.J.), a case involving defective plumbing piping, tubing and fixtures that resulted in a nationwide consumer settlement worth $44 million; *Schwartz v. Avis Rent a Car System, LLC*, No. 11-4052 (D.N.J.), a case involving fraudulent fee charges that resulted in a nationwide consumer settlement worth up to $13 million; and *In re Shop-Vac Marketing & Sales Practices Litig.*, No. 4:12-MD-2380 (M.D. Pa.), a case involving misrepresentation of the peak horsepower

---

[5] *See* Joint Decl. at Ex. 1 for additional representative cases.

**MOTION FOR APPOINTMENT OF**
**INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

12

of wet/dry vacuums that resulted in a nationwide settlement fund valued at $174 million. *See* Joint Decl. at ¶21. Notably, along with Ms. Peterson, Ms. Hodge has spent the last three years litigating cases across the country involving heavy metals, BPA, and other toxins in pet food. *Id.* at ¶22.

In July 2020, she was personally appointed as a member of the Executive Committee in *In re Robinhood Outage Litigation*, No. 20-01626-JD (N.D. Cal.), a putative class action filed on behalf of users of Robinhood's trading platform. *Id.* at ¶23. She also plays a lead role for LDGA in *In re Big Heart Pet Brands Litigation*, Civil No. 4:18-cv-00861 (N.D. Cal.), a case involving poisonous toxins in pet food where LDGA was appointed to the Executive Committee. *Id.* at ¶22.

### b.   The Executive Committee Would Allow for Efficient and Effective Representation of The Class.

In addition to appointing Interim Class Counsel, the Movants respectfully request that the Court establish an Executive Committee to facilitate the most efficient and effective representation of the proposed class and appoint Stephen R. Basser to that Committee. The proposed Executive Committee attorney possesses substantial experience in consumer fraud and complex class action litigation. Finally, Mr. Basser brings a diverse set of professional and personal experiences, including significant trial experience.

● **Stephen R. Basser of Barrack Rodos Bacine**

Stephen R. Basser is a partner with Barrack, Rodos & Bacine ("Barrack"). *See* Declaration of Stephen R.  Basser, attached as Ex. 3 to the Joint Decl. ("Basser Decl.") at ¶1. As described further below, Mr. Basser is a senior litigator with exceptional experience successfully handling complex class actions, including jury and trial experience. *Id*. at ¶7. Barrack is a 18-attorney firm that has significant depth, experience, and resources in litigating complex class actions, including consumer class actions. *Id*. at ¶3. The Barrack firm has been extensively involved in hundreds of class actions, with a number recoveries in excess of $1 billion. *Id*. Mr. Basser has been involved as a lead counsel or executive committee member in a variety of significant class actions against

corporations alleging negligent and/or fraudulent misrepresentation and/or concealment and/or alleging deceptive sales and marketing practices, harming investors, consumers, and/or business entities. *Id*. at Ex. A.

For example, among others, Mr. Basser, as either a co-lead or executive committee counsel, worked collegially in a consortium of four law firms in the so-called "Senior Annuity Sales and Marketing" cases litigated in the Central District of California before the Honorable Christina A. Snyder, from 2005 through 2015, achieving settlements valued in the aggregate between $552 million and $1.273 billion, on behalf of senior citizen consumers. *Id*. at ¶4. The Senior Annuity cases asserted claims against insurance companies for violations of consumer protection and elder abuse statutes, and the Racketeering Influenced Corrupt Organization Act. *Id*. In 2017, the Attorney General of the State of New Mexico appointed Mr. Basser to serve as a Special Assistant Attorney General for the purpose of prosecuting an action on behalf of New Mexico consumers against solar panel company Vivint Solar, Inc. for violations of New Mexico's consumer protection law and statutes. *Id.* at ¶¶4, 7.

