LOCKRIDGE GRINDAL NAUEN P.L.L.P.
REBECCA A. PETERSON (241858)
ROBERT K. SHELQUIST
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
        rkshelquist@locklaw.com

LITE DEPALMA GREENBERG & AFANADOR, LLC
JOSEPH J. DEPALMA (*pro hac vice*)
SUSANA CRUZ HODGE (*pro hac vice*)
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone:  (973) 623-3000
E-mail: jdepalma@litedepalma.com
        scruzhodge@litedepalma.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE PLUM BABY FOOD LITIGATION<br><br>This document relates to:<br><br>All Actions | Case No. 4:21-CV-00913 (YGR)<br><br>**JOINT DECLARATION IN SUPPORT OF MOTION FOR APPOINTMENT OF REBECCA A. PETERSON AND SUSANA CRUZ HODGE AS INTERIM CLASS COUNSEL** |

We, Rebecca A. Peterson and Susana Cruz Hodge, hereby declare and state as follows:

1. We are counsel for Plaintiffs Ludmila Gulkarov, Janine Torrence, Kelly McKeon, Josh Crawford, Mayra Moore, Jessica David, Heather Age, Autumn Ellison, and Vanessa Mathiesen (the "Gulkarov Movants") in the above-entitled litigation.  This Declaration is being made in support of the Gulkarov Movants' Motion for Appointment of Rebecca A. Peterson and Susana Cruz Hodge as Interim Co-Lead Counsel, and Stephen R. Basser as Executive Committee

1

**JOINT DECLARATION IN SUPPORT OF
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

member. Except as otherwise stated, we make this declaration based on personal knowledge, and if called to do so, we could testify competently to the information set forth below.

**Procedural Background and Litigation Posture**

2. On February 5, 2021, Plaintiff Ludmila Gulkarov filed the first putative consumer class action against Plum, PBC alleging misleading and deceptive business practices based on the undisclosed inclusion of heavy metals in Plum's baby food. (ECF No. 1.)

3. On February 15, 2021, Plaintiffs Kelly McKeon and Josh Crawford filed a putative consumer class against Plum, PBC and Plum, Inc., d/b/a Plum Organics alleging misleading and deceptive business practices based on the undisclosed inclusion of heavy metals in Plum's baby food (the "McKeon Action").

4. On February 19, 2021, Plaintiff Gulkarov sought consolidation of her action with the McKeon Action. (ECF No. 10.) The Court granted Plaintiff Gulkarov's motion on March 9, 2021. (ECF No. 14.)

5. On March 11, 2021, Plaintiffs Gulkarov, Janine Torrence, Kelly McKeon, and Josh Crawford (the "Gulkarov Plaintiffs") filed a Consolidated Class Action Complaint Plum, PBC and Plum, Inc. (collectively "Defendants" or "Plum"). (ECF No. 15.)

6. On April 6, 2021, the Gulkarov Plaintiffs and several other plaintiffs stipulated to consolidating the following related actions:

   a. *Pereira v. Campbell Soup Company*, No. 21-cv-01767 (N.D. Cal.) filed on February 12, 2021;

   b. *Mathiesen v. Plum, PBC*, No. 21-cv-01763 (N.D. Cal.) filed on March 12, 2021; and

   c. *Ellison v. Plum, PBC*, No. 21-cv-02015 (N.D. Cal.) filed on March 23, 2021.

2

**JOINT DECLARATION IN SUPPORT OF**
**MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

7.      On April 12, 2021, Defendants moved to transfer this matter to the District of New Jersey. (ECF No. 34.) Ms. Peterson contacted all counsel to coordinate opposing the motion to transfer and took lead in drafting and opposing that motion. (ECF No. 53.)

8.      On May 3, 2021, the Court consolidated the Gulkarov Plaintiffs' Consolidated Action with the *Pereira*, *Mathiesen*, *Ellison*, and *David v. Plum PBC*, No. 21-cv-2059 (N.D. Cal.) actions. (ECF No. 59.) The Court ordered the parties to file a Consolidated Complaint within thirty (30) days of the decision of the Judicial Panel of Multidistrict Litigation ("JPML") regarding the transfer of this matter. (*Id.* at ¶7.) The JPML issued an Order denying transfer on June 7, 2021. (ECF No. 66.)

