# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE PLUM BABY FOOD LITIGATION,**<br><br>This Document Relates to:  All Actions | CASE NO.  21-cv-913-YGR<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING RE: MOTION TO TRANSFER** |

    Plaintiffs in this consolidated action bring, *inter alia*, consumer protection claims in connection with defendant Plum, PBC's baby food products which allegedly contain toxic heavy metals.  Prior to consolidation, Plum and its parent company Campbell Soup Company moved to transfer the five class actions (now consolidated) to the District of New Jersey, where both are also defendants in four actions (also now consolidated) involving the same issues.

    In opposing the transfer motion, the *Gulkarov* plaintiffs dispute that their lawsuit could have been brought in the District of New Jersey.  Specifically, they raise the issue of personal jurisdiction, arguing that "[b]oth during the class period and at the time [they] purchased the Plum products at issue, Plum was indisputably headquartered in this District." (Opposition, Dkt. No. 53, at 7.)  Although general personal jurisdiction is determined at the time the suit was filed, *see Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 422 (9th Cir. 1977) (general personal jurisdiction "must be shown at the time suit was filed"), the Court has concerns that the District Court of New Jersey may not have personal jurisdiction over Plum.[1]

---

[1] The parties do not dispute that Campbell is based in New Jersey.  However, "[p]ersonal jurisdiction over each defendant must be analyzed separately." *Harris Rutsky & Co. Ins. Servs, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (citing *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989)).

The *Gulkarov* plaintiffs have proffered evidence that Plum's principal place of business is in Emeryville, California. Specifically, in a "Corporation – Statement of Information" filing with the California Secretary of State dated January 27, 2021, Plum listed "1485 Park Avenue, Emeryville, California 94608" as the address of its principal executive office. (Peterson Declaration, Exh. A, Dkt. No. 53-2.) This statement was filed ten days before the February 5, 2021 filing of the *Gulkarov* action, the first action filed against Plum in this District.

By declaration filed by its Assistant Secretary Keely Stewart, Campbell represents that the filing was made "in error." (Stewart Declaration, Dkt. No. 34-1, ¶ 6.) Campbell concedes that Plum previously maintained its principal place of business in Emeryville. However, following its acquisition of Plum in 2013, "Campbell transferred all of Plum's business operations to Campbell's corporate headquarters in Camden, New Jersey. The transfer of the entirety of Plum's business operations to New Jersey was completed in 2018. After that time, Plum's principal place of business was in Camden, New Jersey, and it maintained no employees, headquarters, offices, or corporate operations in California." (*Id.* ¶ 4.) After learning of the filing error with the California Secretary of State, Stewart represents that Plum filed a Certificate of Surrender listing One Campbell Place, Camden, New Jersey 08103 as the proper address for its operations. (*Id.* ¶ 7.)

But for Mr. Stewart's representations, defendants provide no evidence that Plum, a Delaware corporation, primarily conducted business in New Jersey for purposes of general personal jurisdiction. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (in paradigm case, a corporation is subject to general personal jurisdiction in its place of incorporation and principal place of business). Nor is it immediately clear that any of the claims brought by the plaintiffs in this District arise from or relate to Plum's activities in New Jersey for purposes of specific personal jurisdiction. *See id.* at 1025 (for specific jurisdiction, "the plaintiff's claims 'must arise out of or relate to the defendant's contacts' with the forum") (quoting *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017)).[2]

---

[2] The *Gulkarov* plaintiffs filed a proof of service indicating that Plum was served with process in Delaware. (Proof of Service, Dkt. No. 9.)

Accordingly, the Court is inclined to deny the motion as defendants have failed to adduce prima facie evidence that the District Court of New Jersey has personal jurisdiction over Plum. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought*.") (emphasis supplied). As this issue has not been adequately briefed, by no later than **12:00 p.m.** on **July 12, 2021**, the parties may supplement their briefing by submitting a statement not to exceed **five pages** as to whether the District Court of New Jersey has personal jurisdiction over Plum. The filing of the consolidated class action complaint shall be **CONTINUED** until further order from the Court pending resolution of this issue, and if appropriate, appointment of counsel.

**IT IS SO ORDERED.**

Dated: July 6, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**