1
2
3
4
5
6
7

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
REBECCA A. PETERSON (241858)
ROBERT K. SHELQUIST
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
          rkshelquist@locklaw.com

Attorneys for Plaintiffs
[Additional Counsel on Signature Page]

8
9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

10
11
12
13
14
15
16
17
18

LUDMILA GULKAROV, JANINE
TORRENCE, KELLY MCKEON, and
JOSH CRAWFORD, Individually and on
Behalf of All Others Similarly Situated,

      Plaintiffs,

 v.

PLUM, PBC, and PLUM, INC., Delaware
corporations,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 21-cv-00913-YGR

**PLAINTIFFS' SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO
MOTION TO TRANSFER THESE
RELATED CASES TO THE UNITED
STATES DISTRICT COURT, DISTRICT
OF NEW JERSEY**

19
20
21
22
23
24
25
26
27
28

Pursuant to this Court's July 6, 2021 Court Order (Dkt. 74), Plaintiffs Ludmila Gulkarov, Janine Torrence, Kelly McKeon, Josh Crawford, Vanessa Mathiesen, Jessica David, and Heather Age (collectively, "*Gulkarov* Plaintiffs") submit this supplemental briefing in opposition to Defendants' motion to transfer this action to New Jersey. (Dkt. 34.).

## I.   ARGUMENT

A court must have personal jurisdiction over a defendant, and this is true for any requested transferee court. *See Daimler AG v. Bauman,* 134 S. Ct. 746, 753 (2014); *Pac. Coast Marine Windshields v. Malibu Boats*, No. 1:11-CV-01594-LJO, 2011 WL 6046308, at *4 (E.D. Cal. Dec. 5, 2011)*, report and recommendation adopted sub nom. Pac. Coast Marine Windshields v. Boats*, No. 1:11-CV-1594 LJO BAM, 2012 WL 12903557 (E.D. Cal. Jan. 4, 2012) ("Well-established authority makes clear that a transferee court must have jurisdiction over the defendants in the transferred complaint."). When evaluating general personal jurisdiction, "courts must examine the defendant's contacts with the forum at the time of the events underlying the dispute when determining whether they have jurisdiction." *Steel v. U.S.,* 813 F.2d 1545, 1548 (9th Cir. 1987). *See Delphix Corp. v. Embarcadero Techs., Inc.,* 749 F. App'x 502, 505 (9th Cir. 2018). "'[A] general jurisdiction inquiry should consider all of a defendant's contacts with the forum state prior to the filing of the lawsuit, rather than just those contacts that are related to the particular cause of action the plaintiff asserts.'" *Doe v. Dinnis,* No. 18-CV-05393-DMR, 2020 WL 9422326, at *4 (N.D. Cal. Feb. 24, 2020), *report and recommendation adopted,* No. 18-CV-05393-YGR, 2020 WL 9422398 (N.D. Cal. Apr. 7, 2020) (quoting *Delphix Corp.,* 749 F. App'x at 506). In determining how far back from the events giving rise to the suit, "most courts use a 'reasonable time' standard yielding timeframes of roughly three to seven years." *Delphix Corp.,* 749 F. App'x at 506 (citations omitted). As such,

1

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

1   the relevant time period to determine whether Plum had sufficient contacts with New Jersey is

2   2012-2019 – the seven year period leading up to 2019 when the Subcommittee on Economic and

3   Consumer Policy started its investigation into the heavy metals in Plum baby food. (Dkt. 15-1 at

4   3.)  An inquiry into specific jurisdiction "'focuses on the relationship among the defendant, the

5   forum, and the litigation,' and 'the defendant's suit-related conduct must create a substantial

6   connection with the forum.'" *Alejandro Fernandez Tinto Pesquera, S.l v. Fernandez Perez*, No.

7   20-CV-02128-LHK, 2021 WL 254193, at *8 (N.D. Cal. Jan. 26, 2021) (quoting *Walden v. Fiore*,

8   571 U.S. 277, 285 (2014)).  The facts do not support a New Jersey court exercising general or

9   specific personal jurisdiction over Plum during the majority of the relevant period even if Plum

10  can establish its headquarters were completely transferred to New Jersey by January 2019.

11

12          Plum did not have significant contact with New Jersey during the relevant time period for

13  this case.  The *Gulkarov* Plaintiffs' claims relate to Plum's failure to properly formulate,

14  manufacture, test, package, and advertise its baby foods.  Plum did not manufacture, test,

15  package, or manufacture its baby food in New Jersey during the majority of the time period at

16  issue here.  The declaration of Kelly J. Stewart submitted by Plum fails to state that the

17  formulation, manufacturing, testing, packaging, or advertising of Plum's baby food has ever

18  occurred in New Jersey at all. (Dkt. 34-1.) And publicly available information fails to show that

19  any of Plum's activity at issue here occurred in New Jersey at any time during the relevant

20  period.  To the contrary, this information indicates that Plum's relevant conduct remained in

21  California throughout any reasonable relevant period.  When Campbell acquired Plum in 2013, it

22  stated that Plum's operations would remain in Emeryville, California[1] and will be operated as a

23

24

25

26

27  ───────────────────

[1] https://www.cbsnews.com/news/campbell-soup-buys-plum-organics/

2

28  PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO
    TRANSFER
    CASE NO. 21-cv-00913-YGR

"standalone business."[2] Following this directive,"[s]enior members of Plum Organics' management team, including Grimmer, will join Campbell, and continue to lead Plum and its mission-driven culture from Emeryville."[3]  Mr. Grimmer stayed on as an executive in California for over five years and departed in March 2019.  (Declaration of Rebecca A. Peterson ("RAP Dec."); Exs. 1-3.)[4]  During this time, Campbell had two or three principal manufacturing plants in California that included the Plum business segment and none in New Jersey that manufactured Plum products. (RAP Dec. Exs. 4-6.) It does not appear that any employee of Plum is located in New Jersey, yet there are various employees that appear to be located in California. (RAP Dec. Exs. 2-3.)

