MAYER BROWN LLP
Dale J. Giali (SBN 150382)
*dgiali@mayerbrown.com*
Keri E. Borders (SBN 194015)
*kborders@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 576-8122

DECHERT LLP
Hope Freiwald (*pro hac vice*)
*hope.freiwald@dechert.com*
2929 Arch Street,
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000
Facsimile: (215) 994-2222

Mark Cheffo (*pro hac vice*)
*mark.cheffo@dechert.com*
1095 Avenue of the Americas,
New York, NY, 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 994-3599

Attorneys for Defendants PLUM, PBC and Campbell Soup Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

| | |
|---|---|
| **IN RE PLUM BABY FOOD LITIGATION**<br><br>This Document Relates To: All Actions | Master File No. 4:21-cv-00913-YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANTS PLUM, PBC AND CAMPBELL SOUP COMPANY'S SUPPLEMENTAL:**<br><br>**(1) STATEMENT IN SUPPORT OF ITS MOTION TO TRANSFER; AND**<br><br>**(2) DECLARATION OF KEELY J. STEWART**<br><br>**SUBMITTED IN RESPONSE TO THE COURT'S JULY 6, 2021 ORDER (ECF NO. 74)** |

Defendants Plum, PBC ("Plum") and Campbell Soup Company ("Campbell") respectfully submit the following supplemental statement in response to the Court's July 6, 2021 order, providing a *prima facie* showing that *Gulkarov* (and all of the N.D. Cal. cases) *could have been filed in New Jersey in the first instance* because, at the time *Gulkarov* was filed, Plum's principal place of business was in Camden, New Jersey and, therefore, Plum is subject to general jurisdiction in New Jersey. As the Court noted, Plum's parent corporation, Campbell Soup Company, can also be sued in New Jersey because its corporate headquarters are located there. ECF 74, fn. 1. Plum is in precisely the same position as Campbell because Plum's officers and directors worked out of, and directed Plum's business operations from, Campbell's corporate headquarters at the time *Gulkarov* (and the other N.D. Cal. case) were filed. Accordingly, transfer to the District of New Jersey is permitted and, as Plum's motion demonstrates, transfer is warranted and appropriate.

Whether there are contacts between the claims, Plum and California, and whether Plum had a different principal place of business in the past, is all irrelevant to the transfer question before the Court. The Court's question is simply whether *Gulkarov* (and the other N.D. Cal. cases) could have been brought in New Jersey in the first instance, and, as to that relevant transfer question, the answer is an unambiguous yes.

Two legal principles govern the analysis. *First*, "general personal jurisdiction is determined at the time the suit was filed." ECF 74 at 1 (*citing Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F. 2d 406, 422 (9th Cir. 1977)).

*Second*, there is only one "nerve center" or principal place of business for a corporation and that location "refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities . . . , which will typically be found at its corporate headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (corporation's "nerve center" is a single place); *Serje, et al. v. Rappi Inc., et al*., 2021 WL 2633536, at *5 (N.D. Cal. June 25, 2021); *Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc.*, 2020 WL 7227199, at *4 (N.D. Cal. Dec. 8, 2020) (for general jurisdiction purposes, courts look to the "place where a corporation's high level officers direct, control, and coordinate the corporation's activities").

At the time *Gulkarov* was filed, all of Plum's officers and directors were located in the Plum/Campbell corporate headquarters in New Jersey. *See* Declaration of Keely J. Stewart, *supra*, ¶¶ 3-4. These senior executives and corporate officers directed, oversaw, and controlled all of Plum's core business functions from New Jersey, including company-wide finance, human resources, information technology, and payroll, as well as decisions relating to the advertising, manufacturing, and selling the challenged Plum products. *Id.* None of these executives and corporate officers routinely worked out of or made Plum-related business decisions from any location in California. *Id.* ¶ 4. Additionally, at the time *Gulkarov* was filed, all of Plum's corporate files were located at its New Jersey headquarters. *Id.* Based on this factual record, detailed in the declaration of a corporate officer of Plum, there is a sufficient evidentiary basis to find that Plum's "nerve center" was located in New Jersey. *See Barbosa v. Transp. Drivers, Inc.*, 2015 WL 9272828, at *3 (C.D. Cal. Dec. 18, 2015) (defendant's declaration stating the location of its headquarters is sufficient evidence); *Ganezer v. DirectBuy, Inc.*, 2010 WL 11515362, at *2 (C.D. Cal. Apr. 7, 2010) (declaration adequately established the defendant's principal place of business). Indeed, at the time *Gulkarov* was filed Plum had no operational location at all other than at Campbell's corporate headquarters in New Jersey.

Plaintiffs contend that Plum is subject to general jurisdiction in California, not New Jersey, because an erroneous filing with the California Secretary of State included Plum's prior address in Emeryville, California as its principal executive office. *See* ECF 74 at 2. But, as Plum previously explained (ECF 34-1 ¶ 6), this filing was in error. Plum vacated that office space and subleased it to a third party in October 2018. Keely Decl., ¶ 3. Regardless, "Secretary of State filings alone do not establish [a defendant's] principal place of business." *King v. Bumble Trading, Inc.*, 2020 WL 663741, at *3 (N.D. Cal. Feb. 11, 2020) (citing *Hertz*, 559 U.S. at 97). To establish general jurisdiction in California, plaintiffs would be required to show that the "overall direction, control, and coordination of" Plum's business occurs in California. *Id.* Such a showing cannot be made from the filing of a document alone, even if it is an official document.

