1
2
3
4
5
6
7
8
9
10
11
12
13
14

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re Plum Baby Food Litigation, | Case No. 4:21-cv-913-YGR |
| This document relates to: | [PROPOSED] ORDER REGARDING TIME AND EXPENSE REPORTING PROTOCOL |
| All Actions. | |

15
16
17
18
19
20

     Having reviewed Plaintiffs' supplemental submission, the Court hereby enters this Order to establish a protocol for the recording, submission, and review of attorneys' fees and expenses incurred by counsel for the Plaintiffs in this action. This protocol is established for the management of timekeeping, case-staffing, cost reimbursement, and related common benefit work, and to ensure the case is run efficiently, effectively, and without duplication of work.

21
22

**I.     COUNSELS' TIME AND EXPENSE RECORDS**

23

    **A.     General Standards**

24
25
26

    1.     Time and expense reports generated pursuant to this Order will be considered as submitting counsel's representation to the Court, under oath, that the time and expenses submitted meet the criteria set forth below.

27
28

1

2.      Only work that has been assigned by co-lead counsel, Rebecca A. Peterson and Susana Cruz Hodge ("Co-Lead Counsel"), shall be eligible for compensation. Co-Lead Counsel shall impose and enforce limits on the number of attorneys assigned to each task.

3.      Only time and expenses that advance the litigation will be considered as compensable.

4.      Co-Lead Counsel will be responsible for auditing time and expense records for compliance with the directives set forth in this Order. Co-Lead Counsel will circulate a uniform template for time and expense reporting and designate one attorney to periodically review and approve time and expense reports and strike any duplicative or unreasonable fees and costs.

5.      The ultimate determination of what is compensable work, and the extent or rate at which it is compensable, is within the purview of the Court.

**B.      Time Reporting**

1.      All counsel will maintain their time and expense records in electronic databases.

2.      All time shall be maintained in tenth-of-an hour increments.

3.      All attorneys and staff working on this case will keep contemporaneous records of their time spent in connection with work on this litigation. Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time of settlement or judgment is reached to account for delay in payment, the billing records shall be prepared using the billing rates in effect at the time the work is performed. A final determination of rates and lodestar will be at the sole discretion of the Court.

4.      Full descriptions of the work performed are required. Time entries that are not specific in nature or that do not contain enough detail to determine actual tasks or does not list specific information (*i.e.* the plaintiff's name when relevant, the issue(s) researched or sections drafted, etc.) will not be considered for compensation.

2

~~PROPOSED~~ ORDER REGARDING TIME AND EXPENSE REPORTING PROTOCOL
Court File No. 4:21-cv-913-YGR

5.     Block billing is disallowed. All work performed must be separated and designated using task codes assigned by Co-Lead Counsel for this matter.

6.     Hourly rates for all document reviewers will be at their usual and customary hourly rate. In no event shall the hourly rate for document review exceed $350.00.

7.     All counsel and staff have an obligation to keep themselves informed and up to date on the status of the litigation. Read and review time for this purpose will not be considered for compensation and should not be submitted. Only counsel working on assignments that require them to review, analyze, or summarize filings, Orders, or emails in connection with a specific project to which they have been assigned will be compensated for the read and review time. Review of emails for counsel's benefit and not related to a specific project, will not be compensated, and should not be submitted.

8.     Time spent preparing time and expense reports for submission to Co-Lead Counsel and time spent related to fee issues is not compensable and should not be submitted.

9.     Time spent on routine clerical tasks performed by staff or paralegals is not compensable and should not be submitted (*e.g.* file maintenance, downloading of pleadings, etc.).

**C.     Expense Reporting**

1.     Shared costs are costs that will be paid out of a litigation fund administered by Co-Lead Counsel (*e.g.* expert fees, deposition invoices, etc.). Assessments will be requested to cover shared costs. All shared costs incurred must be submitted in a timely fashion to be paid from the litigation fund. These shared costs do not include the categories of out-of-pocket expenses outlined below.

2.     All counsel must report any held out-of-pocket expenses in the template report to be circulated by Co-Lead Counsel. These expenses must be authorized by Co-Lead Counsel, timely submitted, reasonable in amount, and supported by documentation.

**PROPOSED ORDER REGARDING TIME AND EXPENSE REPORTING PROTOCOL**
**Court File No. 4:21-cv-913-YGR**

3.      Routine office supplies and regular secretarial time should not be submitted as an out-of-pocket expense.

4.      All out-of-pocket expenses should be submitted at actual cost.

5.      Copies of receipts for all out-of-pocket expenses must be submitted each month. Failure to do so will result in out-of-pocket expenses not being considered for reimbursement.

6.      Only reasonable out-of-pocket expenses will be considered for reimbursement. All travel reimbursements are subject to the following limitations:

- **Airfare**: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed. If Business Class/First Class Airfare is used, then an estimate of the difference between the Business Class/First Class Airfare and coach fare must be shown on the travel reimbursement form, and only the coach fare will be reimbursed.

- **Hotel**: Hotel room charges for the average available room rate of a business hotel, such as Hyatt, Westin, or Marriott hotels, in the city in which the stay occurred will be reimbursed. Unless a special discounted rate is negotiated, luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

- **Meals**: Meal expenses must be reasonable. Meal expense submissions must be supported by receipts or credit card statements that reflect the date and those partaking in the meal. Expenses for alcoholic beverages will not be reimbursed.

- **Cash Expenses**: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, vending machines, etc.) will be reimbursed up to $50.00 per day, as long as the expenses are properly itemized.

- **Rental Automobiles**: Luxury automobile rentals will not be reimbursed. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several people.

- **Mileage**: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently $0.56 per mile).

- **Parking**: Parking will be limited to actual documented costs.

4

**PROPOSED ORDER REGARDING TIME AND EXPENSE REPORTING PROTOCOL**
**Court File No. 4:21-cv-913-YGR**

7.    Other non-travel out-of-pocket expenses will be limited as follows:

- **Long Distance and Cellular Telephone**: Long distance and cellular telephone charges must be documented.

- **Shipping, Courier, and Delivery Charges**: All such claimed expenses must be documented.

- **Postage Charges**: A contemporaneous postage log or other supporting documentation is required. Postage charges are to be reported at actual cost.

- **Telefax Charges**: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

- **In-House Photocopy**: A contemporaneous photocopy log or other supporting documentation must be submitted. The maximum copy charge is $0.30 per page.

- **Computerized Research**: Claims for Westlaw, PACER, Lexis, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

## II.    SUBMITTING TIME AND EXPENSE REPORTS

1.    Time and expense reports must be submitted on a monthly basis to the attorney designated by Co-Lead Counsel. The first time and expense report should include time and expenses incurred in August 2021 and should be submitted on or before September 30, 2021. Subsequent time and expense reports should be submitted on the last day of the following month. Time and expenses incurred prior to the appointment of Co-Lead Counsel (July 30, 2021) may be submitted for consideration but will only be considered to the extent it advanced the litigation.

IT IS SO ORDERED.

Dated: September 2, 2021

Hon. Yvonne Gonzalez Rogers

5

**PROPOSED ORDER REGARDING TIME AND EXPENSE REPORTING PROTOCOL**
**Court File No. 4:21-cv-913-YGR**