UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PLUM BABY FOOD LITIGATION, | Case No. 4:21-CV-913-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND/OR STAY**<br><br>Re: Dkt. No. 103 |

Plaintiffs bring this action against defendants Plum, PBC and Plum, Inc. (collectively, "Plum") under various state statutes and common law, alleging that Plum failed to disclose that its baby food products contain (or have a risk of containing) heavy metals (namely, arsenic, cadmium, lead, and mercury), and perchlorate. (Dkt. No. 98.)[1] Currently pending is Plum's motion to dismiss the first amended consolidated class action complaint or, in the alternative, to stay. (Dkt. No. 103.)

Having carefully considered the pleadings, the briefing on the motions, and for the reasons stated on the record at the January 11, 2022 hearing, the Court **GRANTS IN PART AND DENIES IN PART** the motion.

First, the motion to dismiss for plaintiffs' lack of Article III standing to pursue their claims is **DENIED**. The Court finds that plaintiffs have adequately alleged an injury in fact by alleging that they "would have not paid [the purchase price or the price premium] had they known that the Baby Foods included levels of Heavy Metals, perchlorate, and/or undesirable toxins or contaminants." (Compl. ¶ 57.) The Ninth Circuit's decision in *McGee v. S-L Snacks Nat'l*, 982 F.3d 700 (9th Cir 2020) does not preclude such a finding. Further, Plum's reliance on *Herrington v. Johnson & Johnson Consumer Companies, Inc.*, No. 09-CV-1597 (CW), 2010 WL 3448531, at *8 (N.D. Cal.

---

[1] Defendant Plum, PBC notes that Plum, Inc. was converted into a public benefit corporation and was renamed Plum, PBC and thus Plum, Inc. no longer exists. (Dkt. No. 103 at 2 n.1.)

Sept. 1, 2010) does not persuade.  The motion to dismiss based on the argument that plaintiffs' lack of Article III standing to seek injunctive relief is also **DENIED** (except as to plaintiff Jessica David), as all of the plaintiffs except for David allege that they would "be willing to purchase Plum Organic products in the future if [plaintiffs] could be certain that they do not contain (o[r] have a material risk of containing) Heavy Metals or perchlorate." (Compl. ¶¶ 30, 33, 36, 39, 42, 45, 51, 53, 56.)  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

Second, the motion to dismiss on the basis of conflict preemption is **DENIED**.  Plum fails to articulate any specific federal law or regulation with which plaintiffs' state law claims purportedly conflict.  Third, the motion to dismiss on primary jurisdiction grounds is **DENIED**.  The Court need not rely on the FDA's expertise or its potential guidance on action levels to determine whether Plum's alleged omissions are actionable given the allegations of the operative complaint.  *See Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008) ("[T]he doctrine is not designed to secure expert advice from agencies every time a court is presented with an issue conceivably within the agency's ambit.") (internal quotation marks omitted).  Moreover, uncertainty over how and when the FDA will act counsels against an indefinite stay.  *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015) ("'[E]fficiency' is the 'deciding factor' in whether to invoke primary jurisdiction.") (quoting *Rhoades v. Avon Prods., Inc.*, 504 F..3d 1151, 1165 (9th Cir. 2007)).

Fourth, the motion to dismiss for lack of a plausible deception theory is **DENIED**.  Plum would have the Court determine that "consumers know and understand that trace amounts of heavy metals are ubiquitous" and that "the mere presence of heavy material is not material to reasonable consumers." (Mtn. at 23.)  These are factual issues not appropriate for resolution at this stage in the proceedings and are plausibly alleged.

Finally, the motion to dismiss for failure to plausibly allege a breach of implied warranty of merchantability claim is **GRANTED WITHOUT PREJUDICE**.  Plaintiffs have not adequately alleged that the product was not fit for consumption, that is, the ordinary purpose for which the goods at issue are used.

At this juncture, plaintiffs indicate that they are not in a position to amend the complaint any further.  Accordingly, Plum shall file its answer to the operative complaint no later than **January 31,**

**2022**.  The Court hereby **SETS** a case management conference for **March 14, 2022**.  Five (5) business days prior to the conference, the parties shall file a joint case management statement.

This Order terminates Docket Number 103.

**IT IS SO ORDERED.**

Dated: **January 12, 2022**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**