LOCKRIDGE GRINDAL NAUEN P.L.L.P.
REBECCA A. PETERSON (241858)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
E-mail: rapeterson@locklaw.com

LITE DEPALMA GREENBERG & AFANADOR, LLC
SUSANA CRUZ HODGE, (*Pro Hac Vice*)
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: scruzhodge@litedepalma.com

*Plaintiffs' Interim Co-Lead Counsel*

MAYER BROWN LLP
DALE J. GIALI (SBN 150382)
*dgiali@mayerbrown.com*
KERI E. BORDERS (SBN 194015)
*kborders@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

DECHERT LLP
Hope Freiwald (admitted *pro hac vice*)
*hope.freiwald@dechert.com*
2929 Arch Street,
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000
Facsimile: (215) 994-2222

Mark Cheffo (admitted *pro hac vice*)
*mark.cheffo@dechert.com*
1095 Avenue of the Americas,
New York, NY, 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 994-3599

**Attorneys for Defendant Plum, PBC**

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 21-cv-00913-YGR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLUM BABY FOOD LITIGATION | Case No. 21-cv-00913-YGR |
| This document relates to: All Actions | Hon: Yvonne Gonzalez Rogers |
| | **JOINT CASE MANAGEMENT STATEMENT** |
| | Date: March 14, 2022<br>Time: 2:00 PM<br>Courtroom: 1 |

Plaintiffs Ludmila Gulkarov, Janine Torrence, Kelly McKeon, Josh Crawford, Vanessa Mathiesen, Autumn Ellison, Jessica David, Sarah Brown, Tommy Nurre, and Christina Gonzalez (collectively, Plaintiffs), and Defendant Plum, PBC (Defendant or Plum) jointly submit this Joint Case Management Statement and Discovery Plan in advance of the March 14, 2022 Case Management Conference.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 21-cv-00913-YGR

## 1. JURISDICTION, VENUE, AND SERVICE

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) of the Class Action Fairness Act. There are currently no issues regarding personal jurisdiction or venue. No Parties remain to be served.

## 2. FACTS

**Plaintiffs' Statement of Facts:**

This case is about Plum, a baby food manufacturer holding a special position of trust, choosing to omit information it knows is material to parents. On February 4, 2021, the U.S. House of Representatives' Subcommittee on Economic and Consumer Policy, Committee on Oversight and Reform published a report ("the Report") describing "significant" and "concerning" levels of heavy metals in baby foods, including Plum's. The Report concluded that Plum and other baby food manufacturers knowingly sell baby food without warning parents that these products contain unsafe levels of heavy metals and that consumers believed these baby manufacturers would not sell unsafe baby food.

Plum refused to cooperate with the Subcommittee's investigation and did not disclose its testing standards and or results to the Subcommittee. As a result, the Report referenced independent testing results for a sample of Plum products, showing they contained "concerning levels" of heavy metals. The Subcommittee expressed concern that Plum's lack of cooperation and transparency "hides more than it reveals;" that it may be concealing "the presence of even higher levels of toxic heavy metals in their baby food products;" and that it "has hidden its policies and the actual level of toxic heavy metals in its products."

Plaintiffs are consumers who purchased Plum's baby food with the reasonable belief that Plum would not sell unsafe products. In their Consolidated Amended Complaint, Plaintiffs allege that Plum's premium baby foods are sold to unsuspecting reasonable consumers with misleading and deceptive packaging that fails to disclose information any parent would consider material. Although Plum acknowledges on its website's FAQ section that heavy metals are present in baby foods and expresses a commitment to minimizing heavy metals its baby foods, Plum's packaging

2

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 21-cv-00913-YGR

omits that its baby foods contain (or have a material risk of containing) heavy metals and perchlorate.

Plum's own testing also shows its baby foods contain levels of lead exceeding bottled water standards, levels of cadmium exceeding drinking water standards, and levels of arsenic exceeding apple juice and bottled water standards. Plum chose to not to disclose any information on its packaging about heavy metals or toxins despite knowing that parents trust baby food manufacturers, like Plum, to sell products that are healthy, nutritious, and free from harmful toxins, contaminants, and chemicals and that they expect baby foods to be free of heavy metals or perchlorate because those substances are known to have significant and dangerous health consequences. Ultimately, Plaintiffs and other reasonable consumers relied on Plum's misleading and deceptive packaging and paid a premium price for the Baby Foods, just as Plum intended.

