UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLUM BABY FOOD LITIGATION<br><br>This document relates to:<br>All Actions | Case No.  21-cv-00913 YGR<br><br>Hon. Yvonne Gonzalez Rogers<br><br>**STIPULATED** ~~[PROPOSED]~~<br>**PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties (as defined herein) acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that are entitled to confidential treatment under Federal Rule of Civil Procedure 26(c), and federal, state, or foreign data privacy laws (including but not limited to the Health Insurance Portability and Accountability Act, The Gramm Leach Bliley Act, California Consumer Privacy Act, and EU's General Data Protection Regulation), or relates to any privileged or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, commercial information, contracts, non-public compilations of retail prices, proprietary information, vendor agreements, personnel files, claim/litigation information, nonpublic policies and procedures, and personally identifiable information (including but not limited to social security numbers, credit card numbers, and other personal financial information), or relates to Protected Health Information, as defined herein.

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel, and Counsel for Plaintiff (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL" Information or Items: extremely sensitive proprietary or trade secret "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to corporate trade secrets, information obtained from a non-party pursuant to a non-disclosure agreement, and nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public.

2.8     House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action, including support staff and subcontractors, who have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  **Protected Health Information**: as used herein, shall have the same definition as set forth in 45 CFR § 160.103.

2.15  **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL."

2.16  **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material or the specific parts within a material that qualifies under the appropriate standards so as to avoid including portions for which protection is not warranted.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party

must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page that contains Protected Material.

(b) for documents produced in native format, by including the designation in the file name.

(c) for testimony given in deposition or in other pretrial or trial proceedings, that either:

(i) the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted; or

(ii) the Designating Party designate the entirety of the testimony as "Confidential" or "Highly Confidential" (before the deposition, hearing, or other proceeding is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of the deposition transcript. The Designating Party shall inform the court reporter of these requirements. Only those portions of the testimony that are appropriately designated for protection by page and line within the 30 days of receipt of the transcript and by so informing the other Party of that designation shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." When a witness is noticed for a deposition, the Parties and any Non-Party producing the witness will ensure that the deponent timely signs the "Acknowledgment and Agreement to Be Bound" so as to avoid any issue in the use of any protective materials during the deposition. The Parties acknowledge that they will not withhold a witness' agreement to the

"Acknowledgment and Agreement to Be Bound" for purposes of hindering the use of protected material at a deposition.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. In circumstances where portions of the transcript are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(d)     <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted. Whenever any Receiving Party reduces any such information produced from a tangible form to hard copy form and intends to use that hard copy in this litigation (subject to the terms of this Order), the Receiving Party must prominently affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the hard copy form.

5.3     The Designating Parties may redact non-responsive, confidential, and sensitive information not needed to understand the context of the responsive material, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people. In addition to redactions associated with privileges or protections, the Designating Parties may also redact for privacy, protected health information, personal information, and such other information as provided for by governmental authorities, law, or regulation. The Parties refer to the ESI Protocol for format of the redactions.

5.4     A Party may designate as "Confidential" or "Highly Confidential" any qualified material pursuant to this Protective Order produced by a non-Party or a third-party witness by providing written notice to all other Parties within thirty (30) calendar days after receiving such materials or information and providing a copy of the materials or information clearly labeled, stamped, or otherwise marked "Confidential" or "Highly Confidential" and the additional words "as designated by [Party]."

5.5     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Producing Party shall provide re-labeled copies of the information or items to each Receiving Party reflecting the change in designation and/or the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice to the Designating Party of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention the Parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter

brief to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a)   the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation; provided, however, that each non-lawyer given access to "CONFIDENTIAL" information or items shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be disclosed other than pursuant to its terms;

   (b)   the officers, directors, employees and agents (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who, except for House Counsel, have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d)   the Court and its personnel;

   (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

   (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

   (h) representatives of insurance companies where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for the representative's assessment or evaluation of this Proceeding, provided, however, that each representative given access to Protected Materials shall have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

   (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who prior to access or disclosure, have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (b) House Counsel and Counsel for Plaintiffs;

   (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g) representatives of insurance companies where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for the representative's assessment or evaluation of this Proceeding, provided, however, that each representative given access to Protected Materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be disclosed other than pursuant to its terms

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating

Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

In the event a Designating Party reasonably anticipates that its Protected Material may be disclosed without authorization, it may apply to the Court to obtain appropriate relief. In the event that the aggrieved Designating Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court. Any intentional violation of this Order shall constitute contempt of Court, shall be punishable as such, and shall subject any offending parties to such sanctions and remedies as the Court may deem appropriate. The parties and any other persons subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order. If any person having access to the Protected Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the Producing Party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the Producing Party of the information.

Any Party or non-Party that discloses or produces a Document, ESI, or information that it considers privileged or otherwise protected from discovery will give notice to the Receiving Party, identifying the document, ESI, or information in question; the asserted privilege or protection; and the grounds therefor.  Upon receipt of notice of the assertion of privilege or protection over produced over documents, ESI, or information, the Receiving Party will:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the Producing Party or non-party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court; and

(b) to whatever extent the Receiving Party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party or non-party that it has returned or destroyed the applicable document(s), ESI, and/or information, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom.

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, the Receiving Party may file a motion with the Court seeking to challenge the assertion of privilege or protection.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

12.4   Using Protected Material at Hearings.  Prior to using Protected Material or the information contained therein at any hearing that is open to the public, the Party seeking to use the Protected Material must give at least three (3) court days advance notice to the Designating Party of the intent to use the Protected Material so that the Designating Party may seek an appropriate Court Order to protect the Confidential Material.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

This Court retains and shall have continuing jurisdiction over the Parties and recipients of any Designated Protected Materials for enforcement of the provisions of this Order following termination of this litigation.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: April 28, 2022         /s/ Rebecca A. Peterson
                              Attorneys for Plaintiffs


DATED: April 28, 2022         /s/ Keri E. Borders
                              Attorneys for Defendant


PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 29, 2022         _____
                              Hon. Yvonne Gonzalez Rogers
                              United States District Judge

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: April 28, 2022                    */s/ Rebecca Peterson*
                                         Rebecca Peterson

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ ___, 2022 in the case of *In re Plum Baby Food Litigation*, Case No. 21-cv-00913 YGR, I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
            [printed name]

Signature: _____