**PERKINS COIE LLP**
David T. Biderman (Bar No. 101577)
*dbiderman@perkinscoie.com*
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Charles C. Sipos (admitted *pro hac vice*)
*csipos@perkinscoie.com*
Lauren J. Tsuji (Bar No. 300155)
*ltsuji@perkinscoie.com*
1201 Third Avenue, Suite 4900
Seattle, Washington 98101 3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

**DECHERT LLP**
Hope Freiwald (admitted *pro hac vice*)
*hope.freiwald@dechert.com*
2929 Arch Street,
Philadelphia, PA 19104-2808
Telephone: (215) 994-4000
Facsimile: (215) 994-2222

*Attorneys for Defendant Plum, PBC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| IN RE PLUM BABY FOOD LITIGATION | Case No. 4:21-cv-00913-YGR |
| | Hon. Yvonne Gonzalez Rogers |
| This Document Relates To: ALL ACTIONS | **DEFENDANT PLUM PBC'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION [CIV. L.R. 7–9]** |

**NOTICE OF MOTION AND MOTION FOR LEAVE
TO FILE MOTION FOR RECONSIDERATION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE Defendant Plum, PBC ("Plum") will and hereby does move under Civil Local Rule 7-9(a) for leave to file a Motion for Reconsideration of the Court's January 12, 2022 Order Granting in Part and Denying in Part Motion to Dismiss and/or Stay (Dkt. No. 125) (the "Order"). Specifically, Plum respectfully seeks reconsideration, under Civil Local Rule 7-9(b)(2), of the portion of the Order denying a stay of this case pursuant to the primary jurisdiction doctrine on the grounds that there has been an emergence of new material facts and a change of law occurring since entry of the Order. Plum's proposed Motion for Reconsideration is attached hereto as Exhibit 1. To the extent the Court enters an order granting the request for leave, Plum respectfully requests that the Court deems the Motion filed as the date of such order.

This Motion is based on this Notice of Motion and Motion for Leave to File Motion for Reconsideration, the below Memorandum of Points and Authorities, the attached Exhibit 1, which contains Plum's Motion for Reconsideration and supporting declarations and exhibits, the pleadings and papers on file in this action, any argument and evidence to be presented at hearing, and any other matters that may properly come before the Court. Pursuant to Civil Local Rule 7-9(d), this Motion is not noticed for hearing.

## I.   INTRODUCTION

In accordance with Local Rule 7-9, Defendant Plum, PBC ("Plum") requests leave to seek reconsideration of the Court's January 12, 2022 Order Granting in Part and Denying in Part Motion to Dismiss and/or Stay (Dkt. No. 125) (the "Order"). Specifically, Plum respectfully seeks reconsideration, under Civil Local Rule 7-9(b)(2), of the portion of the Order denying to stay this case pursuant to the primary jurisdiction doctrine in light of (1) recent activity by the United States Food & Drug Administration ("FDA") taken in furtherance of its "Closer to Zero" action plan aimed at reducing levels of heavy metals in baby foods and (2) subsequent decisions dismissing or staying similar actions against other baby food manufacturers on primary jurisdiction grounds.

## II.   LEGAL STANDARD

Courts have "inherent procedural power to reconsider, rescind or modify an interlocutory order for cause seen by it to be sufficient" so long as the Court has jurisdiction over the case. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsideration is appropriate where there is an "emergence of new material facts or change of law occurring after the time of such order" and the moving party practices "reasonable diligence in bringing the motion[.]" Civ. L-R 7-9(b).

## III.   ARGUMENT

### A.   Plum was diligent in seeking leave to file a motion for reconsideration.

As a threshold matter, Plum has been diligent in seeking leave to file a motion for reconsideration. "The measure of whether [the moving party] acted with sufficient diligence is whether [the non-moving party] suffered any meaningful prejudice as a result of [the moving party's] failure to bring the instant motion sooner than they did." *Senne v. Kansas City Royals Baseball Corp.*, No. 14-cv-00608-JCS, 2016 WL 3648547, at *3 (N.D. Cal. July 6, 2016). Courts may also consider other factors such as the "magnitude of the case, "discovery issues," and "deadlines . . . facing the parties"." and other ongoing discovery issues and case deadlines. *Id.* (citation omitted).

