March 3, 2023

<u>**VIA ECF**</u>
The Honorable Donna M. Ryu
Northern District of California
Oakland Courthouse
Courtroom 4 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

      Re:    *In re Plum Baby Food Litigation*, Court File 21-cv-00913-YGR (N.D. Calif.)
              DISCOVERY JOINT LETTER BRIEF

Dear Judge Ryu,

      The parties met and conferred by video conference on February 6, 2023 and February 22, 2023, but have been unable to resolve the dispute described herein. The relevant case management deadlines are: (1) the expert discovery cut-off date on March 31, 2023, and (2) the deadlines for the class certification motion, opposition, reply, and the hearing date on class certification on April 17, May 30, June 20, and August 29, 2023, respectively. There are presently no deadlines for fact discovery or dispositive motions, and a pretrial conference or trial date has not been set.

**PLAINTIFFS' POSITION:**

**Procedural Background:** On November 11, 2022, Plaintiffs served their Fifth Request for Production of Documents ("Fifth RFP"), requesting all discovery served by Plum, PBC ("Defendant") and all transcripts of depositions taken of Defendant's employees in *N.C. v. Hain Celestial Grp., Inc.*, No. 21STCV22822 (Cal. Sup. Ct.) ("*N.C.* Action"). Plaintiffs in the *N.C.* Action had previously filed in this Court, and before the case was dismissed and refiled in State Court, Judge Gonzalez Rogers related it to the instant action (Dkt. 22, the "Relation Order"). On December 16, 2022, Defendant objected to the Fifth RFP entirely, including on time period, relevance, and that the requests were overbroad and unduly burdensome. *See* Exhibit 1.

On December 22, 2022, Plaintiffs responded by letter, noting that Defendant's objections and responses were both deficient and comprised of improper objections. The parties then met and conferred twice. At the first meet and confer, Plaintiffs offered a compromise position of holding the request for documents in abeyance until after class certification, if Defendant would produce the *N.C.* Action deposition transcript. Defendant informed Plaintiffs at the second meet and confer that it was unwilling to accept this compromise. Defendant conceded that burden was not an issue with respect to production of the transcripts.

Plaintiffs seek an Order requiring production of Plum employees' deposition transcripts from the *N.C.* Action.

**Argument:** Defendant objected to the production of deposition transcripts from the *N.C.* Action on the basis that it involved different allegations than here, and therefore Plaintiffs' Request is not

reasonably calculated to lead to the discovery of admissible evidence. As a threshold matter, the Court's relation of the *N.C.* Action to this litigation deems that:

1. The actions concern substantially the same parties, property, transaction, or event; and
2. It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civil L.R. 3-12(a). Defendant's position that the *N.C.* Action involves "different parties, different claims, and different products" was not previously raised and contradicts the Relation Order. Plaintiffs have requested only the transcripts of Plum employees, a specifically tailored subset of the transcripts in the *N.C.* Action, and which are reasonably calculated to lead to relevant responsive evidence in this action. *See, e.g., In re Bofi Holding, Inc. Sec. Litig.*, No. 15-CV-2324-GPC-KSC, 2021 WL 4460751, at *3 (S.D. Cal. Sep. 29, 2021) ("Relevance is an exceedingly low bar. Federal Rule of Evidence 401 deems evidence relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence' and it is material to the action. Fed. R. Evid. 401.'"). The Court, following the line of reason it took when relating the *N.C.* Action, should continue to hold that these actions concern the same parties, property, transaction, or event. *See Hall v. Marriott Int'l, Inc.,* No. 3:19-CV-01715-JLS-AHG, 2021 WL 1906464, at *8 (S.D. Cal. May 12, 2021) (citing *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-CV-02200-HSG (KAW), 2017 WL 1101799, at *3-4 (N.D. Cal. Mar. 24, 2017) (citing for the proposition that some courts have described a plaintiff as being "entitled" to the information from a related action).

Contrary to Defendant's assertions of "vastly overbroad" or a "fishing expedition," Plaintiffs have sought deposition transcripts from a singular entity – Plum in the *N.C.* action. Additionally, Plum's position that the transcripts are irrelevant also fails under the broad relevancy standard governing discovery. Plum, and not Plaintiffs, raised the issue of safety here by arguing that the presence or risk of heavy metals could not be material because they are "trace" "ubiquitous" contaminants and that the levels are "safe." (Dkt. 103 at 22-23.) Plaintiffs have a right to seek discovery into anticipated defenses to this case.