Mr.  Basser served as a co-lead counsel in *In re McKesson HBOC, Inc.  Sec.  Litig*., representing consumer investors against the corporate defendant, its management and others, alleging violations of the federal securities laws, ultimately securing settlements totaling $1.052 billion; it is among the largest class action recoveries ever achieved in the Northern District of California, or within the Ninth Circuit. *Id*. at ¶7. Mr. Basser has extensive experience working with experts in a variety of disciplines, including product defects and with respect to econometric and damages analysis. *Id*. at ¶9. He has extensive experience taking depositions of C-Suite level corporate executives, including depositions of several high-ranking officers and/or employees related to allegations of corporate misrepresentation. Importantly, Mr. Basser was the lead counsel and lead trial attorney in the *In re Apollo Group, Inc. Sec. Litig*., resulting in a $145 million recovery

in 2012 for class members following a unanimous jury verdict rendered in the District of Arizona, respecting which the court commented that trial counsel "brought to this courtroom just extraordinary talent and preparation," adding that "[W]hat I have seen has been truly exemplary." *Id.* at ¶6.

The appointment of this Executive Committee consisting of a single attorney to "assist" Interim Class Counsel is both efficient and reasonable and in the best interests of the Class here. *Mack*, 2018 WL 6038349, at *4-5 (establishing executive committee due to need for multi-state subclasses). This case will undoubtedly be complex as it involves heavy metals and at least one chemical compound (perchlorate) in a wide array of Plum's baby food. It will likely entail the evaluation of tens of thousands of documents from Plum, including (1) supplier information; (2) formulation documents and related communications; (3) internal and third-party audits of Defendants; (4) quality control manuals and documents; (5) internal and third-party testing of both ingredients and finished products; (6) consumer inquires and complaints; and (7) documents related to governmental investigation. There will also be various experts, including those for testing, liability and damages. There will also likely be class representatives from across the country and a significant number of party depositions and possibly third parties, including but not limited to Consumer Reports and Happy Baby Bright Futures. Proposed Interim Class Counsel will oversee and direct all litigation activities and ensure there will be proper allocation of work to avoid duplication of effort. *See* Proposed Order, submitted herewith.

Accordingly, establishing an Executive Committee of a single attorney to assist Interim Class Counsel is warranted and appropriate here. *See, e.g.*, *Cameron v. Apple Inc.*, Case No. 3:19-cv-03796, ECF 65, at 1 (N.D. Cal. Oct. 10, 2019) (appointing interim co-lead counsel along with an executive committee of two firms) (Joint Decl. at Ex. 6.); *see also In re High-Tech Employee Antitrust Litig.*, 289 F.R.D. 555, 584 (N.D. Cal. 2013) (appointing two firms as co-lead counsel and

**MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

15

1  two additional firms as members of an executive committee); *In re Qualcomm Antitrust Litig.*, No.

2  17-md-2773-LHK, 2017 WL 2222531, at *1 (N.D. Cal. May 15, 2017) (appointing individuals

3  from three firms to a plaintiffs' steering committee and designating two of them as co-lead counsel).

4

5     **c.**    **Proposed Interim Class Counsel Have Experience in a Diverse Group of States and Vast Knowledge of the Subject Matter and Applicable Law at Issue.**

6

7    The Gulkarov Movants include nine (9) plaintiffs who reside in seven (7) states (California,

8  Florida, New York, Pennsylvania, Minnesota, Oregon, and Kentucky), the first four of which are

9  amongst the biggest by population in the country.[6] Proposed Interim Class Counsel are licensed in

10  or admitted to practice in courts within the following states: California, Minnesota, New Jersey,

11  and Pennsylvania. Moreover, these attorneys and others in their respective firms practice

12  nationwide and have litigated cases involving a majority of applicable states' laws in the country.

13  This is especially true of consumer protection statutes and related common law. As such, the

14  Gulkarov Movants' attorneys have vast knowledge of the applicable law in this case.

15

16    The Court will no doubt receive multiple applications with highly qualified class action

17  attorneys. While knowledge of the complexities of class action litigation is a must, Proposed

18  Interim Class Counsel collectively bring more on-point experience because they have litigated class

19

20

---

21  [6] The Gulkarov Movants purchased a wide array of the products at issue, including Just Sweet Potato Organic Baby Food; Just Peaches Organic Baby Food; Just Prunes Organic Baby Food;

22  Apple & Carrot Organic Baby Food; Pear, Purple Carrot, & Blueberry Organic Baby Food; Pear, Spinach, & Pea Organic Baby Food; Butternut Squash, Carrot, Chickpea & Corn Organic Baby