9.      The Court also vacated the hearing set for Defendants' Motion to Transfer and ordered the parties to confer on a leadership structure and file a motion, if necessary. (ECF No. 59 at ¶¶6, 8.)

10.     All plaintiffs' counsel met and conferred regarding the leadership structure for this case and all but counsel for Plaintiff Pereira support this motion. Counsel for Plaintiff Pereira has indicated she will not take any position with respect to the instant motion.

11.     The undersigned also conferred with Defendants' counsel regarding the instant motion.

12.     The Gulkarov Plaintiffs' counsel have taken numerous steps to ensure the efficient coordination and advancement of this case. Aside from spearheading the above-referenced consolidations and the opposition to Defendants' Motion to Transfer, the Gulkarov Plaintiffs' counsel undertook third-party testing of the baby food at issue here and included that testing in the Consolidated Complaint. (ECF No. 15 at ¶102.)

13.     In addition, the Gulkarov Plaintiffs' counsel have taken other steps to advance this litigation. On February 12, 2021, the Gulkarov Plaintiffs' counsel sent Plum pre-suit notices

pursuant to the Consumers Legal Remedies Act. On March 1, 2021, Ms. Peterson served a Freedom of Information Act request on the U.S. Food and Drug Administration (FDA) regarding the inclusion of heavy metals in Defendants' baby food and the February 4, 2021 Congressional Report. This request sought all documents and communications relating to:

- The Congressional Report, including any documents submitted by the FDA to the Subcommittee or by the Subcommittee to the FDA;

- Total Diet Study, including test results for those foods commonly eaten by infants and toddlers and the documents used to inform and/or support those test results;

- Toxic Elements in Food and Foodware, and Radionuclides in Food compliance program, including test results submitted to the FDA's Center for Food Safety and Applied Nutrition and documents regarding those instances when results for foods commonly eaten by infants and toddlers exceeded normal concentrations;

- Targeted sampling assignments, including test results for those foods commonly eaten by infants and toddlers and the documents used to inform and/or support those test results;

- Toxic Elements Working Group (the "Group"), including test results for those foods commonly eaten by infants and toddlers and the documents used to inform and/or support those test results; data from studies conducted by third parties used to inform the Group's work as related to foods commonly eaten by infants and toddlers; and notes, drafts, and final versions of any recommendations or guidance issued by the Group related to foods commonly eaten by infants and toddlers;

- Baby Food Council, including Council and committee meeting agendas, notes, and minutes, and notes, drafts or final versions of any guidance or standards regarding the Baby Food Standard and Certification; and

- Any internal or external communications sent to or received by the FDA regarding foods commonly eaten by infants and toddlers and related to the Report; the Total Diet Study; the Toxic Elements in Food and Foodware, and Radionuclides in Food compliance program; targeted sampling assignments; the Toxic Elements Working Group; or Baby Food Council.

The FDA has not responded in substance to the FOIA request to date.

4
**JOINT DECLARATION IN SUPPORT OF
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)

14. The Gulkarov Plaintiffs' counsel have also begun contacting potential experts regarding heavy metals and on March 25, 2021, served discovery on Defendants. (ECF No. 53-7.) They have also taken the lead on drafting the Consolidated Complaint due on July 7, 2021, and intend to confer with counsel for Plum with respect to case management issues once the Consolidated Complaint is filed.

15. Moving forward, the undersigned will expend the resources necessary to oppose the anticipated motion to dismiss and execute e-discovery and deposition strategies, zealously litigate contested class certification and summary judgment proceedings, retain all necessary experts, and take this matter to trial and beyond, if necessary.