Additionally, Plaintiff Gulkarov filed the first action against Plum in this District and her claims arise from purchases of Plum's baby food made from approximately 2014 through 2017– a time period Defendant does not dispute it was located in California. (Dkt. 15; ¶23.)  This is the same time period during which Plaintiff David made Plum purchases.  Likewise, the claims of Plaintiffs McKeon and Crawford arise from purchases of Plum baby food made in 2018—when Plum was still headquartered in California. (Dkt. 15; ¶¶27-29.)  As such, the relevant time period for most of the *Gulkarov* Plaintiffs' claims cover when there is no dispute that Plum's conduct emanated from California—not New Jersey—even if Plum's current assertion that it completely moved its headquarters to New Jersey by 2019 is correct.

---

[2] https://www.campbellsoupcompany.com/newsroom/press-releases/campbell-to-acquire-plum-organics-a-leading-premium-organic-kids-nutrition-company/

[3] *Id.*

[4] https://www.waterinno.com/people-bio/neil-grimmer

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

Plum claims that its January 27, 2021, filing with the California Secretary of State was in error. But Plum also filed a Statement of Information on December 26, 2019, that likewise listed Emeryville, California as its headquarters. (RAP Dec. Ex. 7.) In Plum's February 22, 2021, Certificate of Surrender filed with California's Secretary of State, it did not state that the surrender would retroactively apply to any previous years. (RAP Dec. Ex. 8.) This 2021 filing also stated: "All final returns required under the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board," but failed to indicate if those filings would cover the years Plum claims it was not a California business. (*Id.*) These issues should be addressed by Plum if the Court is inclined to find that Plum has transferred all of its business operations out of California, and the *Gulkarov* Plaintiffs likewise respectfully request discovery on this issue.

Therefore, the Court should deny Defendant's motion to transfer this action to New Jersey for lack of personal jurisdiction along with the reasons stated in *Gulkarov* Plaintiffs' prior submissions.

Dated: July 12, 2021                    LOCKRIDGE GRINDAL NAUEN P.L.L.P.
                                         ROBERT K. SHELQUIST
                                         REBECCA A. PETERSON

                                         By:  s/  Rebecca A. Peterson

                                         100 Washington Avenue South, Suite 2200
                                         Minneapolis, MN 55401
                                         Telephone: (612) 339-6900
                                         Facsimile:  (612) 339-0981
                                         E-mail: rkshelquist@locklaw.com
                                                 rapeterson@locklaw.com

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR

LITE DEPALMA GREENBERG & AFANADOR, LLC
Joseph DePalma
Susana Cruz Hodge
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: jdepalma@litedepalma.com
         scruzhodge@litedepalma.com

CUNEO GILBERT & LADUCA, LLP
Charles LaDuca
Katherine Van Dyck
C. William Frick
4725 Wisconsin Avenue NW, Suite 200
Washington, DC 20016
Telephone:(202) 789-3960
Facsimile:  (202) 789-1813
E-mail: charles@cuneolaw.com
         kvandyck@cuneolaw.com
         bill@cuneolaw.com

GUSTAFSON GLUEK PLLC
Daniel E. Gustafson
Mary M. Nikolai
Catherine K. Smith
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
E-mail: dgustafson@gustafsongluek.com
         mnikolai@gustafsongluek.com
         csmith@gustafsongluek.com

GUSTAFSON GLUEK PLLC
Dennis Stewart (SBD 99152)
600 B Street
17th Floor
San Diego, CA 92101
Telephone: (619) 595-3299
E-mail: dstewart@gustafsongluek.com

5

WEXLER WALLACE, LLP
Kenneth A. Wexler
Kara A. Elgersma
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
E-mail: kaw@wexlerwallace.com
       kae@wexlerwallace.com

TAUS, CEBULASH & LANDAU, LLP
Kevin Landau
Miles Greaves
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
E-mail: klandau@tcllaw.com
       mgreaves@tcllaw.com

SALTZ, MONGELUZZI, & BENDESKY, P.C.
Simon B. Paris
Patrick Howard
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 575-3895
E-mail: sparis@smbb.com
       phoward@smbb.com

SAUDER SCHELKOPF
Matthew D. Schelkopf
Lori G. Kier
Davina C. Okonkwo
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
E-mail: mds@sstriallawyers.com
       lgk@sstriallawyers.com
       dco@sstriallawyers.com

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO
TRANSFER
CASE NO. 21-cv-00913-YGR

CALCATERRA POLLACK LLP
Michael Liskow
Janine L. Pollack
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Telephone: (917) 899-1765
E-mail: mliskow@calcaterrapollack.com
            jpollack@calcaterrapollack.com

GEORGE GESTEN MCDONALD, PLLC
Lori G. Feldman
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
E-mail: LFeldman@4-Justice.com
E-service: eService@4-Justice.com

GEORGE GESTEN MCDONALD, PLLC
David J. George
Brittany L. Brown
9897 Lake Worth Road, Suite #302
Lake Worth, FL 33467
Telephone: (561) 232-6002
E-mail: DGeorge@4-Justice.com
E-service: eService@4-Justice.com

CARLSON LYNCH LLP
Todd D. Carpenter (234464)
Scott G. Braden (305051)
1350 Columbia Street, Suite 603
San Diego, CA 92101
Telephone: (619) 762-1900
E-mail: tcarpenter@carlsonlynch.com
            sbraden@carlsonlynch.com

***Attorneys for Plaintiffs***

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER
CASE NO. 21-cv-00913-YGR