Moreover, plaintiffs' argument that general jurisdiction exists in California rather than New Jersey because certain Plum employees allegedly remained in California until 2018 and

because Campbell maintains California processing facilities (for food products outside of Plum's product line), is not grounded in the law or the factual record. *See* ECF 57 6-9.

Even if plaintiff's California contacts "evidence" is fully credited, it is still insufficient to demonstrate that *Gulkarov* could not have been filed in New Jersey in the first instance. That's the only relevant issue and plaintiffs' evidence does not meet the burden of showing that *Gulkarov* could not have been filed in New Jersey. The question to be answered for general jurisdiction is where the "nerve center" and ultimate decision-making for a company is located. As the Supreme Court noted in *Hertz*, if "the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York. 559 U.S. at 96. At the time the *Gulkarov* complaint was filed, Plum's business operations were directed by its officers and directors in New Jersey. Plaintiffs' evidence does not show that, at the time *Gulkarov* was filed, Plum's nerve center was in California.[1]

In short, there is only one appropriate "home" judicial district for consolidation of the Plum/Campbell cases, which is the District of New Jersey where the court has general jurisdiction over both companies. This Court does not have general jurisdiction over either Plum or Campbell because New Jersey was the "nerve center" of their operations.

Dated: July 12, 2021

MAYER BROWN LLP
Dale J. Giali
Keri E. Borders

DECHERT LLP
Hope Friewald
Mark Cheffo

by: /s/ *Dale J. Giali*
Dale J. Giali
Attorneys for Defendants
PLUM, PBC and CAMPBELL SOUP CO.

---

[1] Again, the fact that Plum's principal place of business may have been in California prior to Campbell's acquisition of Plum in 2013 is irrelevant because "general personal jurisdiction is determined at the time the suit was filed." ECF 74 at 1 (*citing Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F. 2d 406, 422 (9th Cir. 1977)).

**DECLARATION OF KEELY J. STEWART**

I, Keely J. Stewart, declare and state under penalty of perjury as follows:

1. I am employed by Campbell Soup Company ("Campbell") as Senior Corporate Counsel and Assistant Secretary. I have personal knowledge of the matters set forth below, and, if called upon to testify, I could and would do so competently.

2. I have been employed by Campbell since May 1, 2014. As part of my job duties as Assistant Secretary, I am responsible for overseeing the corporate governance of Campbell subsidiaries, including Plum, PBC ("Plum"). I also served as Assistant Secretary for Plum. Campbell acquired Plum in 2013 and from that time until May 3, 2021, Plum was an indirect wholly owned subsidiary of Campbell.

3. Prior to December 1, 2018, Plum ceased operations in California and vacated its former offices located at 1485 Park Avenue, Emeryville, California. On October 3, 2018 Plum entered into a sublease with a third party to lease its former offices and surrendered the premises to such third party on December 1, 2018. From that time, and while Campbell owned Plum, Plum did not maintain offices in California or any state other than New Jersey. Since moving its headquarters and operation to Campbell's corporate headquarters in Camden, New Jersey, and while Campbell owned Plum, Plum's day-to-day business operations were managed in association with Campbell from Campbell's corporate headquarters in Camden, New Jersey, and all of the employees with oversight responsibility for Plum's business operations relating to such functions as product development, quality, regulatory/legal, sales, marketing, and advertising worked out of Campbell's Camden, New Jersey headquarters.

4. At the time *Gulkarov* was filed, the Board of Directors of Plum consisted of Ashok Madhavan, Stanley Polomski, and David Vincoff and Plum's corporate officers were Chris Foley (President), William Wallace (Vice President), Ashok Madhavan (Vice President – Treasurer), Stanley Polomski (Vice President – Controller), David Vincoff (Vice President – Tax), Leslie Waller (Vice President), Charles A. Brawley, III (Secretary), Keely J. Stewart (Assistant Secretary), and Kirstin Mazzeo (Chief Counsel & Assistant Secretary). All of these board members and corporate officers lived within commuting distance of Camden New Jersey,

and routinely worked out of Campbell's headquarters in Camden, New Jersey, where Plum's business activities were coordinated on a daily basis. These corporate officers directed, oversaw, and controlled all of Plum's core business functions from New Jersey, including company-wide finance, human resources, information technology, and payroll, as well as decisions relating to the advertising, manufacturing, and selling of Plum products. Subsequent to the closure of the Emeryville office, and until May of 2021, none of Plum's executives and corporate officers routinely worked out of or made Plum-related business decisions from any location in California. At the time *Gulkarov* was filed, all of Plum's corporate files were also located in Camden, New Jersey.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of July at Camden, New Jersey.

______________________________
Keely J. Stewart