**Defendant's Statement of Facts:**

Plaintiffs' false advertising claims alleged in the Amended Complaint have no merit. There is no evidence, nor could there be, that Plum Organics products violate any federal regulations regarding levels of heavy metals or perchlorate, much less that Plum Organics labeling misleads consumers about the safety of consuming its products. Nothing about the labeling or packaging of Plum Organics products is false or misleading, nor is there a legal obligation on the part of any food manufacturer to disclose the possible presence of heavy metals in its products, and such metals are also found in the same ingredients whether bought at a farmers' market or grown in a garden. At bottom, Plum Organics provides healthy and nutritious food for children and plaintiffs' allegations are without any factual and legal support.

Further, while Plaintiffs' suit follows on the heels of a February 4, 2021 staff report issued by the Subcommittee on Economic and Consumer Policy of the U.S. House of Representatives' Committee regarding heavy metals in baby food (the "Subcommittee Report"), Defendant denies Plaintiffs' characterization of the report and its implications for this case. The Subcommittee Report claimed to follow an "investigation" into the presence of naturally occurring trace amounts of heavy metals in the fruits, vegetables, and grain in baby food—the

same trace heavy metals levels ubiquitous in all such grown ingredients in the U.S. food supply—and raised alarm that baby food products sold by virtually all manufacturers *might* be "unsafe." Notably, the Subcommittee Report called on FDA—the agency charged with authority to ensure the safety of the U.S. food supply and to regulate food products—to take specific actions related to testing, labeling, use and non-use of certain ingredients, and the setting of "action levels" (i.e., maximum allowable levels), where necessary, for heavy metals.

FDA, in turn, assured consumers (and the Subcommittee), the food supply is safe and FDA's own "testing [. . .] shows that children are not at an immediate health risk from exposure to toxic elements in food." FDA also urged consumers to continue to feed their children nutritious packaged baby food, and launched a program called "Closer to Zero" to study and set appropriate action levels for heavy metals in baby food. In so doing, FDA recognized that given the ubiquitous nature of heavy metals, there are limits to how low the levels of heavy metals in food can be, and requiring levels that are neither justified nor feasible "could result in significant reductions in the availability of nutritious, affordable foods that many families rely on for their children."

## 3. LEGAL ISSUES

**Plaintiffs' Statement of The Legal Issues:**

Plaintiffs anticipate that the following legal issues will be in dispute:

- whether Plum owed and breached a duty of care;
- whether Plum owed and breached a duty to disclose;
- whether Plum knew or should have known that its baby foods contained or may contain heavy metals and/or perchlorate;
- whether Plum failed to disclose that its baby foods contained or may contain heavy metals and/or perchlorate;
- whether Plums' packaging is false, deceptive, misleading, and/or likely to deceive the reasonable consumer;
- whether the inclusion or risk of inclusion of heavy metals and/or perchlorate in its

4
JOINT CASE MANAGEMENT STATEMENT
CASE NO. 21-cv-00913-YGR

baby foods is material to a reasonable consumer;

- whether Plum had knowledge that the inclusion or risk of inclusion of heavy metals and/or perchlorate in its baby foods was information material to a reasonable consumer and/or that Plum's packaging was false, deceptive, and misleading;
- whether Plum violated the laws of the State of California, New York, Minnesota, Pennsylvania, Oregon, Florida, and/or Illinois;
- whether Plum engaged in unfair trade practices;
- whether Plum engaged in false advertising;
- whether Plum made fraudulent omissions;
- whether class certification is proper here;
- whether Plaintiffs and the proposed class paid a premium price for the baby foods;
- whether Plaintiffs and class members are entitled to actual, statutory, and punitive damages; and
- whether Plaintiffs and class members are entitled to declaratory and injunctive relief.