As discussed further below, Plum brings this Motion less than a month after the FDA issued draft guidance for proposed action levels for lead in baby foods on January 23, 2023, and just over a month after the latest ruling staying a similar action, in *In re Beech-Nut Nutrition Co.*, No. 1:21-CV-133, 2023 WL 350818 (N.D.N.Y. Jan. 19, 2023). These two events prompted Plum's ultimate decision to seek reconsideration, which it did after careful analysis concluding that each represented a coalescence around: (1) the FDA's diligent and demonstrated progress in issuing relevant guidance pertaining to heavy metals in baby food; and (2) a consistent body of law in similar class action lawsuits raising the same claims against other baby food manufacturers, holding that the primary jurisdiction doctrine applies in light of the FDA's actions. Plaintiffs have not been, and will not be, prejudiced by the timing of Plum's Motion for Reconsideration. Further, Plum continues to participate in substantial discovery—including document production and depositions of its corporate representatives—notwithstanding its request for a stay. Thus, Plum has been diligent in bringing this Motion.

**B.  A change in material facts and law warrants reconsideration.**

    **1.  FDA's recent guidance signifies a substantial change in regulatory oversight and provides a basis for reconsideration.**

Since the time of the Court's Order on January 12, 2022, the FDA has taken substantial steps in furtherance of its "Closer to Zero" action plan as laid out in extensive detail in Exhibit 1. Most notably, just last month, the agency set proposed action levels for acceptable levels of lead in baby food, exemplifying its commitment to oversight. *See* Ex. 1 at Section II.B; *see also* Declaration of William R. Jones in Support of Plum's Motion for Reconsideration ("Jones Decl") at ¶ 16. In addition to its recent guidance, the FDA has continued to devote significant resources to the completion of Closer to Zero, with a timeline that anticipates reaching similar benchmarks for other heavy metals in 2024. *Id.*; *see also* Jones Decl. ¶ 11.

In October 2021, when Plum's Motion to Dismiss, or in the Alternative, to Stay (Dkt. No. 103) was filed, Closer to Zero was in its infancy, having been announced a mere six months earlier in April 2021. Indeed, Plaintiffs' Opposition emphasized the supposed uncertainty around "when or if" the FDA would set action levels under Closer to Zero. *See* Plaintiffs' Opposition

(Dkt. No. 121) at 14–16 ("Since the FDA activity in progress does not specifically relate to baby food packaging, there is no basis to invoke primary jurisdiction on Plaintiffs' deceptive packaging state law claims. Nor can one determine when or *if* the Action Plan will result in any guidelines or whether those guidelines will be mandatory.") (emphasis in original.) Based on recent developments, this uncertainty is no longer warranted.

*First*, there is no longer a question of *if* the FDA will act. The FDA has and will continue to set guidelines as part of its comprehensive Closer to Zero action plan. *See* Ex. 1 at Section II.B; Jones Decl. ¶¶ 15–16 (explaining that the FDA has released draft guidance on action levels both for lead in juice and lead in baby foods, on April 27, 2022 and January 23, 2023, respectively). *Second*, there is no longer a question of *when* the FDA will act. *See In re Beech-Nut*, 2023 WL 350818, at *5 (observing that "[i]ndeed, by April 2024, the FDA plans to finalize action levels for lead and propose action levels for arsenic, with cadmium and mercury consideration and decisions to follow"); *see also* Jones Decl. ¶ 11.

This emergence of new material facts provides a basis for reconsideration. Civ. L-R 7-9(b). For example, in *Gitson v. Clover Stornetta Farms, Inc.,* the court granted leave to file a motion seeking reconsideration "based on a new notice by the [FDA] regarding the status of [evaporated cane juice.]" No. C–13–01517 (EDL), 2014 WL 2638203, at *1 (N.D. Cal. June 9, 2014). And the court ultimately granted defendant's motion for reconsideration explaining that, even though the FDA's guidance was not binding, it showed that "the FDA [was] currently involved in creating a new regulation concerning the subject of this lawsuit." *Id*. at *6. As in *Gitson*, this Court should grant leave for Plum to seek reconsideration.