Courts in this jurisdiction routinely order parties to produce deposition transcripts from cases that are similar in nature. *See, e.g., Spears v. First Am. Eappraiseit*, No. 5:08-CV-00868 RMW (HRL), 2014 WL 11369808, at *1 (N.D. Cal. June 17, 2014) (ordering production of deposition transcripts where there was "overlap" between lawsuits and the transcripts were "relevant for impeachment purposes"); *Apple Inc. v. Samsung Elecs. Co., Ltd*, No. C 11-1846 LHK (PSG), 2011 WL 11552883, at *3 (N.D. Cal. Dec. 22, 2011) (ordering production of deposition testimony of Apple employees from prior cases involving patents covering the same or similar technologies); *Montgomery v. Wal-Mart Stores, Inc.*, No. 12-CV-3057-JLS (DHB), 2015 WL 11233384, at *9 (S.D. Cal. July 17, 2015) (overruling objections to producing deposition transcripts where requests were "narrowly tailored to seeking deposition-related documents pertinent to other lawsuits or

claims related to the underlying incident"); *Largan Precision Co., Ltd. v. Samsung Elecs. Co., Ltd.*, No. 13-CV-2740 DMS (NLS), 2015 WL 11251729, at *2 (S.D. Cal. Feb. 9, 2015) (ordering production of deposition transcripts from other litigation where testimony "will likely contain information about . . . topics that relate to the claims and defenses in this case").

Beyond the relevance argument, Rule 26 requires the Court to evaluate proportionality, and in particular the parties' access to relevant information. *In re Bofi Holding,* 2021 WL 4460751, at *4. Not requiring Defendant to produce these transcripts would result in unequal access to responsive relevant information that may inform Plum's strategy and give it an unfair advantage. Currently, Defendants are unfairly advantaged by knowing who was deposed, knowing what they already testified to, and understanding pitfalls that they can potentially prepare for, outside Plaintiffs' knowledge.

During the meet and confer process, Plum raised the possibility of providing transcripts if Plaintiffs would forgo taking the deposition of those individuals. There can be no valid reason to condition Plaintiffs' receipt of the transcripts on the elimination of other discovery from these fact witnesses. Depositions are allowed to be used for a multitude of reasons:

> Plaintiff might use the depositions to impeach a witness' in-court testimony. []. Plaintiff might introduce a deposition as a party's own statement. [] Plaintiff might use a deposition to refresh a witness' memory, as this litigation is increasingly distanced from the time when the alleged conduct occurred. [] Plaintiff might even decide, based on a review of the deposition testimony sought in RFP No. 59, to not depose certain witnesses at all—thereby reducing the costs and burdens...

*In re Bofi Holding,* 2021 WL 4460751, at *5 (citations omitted). Accordingly, Plaintiffs respectfully request that the Court order Defendant to produce all transcripts of depositions taken in the *N.C.* Action of Defendant's employees.

### DEFENDANT'S POSITION

In an impermissibly broad request, Plaintiffs demand that Plum be ordered to produce transcripts of *all* of the depositions of its employees taken in an unrelated personal injury lawsuit, *N.C. v. Hain Celestial Group, Inc.* Yet, that lawsuit concerns issues related to product safety and alleged resulting harm that have been—through Plaintiffs' own repeated admissions and representations— affirmatively disclaimed as outside the scope of fact issues involved in this labeling class action. Plaintiffs have not articulated any cogent reason why they are nonetheless entitled to this discovery, and their request should be denied.

*N.C.* is a personal injury case involving different parties, different claims, and different products from those at issue here. Specifically, *N.C.* was brought by a minor plaintiff who alleges that his consumption of baby foods produced by manufacturers including Hain, Gerber, Beech-Nut, Nurture, Sprout Foods, Walmart, and Plum, had some effect on his underlying autism diagnosis. Here, by contrast, Plaintiffs have repeatedly represented that this case is *not* about health or safety,

and have instead taken the position that it "solely concerns" labeling. *See, e.g.*, Dkt. No. 121 (Plaintiffs' Opp. to Plum's Motion to Dismiss) at 14-16 (explaining that this case "solely concerns deceptive packaging and whether reasonable consumers were misled by Plum's concealment of material facts under state law"); Plaintiffs' Responses to Interrogatory No. 5 (explaining that this case "concerns Defendant's deceptive packaging, labeling, marketing, and advertising" and "is not about health or safety"). Indeed, every named plaintiff who has been deposed to date has testified that they are *not* alleging any physical harm resulting from consumption of the Plum Products. So, their request to nonetheless obtain transcripts from *N.C.* is, in effect, an effort to gain discovery into matters they have otherwise disclaimed as relevant, and that would not properly be the subject of discovery in *this* case. No principle of discovery allow allows them to make an end run around these admissions and their effect, and their request should be denied for the following reasons:

*First*, Plaintiffs have identified no overlapping factual or legal issues between the two cases, nor can they, as product safety, toxicity levels, and other facts at issue in *N.C.* are entirely irrelevant to whether the presence of trace amounts of heavy metals was material to members of the putative class, whether members of the putative class paid a price premium for the products they purchased, or any other claim or defense in this litigation. Unable to articulate any overlap between the two cases, Plaintiffs instead seek to rely upon the earlier administrative relation of this case and the now-dismissed *AG v. Plum, PBC*, No. 21-cv-01600. But as Plaintiffs *themselves* argued in opposing consolidation, these cases differ in key respects. *See* Dkt. No. 20 (Plaintiffs' Response to Motion to Relate Cases). Among other distinctions, Plaintiffs noted that *A.G.* was "an individual action seeking damages related to personal injuries" while "[t]his case is a class action," and *A.G.* involved "different causes of action . . . related to personal injuries, as distinct from the consumer protection class claims of misleading and false advertising . . . at issue in this case." *Id.* at 2. So, again by Plaintiffs' own admission, the prior—and now severed—relation does nothing to show that discovery in that matter would be co-extensive with the issues in this case.

*Second*, Plaintiffs have not articulated any legally-defensible reason they need the transcripts from *N.C.* The fact that Plum is a defendant in both cases does not, without more, make these transcripts discoverable here. *See, e.g.*, *Allele Biotech. & Pharms., Inc. v. Pfizer, Inc.*, No. 20-cv-01958-H-AGS, 2021 WL 4168175, at *1 (S.D. Cal. Sept. 13, 2021) (denying request for "deposition transcripts from a different case" and explaining that "[t]he fact that [a party] produced certain documents in a different case 'does not necessarily make them discoverable in this case"); *Chen v. Ampco Sys. Parking*, No. 08-CV-0422-BEN (JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009) (denying discovery from state case involving "different and broader claims" and "different laws"); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2017 WL 4680242, at *2 (N.D. Cal. Oct. 18, 2017) (denying request for "complete access to the MDL Production" even where cases involved some overlapping claims). The cases on which Plaintiffs rely are readily distinguishable, as those involved "significant factual and legal overlap." *See, e.g.*, *Hall v. Marriott Int'l, Inc.*, No. 319CV01715JLSAHG, 2021 WL 1906464, at *7 (S.D. Cal. May 12, 2021) (noting that the allegations in both cases were "substantially similar and, in parts, completely identical"); *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-CV-02200-HSG-KAW, 2017 WL 1101799, at *2 (N.D. Cal. Mar. 24, 2017) (noting that cases "involve the same legal claims based on the same facts"). In fact, none of the cited cases holds that mere "similarity" is sufficient. If anything,

Plaintiffs' own authority demonstrates that a much closer identicality of issues is required before deposition transcripts from different matters are discoverable.

The searching nature of Plaintiffs' request is particularly clear here, where Plum has already made available—and Plaintiffs have already deposed—many of the same witnesses whose transcripts they seek from *N.C.* Indeed, since requesting these transcripts, Plaintiffs have deposed or noticed depositions of ten witnesses, including witnesses with roles related to product quality, toxicology, and other topics of only marginal relevance to this case. And Plum has made, and continues to make, these witnesses available for such questioning. Thus, to the extent Plaintiffs are claiming that witnesses who were deposed in *N.C.* have knowledge relevant to *this* case, Plaintiffs have already obtained it.

*Third*, Plaintiffs' speculation that the transcripts in *N.C.* may contain potential impeachment evidence does not provide a basis for compelling their production. The mere possibility that there *could* be inconsistencies contained in the transcripts does not make them discoverable. "The standard of relevancy is not so liberal as to allow a party to . . . explore matter which does not presently appear germane on the theory that it might conceivably become so." *Karol v. Med-Trans,* No. 1:11-CV-854 AWI GSA, 2012 WL 2339333, at *2 (E.D. Cal. June 19, 2012). Indeed, a request made solely in the hope of obtaining useful information, with no factual basis for inferring that the requested documents actually contain such information, is precisely the type of fishing expedition that courts do not countenance. *See, e.g., Zogenix, Inc. v. Fed. Ins. Co.*, No. 20CV06578YGRRMI, 2021 WL 4026911, at *4 (N.D. Cal. Sept. 3, 2021) (denying motion to compel where plaintiff identified no factual basis for its claim that the requested discovery might be relevant, and noting that "[p]laintiff's only explanation for why this material should be compelled is tenuous at best, if not an outright fishing expedition"); *Adobe Sys. Inc. v. NA Tech Direct, Inc.*, No. 17-CV-05226-YGR, 2018 WL 3304633, at *5 (N.D. Cal. July 5, 2018) (noting that discovery need not be allowed if the request "amount[s] to a fishing expedition based on nothing more than a hunch"); *Haggarty v. Wells Fargo Bank, N.A.*, No. 10-2416 CRB (JSC), 2012 WL 3939321, at *1 (N.D. Cal. Sept. 4, 2012) ("[D]iscovery may not be used as a fishing expedition."). These concerns are of even greater import here, as Plaintiffs have otherwise admitted that the subject matter of *N.C.* is *not* the same as the subject matter of this case.

*Fourth*, Plaintiffs' request for "all deposition transcripts" in *N.C.* is vastly overbroad, and is improper for this reason, as well. *See, e.g.*, *Goro v. Flowers Foods, Inc.*, No. 17-cv-02580-JLS-JLB, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) (explaining that a blanket request "for all documents produced in another matter is not generally proper"). Here, as in *Goro*, Plaintiffs don't even identify the specific transcripts they are seeking. Instead of requesting portions of testimony related to specific topics or obtained from specific employees, Plaintiffs improperly seek *all* deposition transcripts from *all* employees, agents, and representatives of Plum.

Because Plaintiffs have failed to establish the relevance of the transcripts they seek, their request should be denied in its entirety.

Respectfully submitted,

| **On Behalf of Plaintiffs Co-Lead Counsel:** | **On Behalf of Defense Counsel:** |
|---|---|
| LOCKRIDGE GRINDAL NAUEN P.L.L.P. | PERKINS COIE LLP |
| By: *s/ Rebecca A. Peterson* <br> Rebecca A. Peterson <br> Robert K. Shelquist <br> Krista K. Freier <br> Catherine A. Peterson <br> 100 Washington Avenue South, Suite 2200 <br> Minneapolis, MN 55401 <br> rapeterson@locklaw.com <br> rkshelquist@locklaw.com <br> kkfreier@locklaw.com <br> capeterson@locklaw.com | By: s/ *Charles C. Sipos* <br> Charles C. Sipos <br> Carrie Akinaka <br> Lauren Tsuji <br> Natalie Sanders <br> 1201 Third Avenue, Suite 4900 <br> Seattle, WA 98101-3099 <br> CSipos@perkinscoie.com <br> CAkinaka@perkinscoie.com <br> LTsuji@perkinscoie.com <br> NSanders@perkinscoie.com |
| LITE DEPALMA GREENBERG & AFANADOR, LLC <br> Susana Cruz Hodge, Pro Hac Vice <br> Joseph J. DePalma, Pro Hac Vice <br> 570 Broad Street, Suite 1201 <br> Newark, NJ 07102 <br> Telephone: (973) 623-3000 <br> scruzhodge@litedepalma.com <br> jdepalma@litedepalma.com | David Biderman <br> 1888 Century Park East, Suite 1700 <br> Los Angeles, CA 90067-1721 <br> DBiderman@perkinscoie.com <br><br> DECHERT LLP <br> Hope Freiwald <br> Michelle Hart Yeary <br> 2929 Arch Street <br> Philadelphia, PA 19104-2808 <br> hope.freiwald@dechert.com <br> michelle.yeary@dechert.com <br><br> Mark Cheffo <br> 1095 Avenue of the Americas <br> New York, NY 10036-6797 <br> mark.cheffo@dechert.com |