23  Food; Pumpkin, Banana, Papaya, and Cardamom Organic Baby Food; Apple, Raisin, & Quinoa Organic Baby Food; Little Teethers Organic Multigrain Teething Wafers- Banana with Pumpkin;

24  Little Teethers Organic Multigrain Teething Wagers- Blueberry; Mighty Morning Bar- Blueberry Lemon; Mighty Morning Bar- Apple Cinnamon; Mighty Snack Bar- Blueberry; Mighty Snack Bar-

25  Strawberry; Mighty 4 Blends- Banana, Blueberry, Sweet Potato, Carrot, Greek Yogurt & Millet Tots Pouch; Mighty 4 Blends- Banana, Kiwi, Spinach, Greek Yogurt, & Barley Tots Pouch, Super

26  Puffs- Apple with Spinach; Super Puffs- Mango with Sweet Potato; Teensy Snacks- Berry.

27

28

actions involving heavy metals in consumer products. As discussed *supra,* Ms. Peterson and Ms. Hodge have been litigating consumer class actions involving the presence of heavy metals in dog foods for the past three years. In one of those cases, Judge Orrick recently certified a Rule 23(b)(2) class of California consumers who purchased dog food alleged to include heavy metals. *See Zeiger, v. WellPet LLC,* No. 3:17-CV-04056, 2021 WL 756109 (N.D. Cal. Feb. 26, 2021) (Rule 23(f) petition denied). This same order also denied summary judgment as to the plaintiff's consumer protection claims related to the presence of heavy metals and largely denied defendant's *Daubert* motion to exclude the plaintiff's liability expert's opinion on the potential risks of heavy metal ingestion and the ability to control levels in dog food. *Id.* Ms. Peterson and Ms. Hodge also have a case pending in this District concerning the presence of pentobarbital, a toxin used to euthanize animals, in dog food. This case has survived two motions to dismiss, and discovery is underway. *See In re Big Heart Pet Brands Litig.*, No. 18-cv-00861, 2019 WL 8266869 (N.D. Cal. Oct. 4, 2019); *In re Big Heart Pet Brands Litig.*, No. 18-cv-00861, ECF 176 (N.D. Cal. Oct. April 27, 2020) (Ex. 7).

Additionally, Ms. Peterson and Ms. Hodge have cases pending in the Northern Districts of New York and Illinois concerning Champion PetFoods, USA, Inc.'s false advertising of its dog food based on the inclusion of heavy metals and other contaminants and toxins. These cases have survived motions to dismiss (*Colangelo v. Champion Petfoods USA, Inc.*, No. 618CV1228, 2020 WL 777462 (N.D.N.Y. Feb. 18, 2020); *Zarinebaf v. Champion Petfoods USA, Inc.,* No. 18 C 6951, 2019 WL 3555383 (N.D. Ill. July 30, 2009)), and the parties have briefed class certification, completed expert discovery, and are in the midst of summary judgment briefing. They also represent plaintiffs in *Classick, et al. v. Schell & Kampeter, Inc. d/b/a Diamond Pet Foods*, another case concerning undisclosed presence of heavy metals in dog food which the district court denied a motion to dismiss in its entirety, noting that "[i]t is reasonable to believe that consumers would

decline to purchase the dog food if they knew it contained any level of contaminants and that those contaminants may be harmful to dogs." *Classick, et al. v. Schell & Kampeter, Inc. d/b/a Diamond Pet Foods,* No. 2:18-CV-02344, 2021 WL 2003118, at *4 (E.D. Cal. May 19, 2021).

These cases, many of which have progressed through fact and expert discovery, have provided Ms. Peterson and Ms. Hodge with specific knowledge and expertise for cases involving Heavy Metals, including the anticipated defenses of naturally occurring heavy metals and quasi-regulatory arguments. Ms. Peterson has taken and defended the liability and testing experts' depositions in these cases and, along with Ms. Hodge, has led class certification and dispositive motion practice, giving them both intimate understandings of the FDA, EPA, EU, and other governmental bodies' rules, regulations, guidance, and lack thereof, as well as familiarity with the theories that will likely drive the liability expert opinions, class certification, and dispositive motions here, such as bioaccumulation and ability to control the inclusion of heavy metals in a finished product. Moreover, each of these pet food cases are consumer cases seeking economic damages and alleging that the nondisclosure of the heavy metals to consumers made the packaging misleading—the same theory the Gulkarov Movants advance here. Thus, Proposed Interim Class Counsel's knowledge regarding Heavy Metals will be invaluable to the Class.

### C.   THE GULKAROV MOVANTS HAVE SUBSTANTIAL RESOURCES THEY ARE COMMITTING TO REPRESENTING THE CLASS.

The proposed Interim Co-Lead Class Counsel and the Executive Committee have substantial resources that they have and will continue to commit to representing the Class. LGN has 55 attorneys and 18 staff in three offices in Minneapolis, MN, Washington D.C. and Bismarck, ND; LDGA has 14 attorneys and 3 staff in 2 offices located in Newark, NJ and Philadelphia, PA; and Barrack Rodos Bacine has 17 attorneys in 3 offices located in San Diego, CA, Philadelphia, PA, New York, NY, and Newark, NJ. All are prominent national class action firms that have the funds and manpower to effectively and efficiently litigate this case. And each member of the

Proposed Interim Class Counsel is personally committed to prosecuting this case efficiently and expeditiously.

### D. THE GULKAROV MOVANTS WILL ENSURE THE COST-EFFECTIVE LITIGATION OF THIS MATTER

The Gulkarov Movants are committed to ensuring cost-effective representation of the class. Proposed Interim Class Counsel have agreed to the following measures to ensure cost-effective prosecution of these actions: (1) for tier 1 document review (which does not require the same level of expertise as document review with the intent of preparing for depositions or briefs), all reviewers will be capped at the rate of $250 per hour, and for higher level document review, both firms will seek to use their in-house, salaried staff attorneys with rates capped at $350 per hour; (2) only one senior attorney will attend most fact depositions; (3) no more than one lawyer from each firm will attend discovery hearings; (4) no more than one lawyer from each firm will attend significant hearings except that the lawyer taking the lead at the hearing may also bring a more junior lawyer, and a more senior lawyer may accompany a junior lawyer who is taking the lead at the hearing; and (5) only one attorney from each firm will participate in meet and confer sessions with Plum. Counsel will be pleased to implement any other efficiency-enhancing measures that the Court may deem appropriate.

The Gulkarov Movants will also require robust timekeeping policies to ensure the timely and detailed records of all billable time. Time must be contemporaneously tracked by attorneys and time descriptions must be sufficiently detailed to enable anyone reviewing the entries to identify the specific activity performed, the time spent on the activity and its purpose, and the relationship to the matter.

### E. THE GULKAROV MOVANTS BRING IMPORTANT DIVERSITY TO THEIR REPRESENTATION OF THE CLASS(ES).

Diversity has become an important issue not only in the legal profession as a whole but in class action leadership. *See, e.g.*, *Robinhood*, 2020 WL 7330596, at *2-3. The recent guidelines entitled, "Inclusivity and Excellence: Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class-Action Litigation," issued by the James F. Humphreys

Complex Litigation Center, George Washington Law School (March 15, 2021) (the "Guidelines"),[7] "address the judiciary's responsibility for, and role in, giving lawyers across the profession an equal opportunity to be appointed to MDL and class-action leadership positions," (the Guidelines at 1), particularly women, minorities, disabled attorneys and LGBTQ lawyers. *Id.* at iii.  The Guidelines further stress that "[t]he judge should recognize that diversity enhances the quality of the decision-making process and results and should make appointments consistent with the diversity of our society and justice system." *Id.* at 14 (Guideline 1).

With respect to Rule 23(g), the Guidelines state that "appointing diverse counsel to leadership roles can be important to fulfilling" the court's obligation to selecting counsel who will fairly and adequately represent the interests of the class.  *Id.* at 6. The Guidelines also state that appointing non-repeat yet able attorneys to leadership positions "provides the opportunity to train future leaders, permitting the system to work well in the years to come." *Id.* at 11.

The Gulkarov Movants' proposed leadership structure is fully consistent with the foregoing Guidelines and Best Practices as well as recent cases supporting diversity in such appointments. First, women account for 93% of consumer purchases of food, and "80% of women say they are the primary grocery shoppers for their households."[8] As such, a leadership structure composed of two female attorneys aptly reflects the likely constitution of the proposed class members here. In addition, Proposed Interim Class Counsel have a vast range of age and years practicing law, including amply experienced but younger attorneys who have few leadership appointments. This structure will ensure that younger qualified attorneys will be given an opportunity to hold important

---

[7] https://www.law.gwu.edu/sites/g/files/zaxdzs2351/f/downloads/DIVERSITY%20MASTER%20REVISED_0.pdf (last accessed June 29, 2021).

[8]  https://girlpowermarketing.com/statistics-purchasing-power-women/ (last accessed June 29, 2021). *See also* https://m2w.biz/fast-facts/ ("Women Account for 85% of overall consumer spending…" and 93% Food") (last accessed June 29, 2021).

**MOTION FOR APPOINTMENT OF**
**INTERIM CLASS COUNSEL**                    20
Case No. 4:21-CV-00913 (YGR)

leadership positions and be afforded significant roles in the litigation.

All the Proposed Interim Class Counsel firms fully support diversity and intend on staffing this case accordingly. For example, Ms. Peterson's firm, LGN, is committed to developing and fostering a diverse and an inclusive practice environment to reflect the diversity of its clients and the greater community.[9] LGN recognizes that its firm is stronger when it includes all individuals regardless of gender, race, ethnicity, national origin, sexual orientation, gender identity or expression, or physical ability. *Id.* In fact, "[w]omen make up half of LGN's attorneys and almost 40% of [LGN's] partners – a figure well ahead of the national average." *Id.* LGN is also an active member of Twin Cities Diversity in Practice, a local association of more than sixty law firms and corporate legal departments, including those of Fortune 500 companies, committed to creating a vibrant and inclusive legal community.

Ms. Hodge's firm has a long-standing tradition of recruitment, retention, and advancement of women and minority attorneys. Joint Decl., Ex. 2 at 1. The firm currently boasts a team comprised of 50% women and/or minority attorneys, including at the partnership level. *Id.* LDGA actively recruits women and minority attorneys and regularly staffs its summer associate positions with law students participating in the Rutgers Minority Student Program. *Id.* LDGA is also committed to supporting and representing the minority and socioeconomically disadvantaged population in Newark, New Jersey. *Id.* at 2. To that end, it has regularly participated in a summer hiring program that employs minority students from University High School in order to provide inner city students with valuable exposure to a law practice. *Id.* Additionally, Ms. Hodge was one of the first attorneys to handle pro bono appeals in the New Jersey Appellate Division's Pro Bono Civil Pilot Program and has represented *pro se* Newark residents in eviction and domestic violence

---

[9] *See* https://www.locklaw.com/diversity-and-inclusion/.

**MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

1  matters as part of that program. *Id.* at 12-13.

2      Mr. Basser's firm is also a strong proponent of diversity.  See Basser Decl. at ¶ 7. Barrack

3  seeks to promote a diverse workforce in every staffing level. Although the Firm's personnel have

4  remained very stable over many years, Barrack makes every effort to hire women and minority

5  applicants as positions become available. *Id.* Where the position is for a recent law school graduate,

6  Barrack has an ongoing arrangement with a local law school for the school to recommend qualified

7  minority applicants. *Id.*

8

9  **V.    CONCLUSION**

10      For all of the foregoing reasons, the Gulkarov Movants respectfully submit that the Court

11  appoint Rebecca A. Peterson (Lockridge Grindal Nauen P.L.L.P.) and Susana Cruz Hodge (Lite

12  DePalma Greenberg & Afanador, LLC) as Interim Co-Lead Counsel, and Stephen R. Basser

13  (Barrack Rodos Racine) as an Executive Committee member.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

22

1    Dated:  June 29, 2021                    **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

2                                             By:  *s/ Rebecca A. Peterson*
3                                             Rebecca A. Peterson (*admitted Pro Hac*)
                                              Robert K. Shelquist (*admitted Pro Hac*)
4                                             100 Washington Avenue South
                                              Suite 2200
5                                             Minneapolis, MN 55401
                                              Phone: (612) 339-6900
6                                             Fax: (612) 339-0981
7                                             *rapeterson@locklaw.com*
                                              *rkshelquist@locklaw.com*
8
                                              **LITE DEPALMA GREENBERG &**
9                                             **AFANADOR, LLC**

10                                            By:  *s/ Susana Cruz Hodge*
11                                            Susana Cruz Hodge (*admitted Pro Hac*)
                                              Joseph J. DePalma (*admitted Pro Hac*)
12                                            570 Broad Street, Suite 1201
                                              Newark, New Jersey 07102
13                                            Phone:  (973) 623-3000 ext. 3811
                                              Fax:  (973) 623-0858
14                                            *scruzhodge@litedepalma.com*
15                                            *jdepalma@litedepalma.com*

16                                            ***Proposed Interim Co-Lead Counsel for the Class***

17                                            **BARRACK RODOS & BACINE**
18                                            By:  *s/ Stephen R. Basser*
                                              Stephen R. Basser
19                                            One America Plaza
                                              600 West Broadway, Suite 900
20                                            San Diego, CA 92101
                                              Telephone: (619) 230-0800
21                                            Facsimile:  (619) 230-1874
                                              E-mail: sbasser@barrack.com
22

23                                            ***Proposed Executive Committee Member***

24                                            **GUSTAFSON GLUEK PLLC**
                                              Dennis Stewart (SBD 99152)
25                                            600 B Street
                                              17th Floor
26                                            San Diego, CA 92101
                                              Telephone: (619) 595-3299
27                                            E-mail: dstewart@gustafsongluek.com

28

**MOTION FOR APPOINTMENT OF**
**INTERIM CLASS COUNSEL**                          23
Case No. 4:21-CV-00913 (YGR)

1

2

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson

3

Amanda M. Williams
Mary M. Nikolai

4

Canadian Pacific Plaza
120 South Sixth Street, Suite 2600

5

Minneapolis, MN 55402
Telephone: (612) 333-8844

6

E-mail: dgustafson@gustafsongluek.com

7

awilliams@gustafsongluek.com
mnikolai@gustafsongluek.com

8

9

**CARLSON LYNCH LLP**
Todd D. Carpenter (234464)

10

Scott G. Braden (305051)
1350 Columbia Street, Suite 603

11

San Diego, CA 92101
Telephone: (619) 762-1900

12

E-mail: tcarpenter@carlsonlynch.com
sbraden@carlsonlynch.com

13

14

**CALCATERRA POLLACK LLP**
Michael Liskow

15

Janine L. Pollack
1140 Avenue of the Americas, 9th Floor

16

New York, NY 10036
Telephone: (917) 899-1765

17

E-mail: mliskow@calcaterrapollack.com
jpollack@calcaterrapollack.com

18

19

**GEORGE GESTEN MCDONALD, PLLC**

20

Lori G. Feldman
102 Half Moon Bay Drive

21

Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321

22

E-mail: LFeldman@4-Justice.com
E-service: eService@4-Justice.com

23

24

25

26

27

28

**MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

24

**GEORGE GESTEN MCDONALD, PLLC**
David J. George
Brittany L. Brown
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Telephone: (561) 232-6002
E-mail: DGeorge@4-Justice.com
E-service: eService@4-Justice.com

**CUNEO GILBERT & LADUCA, LLP**
Charles Laduca
Katherine Van Dyck
C. William Frick
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone:(202) 789-3960
Facsimile: (202) 789-1813
E-mail: charles@cuneolaw.com
kvandyck@cuneolaw.com
bill@cuneolaw.com

**WEXLER WALLACE, LLP**
Kenneth A. Wexler
Kara A. Elgersma
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
E-mail: kaw@wexlerwallace.com
kae@wexlerwallace.com

**TAUS, CEBULASH & LANDAU, LLP**
Kevin Landau
Miles Greaves
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
E-mail: klandau@tcllaw.com
mgreaves@tcllaw.com

**MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SALTZ, MONGELUZZI, & BENDESKY, P.C.**
Simon B. Paris
Patrick Howard
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 575-3895
E-mail: sparis@smbb.com
phoward@smbb.com

**SAUDER SCHELKOPF**
Matthew D. Schelkopf
Lori G. Kier
Davina C. Okonkwo
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
E-mail: mds@sstriallawyers.com
lgk@sstriallawyers.com
dco@sstriallawyers.com

*Counsel for Plaintiffs*

**MOTION FOR APPOINTMENT OF**
**INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 29, 2021, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Rebecca A. Peterson*
Rebecca A. Peterson

**MOTION FOR APPOINTMENT OF
INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

27