16. Ms. Peterson's and Ms. Hodge's firms also both have the resources required to litigate this case to a successful conclusion, and frequently work on cases that involve the management and coordination of many law firms and lawyers, and both firms are highly experienced in those collaborative tasks. We anticipate that document productions, as with most cases of this size and complexity, will reach into the hundreds of thousands of documents and require a document coding and review protocol to be deployed with assistance from attorneys at the various plaintiffs' law firms. We expect that the litigation in this case is likely to be hard fought and labor intensive, necessitating a few dozen depositions throughout the United States, significant and complex motion practice, class certification proceedings, and potential settlement negotiations and appeals. Our firms are well acquainted with such litigation activities and are prepared to take all necessary steps to advance the case and protect the interests of the Class.

17. True and correct copies of Ms. Peterson's and Ms. Hodge's submissions reflecting their qualifications are attached as **Exhibits 1 and 2**.

**PROPOSED INTERIM CO-LEAD COUNSEL**

18. **Rebecca A. Peterson of Lockridge Grindal Nauen P.L.L.P.:** Ms. Peterson is a partner at Lockridge Grindal Nauen P.L.L.P. ("LGN") and is admitted to the state bars of California and Minnesota. Ms. Peterson practices in the firm's class action group with a focus on consumer protection. She has been part of successful prosecution of actions on behalf of consumers in both state and federal courts. Ms. Peterson has been part of various trial teams, including recently in *In re Syngenta Litig. (Minn. Producers),* No. 27-cv-15-3785 (Henn. Co. Dist. Ct., Minn.) and, alongside with the trial team, was recognized as Attorney of the Year by Minnesota Lawyer for her work on behalf of U.S. farmers in that case.

19. Ms. Peterson, along with Ms. Hodge, has spent the last three years extensively litigating numerous mislabeling consumer cases involving heavy metals and other contaminants. In these actions, she acted as lead counsel and conducted and defended dozens of depositions, including expert depositions. She has also vetted and worked extensively with experts that have the specific expertise required for opining on heavy metals testing and related quality control practices that are available for food manufacturers. Ms. Peterson has argued class certification motions and key dispositive motions. As a result of her experience, Ms. Peterson has significant knowledge of the legal, discovery, expert, and factual issues that are critical in litigating consumer class cases concerning heavy metals and other contaminants.

20. Currently, Ms. Peterson is co-lead counsel in *In re Big Heart Pet Brands Litigation*, Civil No. 4:18-cv-00861-JSW (N.D. Cal.), which involves consumer protection claims based on an undisclosed contaminant, pentobarbital, in dog food.

21. **Susana Cruz Hodge of Lite DePalma Greenberg & Afanador, LLC ("LDGA"):** Ms. Hodge focuses her practice primarily on product liability and consumer fraud class actions. She has actively participated in several successful consumer cases, including *Cole v. NIBCO, Inc.*,

No. 13-cv-07871 (D.N.J.), a case involving defective plumbing piping, tubing and fixtures that resulted in a nationwide consumer settlement worth $44 million; *Schwartz v. Avis Rent a Car System, LLC*, No. 11-4052 (D.N.J.), a case involving fraudulent fee charges that resulted in a nationwide consumer settlement worth up to $13 million; and *In re Shop-Vac Marketing and Sales Practices Litig.*, No. 4:12-MD-2380 (M.D. Pa.), a case involving misrepresentation of the peak horsepower of wet/dry vacuums that resulted in a nationwide settlement fund valued at $174 million.

22.     Ms. Hodge, along with Ms. Peterson, has spent the last three years litigating cases across the country involving heavy metal, BPA, and other toxins in pet food, including *Colangelo v. Champion Petfoods USA, Inc.*, No. 6:18-cv-01228 (N.D.N.Y.), *Zarinebaf et al v. Champion Petfoods USA, Inc.*, No. 1:18-cv-06951 (N.D. Ill.), *Grossman v. Schell & Kampeter, Inc.*, No. 2:18-cv-02344 (E.D. Cal.), and *Zeiger v. WellPet LLC*, No. 3:17-cv-04056 (N.D. Cal.), where a class of California dog food purchasers was recently certified. Ms. Hodge also plays a lead role for LDGA in the *In re Big Heart Pet Brands Litigation*, Civil No. 4:18-cv-00861-JSW (N.D. Cal.), a case involving poisonous toxins in pet food where LDGA was appointed to the Executive Committee. As a result of actively participating in these matters at every stage, including class certification and expert discovery, Ms. Hodge has gained extensive experience and knowledge regarding the issues that are critical in litigating cases concerning heavy metals and other toxins and contaminants.

23.     In July 2020, Ms. Hodge was appointed as member of the Executive Committee in *In re Robinhood Outage Litigation*, No. 20-01626- JD (N.D. Cal.), a putative class action filed on behalf of users of Robinhood's trading platform.

**PROPOSED EXECUTIVE COMMITTEE**

24. Given the complexity and scope of the litigation, we believe the appointment of an Executive Committee comprised of Stephen R. Basser Barrack Rodos & Bacine of will facilitate the best representation of the Class. A true and correct copy of his submission reflecting his qualifications is attached as **Exhibit 3**.

25. We believe that having the support of the proposed Executive Committee will ensure work is performed efficiently by capable and experienced professionals to achieve the best results for the Class. As indicated by his credentials, Mr. Basser possesses substantial experience in consumer fraud and complex class action litigation, including significant trial experience, and brings a diverse set of professional and personal experiences.

26. The proposed Interim Co-Lead Class Counsel and Executive Committee have substantial resources that they intend to continue to commit to representing the Class, and is committed to prosecuting this case efficiently and expeditiously.

27. In managing the litigation, and to increase efficiency and avoid duplication of effort, we intend to implement a strict monthly time and expense reporting protocol, which can be provided to the Court, as well as periodic reports, *in camera*, if requested.

28. We also intend to implement the following measures to ensure cost-effective prosecution of these actions: (1) for tier 1 document review (which does not require the same level of expertise as document review with the intent of preparing for depositions or briefs), all reviewers will be capped at the rate of $250 per hour and for higher level document review, all firms will seek to use their in-house, salaried staff attorneys, and their rates will be capped at $350 per hour; (2) only one senior attorney will attend most fact depositions; (3) no more than one lawyer from each firm will attend discovery hearings; (4) no more than one lawyer from each firm will attend

significant hearings except that the lawyer taking the lead at the hearing may also bring a more junior lawyer, and a more senior lawyer may accompany a junior lawyer who is taking the lead at the hearing; and (5) only one attorney from each firm will participate in meet and confer sessions with Defendants.

29. A true and accurate copy of the opinion in *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 9:20-md-2924, ECF No. 685 (PTO # 20) (S.D. Fla. May 5, 2020) is attached hereto as **Exhibit 4**.

30. A true and accurate copy of the opinion in *In re: United Specialty Ins. Co. Ski Pass Ins. Litig.*, Case No. 4:20-md-02975, ECF 19 (N.D. Cal. Dec. 10, 2020) is attached hereto as **Exhibit 5**.

31. A true and accurate copy of the opinion in *Cameron v. Apple Inc.*, Case No. 3:19-cv-03796, ECF 65 (N.D. Cal. Oct. 10, 2019) is attached hereto as **Exhibit 6**.

32. A true and accurate copy of the opinion in *In re Big Heart Pet Brands Litig.*, No. 18-cv-00861, ECF 177 (N.D. Cal. Oct. April 27, 2021) is attached hereto as **Exhibit 7**.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| Executed this 29th day of June, 2021 in Minneapolis, Minnesota. | Executed this 29th day of June, 2021 in Newark, New Jersey. |
| LOCKRIDGE GRINDAL NAUEN P.L.L.P. | LITE DEPALMA GREENBERG & AFANADOR, LLC |
| By: s/ *Rebecca A. Peterson* <br> Rebecca A. Peterson | By: s/ *Susana Cruz Hodge* <br> Susana Cruz Hodge |

9

**JOINT DECLARATION IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**
Case No. 4:21-CV-00913 (YGR)