**Defendant's Statement of The Legal Issues:**

Defendant disagrees with Plaintiffs' characterization of the relevant legal issues. The Amended Complaint, on its face, sets forth the following legal claims/causes of action:  breach of express warranty (count 5); fraud by omission (count 15); intentional misrepresentation (count 14); breach of quasi contract/unjust enrichment/restitution (count 13); violation of enumerated consumer protection statutes of the State of California, New York, Minnesota, Pennsylvania, Oregon, Florida, and/or Illinois (counts 2-4 and 7-12 ).

In addition, the Amended Complaint seeks various forms of relief, which Defendant denies Plaintiffs have a right to obtain. Specifically, Defendant maintains that:

- Plum's labeling is not false or misleading and does not constitute fraud by omission;
- Plaintiffs and class members are not entitled to declaratory and/or injunctive relief;
- Certification of one or more state classes or subclasses is not proper;
- Plaintiffs and class members are entitled to declaratory and/or injunctive relief;

5

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 21-cv-00913-YGR

- Plaintiffs and the proposed class have not suffered an economic injury as a result of their purchases;
- Plaintiffs' claims are expressly or impliedly preempted by federal law;
- Plaintiffs' claims are subject to the primary jurisdiction of FDA; and
- Plaintiffs have standing to bring their claims.

**4. MOTIONS**

Plaintiffs anticipate filing a motion for class certification and, depending upon the evidence, both Parties anticipate filing motions for summary judgment, expert related motions, motions *in limine*, and other appropriate pretrial motions.

**5. AMENDMENT OF PLEADINGS**

The Parties do not anticipate joinder of additional parties or amending the pleadings at this time. If necessary, the Parties will meet and confer, and Plaintiffs will seek leave of Court before joining additional parties or amending the pleadings. Defendant reserves its right to oppose any motion to amend the pleadings. Plaintiffs reserve the right to seek permission to amend their complaint to conform to the evidence, including to add an implied warranty claim.

**6. EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. While the parties expect that some discovery will be in electronic form, the parties have not at this time identified any specific issues relating to disclosure or discovery of electronically stored information. The parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence.

**7. DISCLOSURES**

The parties will exchange initial disclosures on March 10, 2022.

## 8. DISCOVERY

Plaintiffs served their First Request for Production on March 25, 2021 and their Second Request for Production on February 28, 2022. Plaintiffs also served their First Set of Interrogatories on March 4, 2022.

### A. Discovery Subjects

**Plaintiffs' Statement of Discovery Subjects:**

Without waiver of their right to take discovery on other relevant issues, and while expressly reserving any and all rights and objections concerning the propriety of such discovery, Plaintiffs currently believe that discovery will be needed in the following areas:

(a) The marketing, advertising, or packaging of the baby foods;

(b) Research and/or analysis underlying the marketing, advertising, and/or packaging of its baby foods;

(c) Plum's quality control policies and requirements in manufacturing its baby foods, including testing protocols and supplier approval;

(d) Sales data of Plum's baby foods during the Class Period;

(e) Plum's suppliers and co-manufacturers;

(f) Plum's communications to governmental agencies and/or other baby food manufacturers concerning the presence of heavy metals and perchlorate in Plum's baby foods;

(g) Plum's internal and external communications on the presence of heavy metals and perchlorate in Plum's baby foods;

(h) Plum's formulations of its baby foods over the class period;

(i) Consumer complaints or inquiries on Plum's baby foods;

(j) Documents concerning the health and safety risk of the ingestion of heavy metals and perchlorate by infants and toddlers;

(k) Research and/or analysis concerning Plum's target consumer; and

(l) Documents concerning the presence of heavy metals and perchlorate in Defendants' products, including testing results, formulation changes and research.

**Defendant's Statement of Discovery Subjects:**

Without waiver of, and reserving all rights and objections concerning the propriety and proposed subject matter of discovery, Defendant contends that discovery in this matter should relate to the following areas, tied to Plaintiffs' labeling and economic damages claims, which are the claims at issue in this case:

- The labeling of the challenged Plum Organics products;
- Plaintiffs' purchases of Plum Organics products;
- Plaintiffs' purchases of other baby food products, as well as other food products for their children and family (as such other products, if grown, likely also contain some levels of heavy metals);
- Plaintiffs' food shopping and consumption habits;
- Plaintiffs' reasons for/decision-making regarding the purchase of Plum Organics products as well as other baby food products and non-baby food products;
- Plaintiffs' reliance on any labeling statements on Plum Organics products;
- Plaintiffs' knowledge regarding the presence of various heavy metals and perchlorate in food, including but not limited to Plum Organics products;
- Plaintiffs' knowledge regarding risks of *not* consuming foods that are recommended for healthy development of babies and young children because of the potential such foods may contain some levels of heavy metals;
- Plaintiffs' current and potential future baby food and other food purchasing habits; and
- Plaintiffs' alleged monetary damages.

**B.    Discovery Plan**

The parties believe that discovery should proceed consistent with the proposed case schedule set forth in Section 17.

### C. Depositions

**Plaintiffs:**

Plaintiffs request that, at this time, they be permitted to conduct ten party depositions, this excludes an expert or non-party depositions.

**Defendant:**

Defendant agrees that expert depositions should be counted separately from fact depositions. Because there ten named plaintiffs in this action, Defendant contends that the depositions of the ten named plaintiffs should count as a single deposition, and that the depositions of the spouses/partners of the ten named plaintiffs should also count as a single deposition. Defendant reserves the right to request additional fact depositions, if necessary.

### D. Discovery Deadlines

Proposed discovery deadlines are set forth in Section 17 below.

### E. Electronically Stored Information ("ESI") Order

The Parties are meeting and conferring regarding ESI and are currently working together to submit an agreed-upon ESI protocol to the Court.

### F. Protective Order

The Parties are meeting and conferring regarding a stipulated proposed protective order for submission to the Court.

## 9. CLASS ACTIONS

**Plaintiffs:**

Plaintiffs believe that certification of a class and subclasses pursuant to Rule 23(b)(2) and/or 23(b)(3) is appropriate and necessary in this matter. Plaintiffs and the putative class members all purchased baby foods containing heavy metals and perchlorate. They were the victims of identical omissions by Defendants. Numerous issues of law and fact surrounding the presence of heavy metals and perchlorate in Defendants' baby food are common to the putative class and subclasses, and Defendants' common course of conduct resulted in identical statutory

violations in the relevant states. Individual questions, if any, are not prevalent in comparison to the numerous common questions that predominate this action.

**Defendant:**

Defendant denies plaintiffs factual allegations and further specifically denies that plaintiffs can satisfy the legal standards for class certification. Defendant contends that this case is not suitable for class treatment and that a class action is not a superior method for fairly and efficiently resolving the dispute. If this case proceeds to the class certification stage, the parties have agreed upon a schedule for filing and briefing on plaintiffs' class certification motion as set forth in Section 17 below.

**10. RELATED CASES**

To date, the Parties are aware of one related case: *In Re Plum Baby Food Litig.*, No. 1:21-cv-2417 (D.N.J.) (the "New Jersey Case"). The New Jersey case is brought by thirty-three named plaintiffs against Plum and Campbell Soup Company. The New Jersey Case asserts state consumer protection and common law claims on behalf of a nationwide class and state-subclasses. Defendant filed a motion to transfer this action to New Jersey to be consolidated with the New Jersey Case, but that motion was denied. Plaintiffs filed a motion to intervene in the New Jersey Case for the purpose of seeking a stay in favor of this case. Defendant and Campbell Soup Company opposed both plaintiffs' motion to intervene, as well as the request that the New Jersey Case be stayed. The motion to intervene is fully briefed and was returnable on January 3, 2022. *Id.* at Dkt. No. 84. Defendant and Campbell Soup Company also filed a motion to dismiss in this case that is currently pending.

**11. RELIEF**

**Plaintiffs:**

Plaintiffs seek the following injunctive relief: (1) an order enjoining Plum from selling the baby foods until the levels of heavy metals, perchlorate, and/or other undesirable toxins or contaminants are removed or full disclosure of their presence appears on all packaging; (2) an order enjoining Plum from selling the baby foods in any manner suggesting or implying that they

10

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 21-cv-00913-YGR

are healthy, nutritious, and safe for consumption; (3) an order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief; and (4) an order enjoining Plum from continuing the alleged unlawful practices. Plaintiffs also seek any and all actual, statutory, punitive, and restitution damages, including an award of attorneys' fees and costs to the Plaintiffs.

Given the complexity and potentially far-reaching scope of this consumer class action, Plaintiffs are unable to provide a meaningful damages estimate at this early stage in litigation. Plaintiffs will be able to provide a damages estimate once some preliminary discovery has been conducted.

**Defendant:**

Defendant categorically denies all liability in this matter and denies that any relief is warranted, including monetary damages to plaintiffs and/or putative class members. Significantly, the injunctive relief sought by plaintiffs is within the exclusive purview of FDA and plaintiffs' proposed remedy conflicts with federal law. In addition, plaintiffs have failed to allege that they suffered any cognizable economic injury, much less are they capable of calculating economic damages.

**12.   SETTLEMENT AND ADR**

The Parties have met and conferred regarding ADR options.

**Plaintiffs' Statement Regarding ADR**:

There has also been no formal or informal private mediation in this case, but Plaintiffs believe the time is right to explore possible resolution before significant costs are incurred by both parties.

**Defendant's Statement Regarding ADR**:

Defendant believes that it would be premature to engage in any ADR process at this stage of the case.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs declined to proceed before a Magistrate Judge for All Purposes on February 8, 2021. (Dkt. No. 4.)

### 14. OTHER REFERENCES

The Parties agree that no other references are appropriate at this time.

### 15. NARROWING OF ISSUES

**Plaintiffs:**

At this time, the parties have not identified any further issues that can be narrowed by agreement or motion (other than the issues and motions discussed herein).

### 16. EXPEDITED TRIAL PROCEDURE

The Parties agree this case should not be handled under an expedited trial procedure.

### 17. SCHEDULING

The parties have agreed to the following case management schedule:

| EVENT | PROPOSED DEADLINE |
| --- | --- |
| Plaintiffs' expert disclosures regarding class certification | 10/21/22 |
| Defendant's expert disclosures regarding class certification | 12/16/22 |
| Expert depositions and Class Certification Expert Discovery Cutoff | 1/27/23 |
| Motion for Class Certification | 2/14/23 |
| Opposition to Class Certification and Defendant's Daubert Motions | 3/28/23 |
| Reply in Support of Class Certification and Plaintiff's Daubert Motions | 4/18/23 |
| Opposition to Defendant's Daubert Motions | 4/26/23 |
| Defendant's Reply in Support of Daubert Motion | 5/9/23 |

| EVENT | PROPOSED DEADLINE |
|---|---|
| Opposition to Plaintiff's Daubert Motions | 5/17/23 |
| Reply in Support of Plaintiffs' Daubert Motions | 6/6/23 |
| Hearing on Class Certification/Daubert Motions | TBD |
| Parties to meet and confer and submit proposed case schedule for remaining Merits Fact and Expert discovery and Dispositive Motions | Within 21 days' of the Court's decision on class certification. |

**18. TRIAL**

The parties request a trial by jury. The parties agree that the scope and length of trial is dependent on whether Plaintiffs' motion for class certification is granted. Within 21 days of the Court's decision on class certification, the parties will provide a revised Case Management Plan and Scheduling Order detailing the estimated trial time and anticipated number of trial witnesses.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant filed a Certificate of Interested Entities or Persons on May 27, 2021 (Dkt. No. 65.)

**20. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| Dated: March 7, 2022 | | LOCKRIDGE GRINDAL NAUEN P.L.L.P.<br>Robert K. Shelquist<br>Rebecca A. Peterson |
| | | LITE DEPALMA GREENBERG, LLC<br>Joseph DePalma<br>Susana Cruz Hodge |
| | | By: s/ *Rebecca A. Peterson*<br>     Rebecca A. Peterson |
| | | **Lead Counsel for Plaintiffs and the Class** |
| Dated: March 7, 2022 | | MAYER BROWN LLP<br>Dale J. Giali<br>Keri E. Borders |
| | | DECHERT LLP<br>Hope Freiwald<br>Mark Cheffo |
| | | By: */s/ Keri E. Borders*<br>     Keri E. Borders |
| | | **Attorneys for Defendant Plum, PBC** |