**2. Recent decisions by other courts show a pervasive change in case law related to claims of heavy metals in baby food.**

Since the Court's Order, several other courts have dismissed or stayed similar actions against other baby food manufacturers on primary jurisdiction grounds, in deference to the FDA and its activities pursuant to Closer to Zero. *See In re Beech-Nut,* 2023 WL 350818, at *4 ("While the issue of whether a company misled consumers may be within the conventional experience of the Court, resolving plaintiffs' claims first requires a determination on whether the levels of heavy metals

in [defendant's] products is harmful, which is within the FDA's field of expertise."); *In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 1:21-cv-269 (MSN/JFA), 2022 WL 10197651, at *13 (E.D. Va. Oct. 17, 2022) ("The Court is thus unable to conclude whether Defendant's labeling was misleading without guidance from the FDA on the Heavy Metals' toxicity."); *Kimca v. Sprout Foods, Inc.*, No. BER-L-2538-22, 2022 WL 3586095, at *2–3 (N.J. Super. Law Div. Aug. 17, 2022) ("Plaintiffs try to distinguish the FDA's ongoing work on action levels from their claims regarding label statements. But this is a false distinction. Plaintiffs' labeling claims are premised on the idea any level of heavy metals in the product is unsafe."). These courts have determined that the FDA is the proper forum to address the presence of heavy metals in baby food, thus differentiating Plum from other manufacturers in matters of food regulation, contrary to the FDA's goal of providing consistent food regulatory standards for consumers.

At the time the Court decided this issue in January 2022, other courts had yet to weigh in on this specific subject. Since the Court's Order, courts in other cases have consistently held that primary jurisdiction applies in this situation. These cases constitute a persuasive change in law, thus providing a valid basis for reconsideration under Civ. L-R 7-9(b)(2). These decisions, rendered in functionally identical cases raising the same claims as those raised by Plaintiffs here, provide a consistent and persuasive body of case law on this issue of central importance. *See Colaprico v. Sun Microsystems, Inc.*, 1991 WL 330923, at *1 (N.D. Cal. July 12, 1991) (considering a "well-reasoned and thoroughly researched" decision from the California Court of Appeal). This Court should grant Plum's request for leave to seek reconsideration based on the change in law as exemplified through the above-referenced persuasive authority.

## IV. CONCLUSION

In light of the recent FDA activity representing the emergence of new material facts and the accompanying changes in law, and for the reasons stated herein and more fully in the attached proposed Motion for Reconsideration, Plum respectfully requests that this Court grant it leave to seek reconsideration.

DEFENDANT PLUM PBC'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: February 21, 2023 | **PERKINS COIE LLP** |
| 3 | | By: */s/ Charles C. Sipos* |
| 4 | | |
| 5 | | **PERKINS COIE LLP**<br>David T. Biderman (Bar No. 101577) |
| 6 | | *dbiderman@perkinscoie.com*<br>505 Howard Street, Suite 1000 |
| 7 | | San Francisco, CA 94105-3204<br>Telephone: (415) 344-7000 |
| 8 | | Facsimile: (415) 344-7050 |
| 9 | | Charles C. Sipos (admitted *pro hac vice*)<br>*csipos@perkinscoie.com* |
| 10 | | Lauren J. Tsuji (Bar No. 300155)<br>*ltsuji@perkinscoie.com* |
| 11 | | 1201 Third Avenue, Suite 4900 |
| 12 | | Seattle, Washington 98101 3099<br>Telephone: (206) 359-8000 |
| 13 | | Facsimile: (206) 359-9000 |
| 14 | | **DECHERT LLP** |
| 15 | | Hope Freiwald (admitted *pro hac vice*)<br>*hope.freiwald@dechert.com* |
| 16 | | 2929 Arch Street,<br>Philadelphia, PA 19104-2808 |
| 17 | | Telephone: (215) 994-4000<br>Facsimile: (215) 994-2222 |
| 18 | | |
| 19 | | *Attorneys for Defendant Plum, PBC* |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |