GEORGE FELDMAN MCDONALD PLLC
REBECCA A. PETERSON (241858)
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
E-mail: rpeterson@4-justice.com

LITE DEPALMA GREENBERG & AFANADOR, LLC
SUSANA CRUZ HODGE, *Pro Hac Vice*
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: scruzhodge@litedepalma.com

**Co-Lead Interim Class Counsel**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE PLUM BABY FOOD LITIGATION | Case No. 4:21-cv-00913-YGR |
| | Hon. Yvonne Gonzalez Rogers |
| This Document Relates to: | |
| ALL ACTIONS | **PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS** |

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

# TABLE OF CONTENTS

INTRODUCTORY STATEMENT ....................................................................................... 1

PROCEDURAL BACKGROUND........................................................................................ 2

GENERAL OBJECTION ..................................................................................................... 2

I.    Invoices Billed To A Non-Prevailing Party Should Be Refused. .................................... 6

II.   Deposition-Related Costs Should Be Rejected ................................................................ 6

III.  Defendant's Costs For Disclosure/Formal Discovery Documents (Reproduction And
      Exemplification) Should Be Rejected ............................................................................. 9

      A.    Defendant's descriptions lacked specificity, particularity, and clarity. ............... 9

      B.    Many of Defendant's costs are not taxable. ....................................................... 11

IV. Summary Of Objections ................................................................................................. 13

      A.    Hearing Transcript Costs .................................................................................... 13

      B.    Summary of Deposition-related Costs to Which Plaintiffs' Object .................. 13

      C.    Summary of Objections to Reproduction of Discovery Documents .................. 17

CONCLUSION.................................................................................................................... 20

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*AMUR Equip. Fin., Inc. v. CHD Transp. Inc.*,
  No. 1:17-cv-00416-AWI-SKO, 2017 WL 5477379 (E.D. Cal. Nov. 15, 2017)..............10

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 11-CV-01846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014).......................12

*Ass'n of Mexican-Am. Educ. v. State of Cal.*,
  231 F.3d 572 (9th Cir. 2000) ........................................................................................2

*CBT Flint Partners, LLC v. Return Path, Inc.*,
  737 F.3d 1320 (Fed. Cir. 2013).....................................................................................9

*City of Alameda v. Nuveen Mun. High Income Opportunity Fund*,
  No. C 08-4575 SI, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012).......................................5

*Davis v. Pinterest, Inc.*,
  No. 19-cv-07650-HSG, 2023 WL 8812871 (N.D. Cal. Dec. 20, 2023) ...........................5

*eBay, Inc. v. Kelora Sys.*,
  No. C 10-4947 CW (LB), 2013 WL 1402736 ...............................................................11

*English v. Colo. Dep't of Corr.*,
  248 F.3d 1002 (10th Cir. 2001) ....................................................................................5

*Escriba v. Foster Poultry Farms, Inc.*,
  743 F.3d 1236 (9th Cir. 2014) ...................................................................................2, 3

*Frlekin v. Apple, Inc.*,
  No. 13-3451, 2014 WL 354862 (N.D. Cal. Jan. 25, 2016)..............................................8

*Herrera v. Command Sec. Corp.*,
  No. CV 12-10968-SVW-RZx, 2014 WL 12626337 (C.D. Cal. Aug. 6, 2014) ..............11

*Hesterberg v. United States*,
  75 F. Supp. 3d 1220 (N.D. Cal. 2014) ..........................................................................5

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 914 (9th Cir. 2015) ....................................................................................9, 10

*In re Ricoh Co., Ltd. Patent Litig.*,
  661 F.3d 1361 (Fed. Cir. 2011).................................................................................5, 7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

*In re Tesla Inc., Sec. Litig.*,
    No. 18-cv-04865-EMC, 2023 WL 4032010 (N.D. Cal. June 14, 2023)......................2, 4

*Indep. Iron Works, Inc. v. U.S. Steel Corp.*,
    322 F.2d 656 (9th Cir. 1963) .........................................................................7

*Johnson v. Allstate Ins. Co.*,
    No. 07-cv-0781-SCW, 2012 WL 4936598 (S.D. Ill. 2012)............................11

*Oracle Am., Inc. v. Google Inc.*,
    No. C 10-03561 WHA, 2012 WL 3822129 (N.D. Cal. Sept. 4, 2012) ...................12, 13

*Plantronics, Inc. v. Aliph, Inc.*,
    No. C 09-01714 WHA (LB), 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) ......10, 11, 13

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*,
    674 F.3d 158 (3d Cir. 2012).............................................................11, 13

*Romero v. City of Pomona*,
    883 F.2d 1418 (9th Cir. 1989) .........................................................................9

*Roth v. Meridian Fin. Network, Inc.*,
    No. 07-00045 JMS-BMK, 2008 WL 4657800 (D. Haw. Oct. 21, 2008) ........................6

*Scott v. Cingular Wireless*,
    160 P.3d 1000 (Wash. 2007).........................................................................3

*Slaight v. Tata Consultancy Servs., Ltd*,
    No. 15-cv-01696-YGR, 2019 WL 3934934 (N.D. Cal. Aug. 20, 2019) ........................12

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
    566 U.S. 560 (2012).........................................................................5

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
    489 U.S. 782 (1989).........................................................................6

*Total Recall Techs. v. Luckey*,
    No. C 15-02281 WHA, 2017 WL 2118297 (N.D. Cal. May 16, 2017)........................8

*Townsend v. Holman Consulting Corp.*,
    929 F.2d 1358 (9th Cir. 1991) .........................................................................9

*TransPerfect Glob., Inc. v. MotionPoint Corp.*, ............................................................
    No. C-10-02590 CW (DMR), 2014 WL 1364792 (N.D. Cal. Apr. 4, 2014)....................7

*Windy Cove, Inc. v. Circle K Stores, Inc.*,
    No. 21-cv-1416-MMA-DEB, 2024 WL 393237 (S.D. Cal. Feb. 1, 2024) ........................7

-iii-

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

Zuill *v. Shanahan,*
    80 F.3d at 1399 (9th Cir. 1996)........................................................................9, 12

**Rules**

Northern District of California Civil Local Rule 54...........................................5,7,8, 9

Rule 54 of the Federal Rules of Civil Procedure ...........................................................5

**Constitutional Provisions**

28 U.S.C. § 1920.....................................................................................................5, 7, 9

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

Pursuant to the Northern District of California Civil Local Rule 54-2, Plaintiffs hereby object to Defendant Plum, PBC's ("Defendant") Bill of Costs, filed April 19, 2024. (Dkt. 268.) Plaintiffs' counsel met and conferred with Defendant's counsel by phone on April 29, 2024, in accordance with Northern District of California Civil Local Rule 54-2(b) in an effort to resolve the Parties' disagreements concerning the taxable costs claimed in Defendant's Bill of Costs, but the Parties were unable to come to a resolution.

## INTRODUCTORY STATEMENT

The Court should reject Defendant's overreaching $55,688 Bill of Costs (*see* Dkt. 268) in its entirety. Defendant seeks costs far out of proportion to its success in this complex action involving several disputed issues of liability relating to dozens of Defendant's products and dozens of asserted claims. The taxable costs available to a prevailing party in litigation are limited by statute and rules and are intended to be modest in scope. Defendant's Bill of Costs violates both the letter and spirit of those rules.

Notwithstanding Plaintiffs' general objection, Defendant fails to meet its burden of establishing the amount of the claimed costs it incurred and that such costs are taxable. All but two invoices for which Defendant claims costs are billed to Campbell Soup Company ("Campbell") and/or Campbell's business address and are not billed or addressed to Defendant. Campbell is not a party to this litigation, much less a prevailing party. Additionally, Defendant seeks the costs related to depositions and electronic discovery ("e-discovery") that are not allowable or are otherwise not justified by Defendant's documentation. For these reasons, all such costs should be denied. If the Court finds that Defendant warrants payment of costs, the amount should only be $553.50, the amount paid for hearing transcripts related to Defendant's Motion for Summary Judgment.

1
PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROCEDURAL BACKGROUND

Plaintiffs filed their initial complaint on February 5, 2021, their consolidated class action complaint on March 11, 2021, and their first amended consolidated class action complaint on September 3, 2021, alleging that Defendant failed to disclose the presence or risk of heavy metals and/or perchlorate in its baby food products. (Dkts. 1, 15, 98.) After granting in part and denying in part Defendant's Motion to Dismiss and/or Stay (Dkt. 125), and extensive discovery conducted by the parties, Defendant's Motion for Summary Judgment was granted. (Dkt. 261.) Plaintiffs filed their notice of appeal on April 25, 2024. (Dkt. 269.) At Plaintiffs' request, the Court stayed its decision on Defendant's Bill of Costs pending the outcome of Plaintiffs' appeal. (Dkt. 281.) Plaintiffs' appeal was decided on April 25, 2025. *See In re Plum Baby Food Litig.*, No. 24-2766, 2025 WL 1200700 (9th Cir. Apr. 25, 2025).

## GENERAL OBJECTION

Due to the nature of the case, Plaintiffs object to the award of any costs to Defendant on the ground that this is the type of case in which a district court can and should exercise its discretion to deny costs. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (providing "the district court [has] discretion to refuse to award costs") (quoting *Ass'n of Mexican-Am. Educ. v. State of Cal.*, 231 F.3d 572, 592 (9th Cir. 2000)). Appropriate reasons for denying costs include: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba*, 743 F.3d 1236 at 1247-48. It is not necessary for a party opposing costs to demonstrate that every *Escriba* factor weighs in their favor, and courts have denied costs where only the "public importance" and "close and difficult issues" factors supported a denial of costs. *See In re Tesla Inc., Sec. Litig.*, No. 18-cv-04865-EMC, 2023 WL 4032010, at *13-15 (N.D. Cal. June 14, 2023); *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (the *Escriba* factors serve only as

2

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

a "starting point" for the analysis and a party "need not demonstrate that all five factors weigh against imposing costs" for a denial of costs to be permissible) (*quoting Escriba*, 743 F.3d at 1248). Here, all factors support the denial of costs.

**Substantial Public Importance.** It is beyond dispute that this case is of substantial importance to the public. The products at issue included those marketed and sold to be fed to babies and toddlers, some of our most vulnerable populations. (*See*, *generally*, Dkt. 98.) Defendant's sales generated $93 million in revenue in 2012,[1] and the baby food market worldwide has almost doubled since.[2] Plaintiffs consist of parents nationwide who purchased the products for their children. (*See* Dkt. 98 at 9-15.) At stake in this class action suit were various statutes and common laws meant to promote consumer protection. (*See id.* at 63-89); *see also Scott v. Cingular Wireless*, 160 P.3d 1000, 1006 (Wash. 2007) ("[C]lass actions are a critical piece of the enforcement of consumer protection law . . . Without class actions, many meritorious claims would never be brought."). The public attention paid and reporting on the presence or risk of contaminants in baby food makes sense, given the important subject matter of this dispute and the public's unawareness. (*See*, *e.g.*, Dkt. 98-1 ("U.S. House of Representatives Committee on Oversight and Reform, Subcommittee on Economic and Consumer Policy, Staff Report, *Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury*).) The Court acknowledged that "Congress's report itself shows the shock of Congress." Motion to Dismiss Hearing Tr., 10:21-22 (Jan. 11, 2022). The substantial public importance of this case weighs against awarding costs to Defendant.

**Close and Difficult Issues.** There also can be little dispute that the issues involved in this

---

[1] Zacks Equity Research, *Campbell to Acquire Plum Organics*, March 28, 2013, https://finance.yahoo.com/news/campbell-acquire-plum-organics-125002020.html (last accessed May 8, 2025).

[2] Statista, *Baby Food Market Revenue Worldwide 2018-2029*, Oct. 18, 2024, https://www.statista.com/statistics/249469/global-baby-food-market-size-2015/ (last accessed May 8, 2025).

3

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

case were close and difficult. Plaintiffs had a fair chance to succeed on appeal due to the nature of their claims, and the confusion regarding the proper standard to be applied to omissions-based claims under California law—as recognized in the Amicus Curiae brief by the California Attorney General. (*See* App. Dkt. 24.1.) The substantially difficult and close issues presented in this case thus weigh heavily against awarding costs to Defendant. *See In re Tesla Inc, Sec. Litig.*, 2023 WL 4032010, at *14 ("The closer the case, the more it weighs against awarding costs to the prevailing party.").

      ***Chilling Effect on Future Actions.*** Defendant seeks to tax Plaintiffs with a staggering $55,678 in costs. (Dkt. 268.) These costs are in addition to the substantial costs and fees Plaintiffs spent in developing and presenting this case, including the engagement of three experts and several consumer surveys. At the core of this suit was an effort by Plaintiffs, parents, who represent no corporations or special interests, to ensure consumers are informed about the presence or risk of heavy metals and/or perchlorate in Defendant's products. (*See*, *generally*, Dkt. 98.) The prospect of facing such an astounding cost bill in the event of an unsuccessful claim (especially one where the issues were difficult and close) would discourage any prospective consumer protection plaintiff from pursuing a claim that might involve complex issues. The Court should deter any such chilling effect because cases like this are of great importance that can bring about significant change. While Defendant will likely deny this, Plaintiffs maintain that Defendant has made certain changes to its website and product formulation due in whole or in part to this litigation. Indeed, Defendant now discloses testing results for some of its products on its website and appears to have ceased using rice flour in its Puffs products (which as the Court may recall, contained astronomically high arsenic levels).[3] Given their ability to affect change,

---

[3]   *See*, *e.g.*, Plum Organics, *Heavy Metals Test Results for Pouches*, https://plumorganics.com/heavy-metals-test-results-for-pouches/ (last accessed May 8, 2025); Plum Organics, *Product page for Mighty Puffs Beet + Strawberry*, https://plumorganics.com/products/mighty-puffs-beet-strawberry/ (last accessed May 8, 2025); Plum Organics, *Product page for Mighty Puffs Carrot + Broccoli,* https://plumorganics.com/products/mighty-puffs-carrot-broccoli/ (last accessed May 8, 2025).

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

future consumer protection cases should be protected against the chilling effect of an award of costs. This factor weighs strongly against awarding any costs to Defendant.

*Economic Resources.* Defendant, a baby food manufacturer with millions of dollars in revenue, certainly has the resources to pay the costs it incurred in this litigation. *See Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG, 2023 WL 8812871, at *1 (N.D. Cal. Dec. 20, 2023) (in analyzing whether a stay of bill of costs was warranted, the court found economic disparity favored the plaintiff, "an individual," where the defendant was "a public company with billions of dollars in revenue.").

Thus, due to the nature of this case, Defendant's Bill of Costs should be denied in its entirety.

## SPECIFIC OBJECTIONS

When a court is ready to consider costs, "[t]axable costs are limited by statute and are modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). "Taxable costs are a fraction of the nontaxable expenses borne by [a prevailing party in a litigation]." *Id.* A prevailing party's taxable costs are limited by Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and the Northern District of California Civil Local Rule 54. *See, e.g.*, *id.*. The prevailing party bears the burden to "establish the amount of compensable costs and expenses to which [it is] entitled. Prevailing parties necessarily assume the risks inherent in a failure to meet that burden." *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (*citing English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001)). If the prevailing party satisfies its burden, the party opposing costs has the burden to show why they should not be awarded. *See, e.g.*, *Hesterberg v. United States*, 75 F. Supp. 3d 1220, 1224 (N.D. Cal. 2014) ("With regard to individual itemized costs, the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled.") (*quoting City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012)).

5

Without waiving the above-stated general objection, Plaintiffs hereby specifically object to certain expenses claimed in Defendant's Bill of Costs.

## I. Invoices Billed To A Non-Prevailing Party Should Be Refused.

As a preliminary basis for rejection, all costs claimed by Defendant naming Campbell and/or stating its address on the invoice as the party to be billed should be refused because Campbell is not a prevailing party. *See Roth v. Meridian Fin. Network, Inc.*, No. 07-00045 JMS-BMK, 2008 WL 4657800, at *2 (D. Haw. Oct. 21, 2008) ("[P]reliminary to any determination of an award of fees or costs, the Court must determine whether a party prevailed. The Supreme Court has held that '[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties....') (*quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)). Although Campbell, a company of which Defendant was a "wholly owned indirect subsidiary" at the time the complaint was filed (*see* Dkt. 11), was never a named party to this litigation, the Court nevertheless dismissed Campbell, from the action. (*See* Dkt. 261 at 1, n.1.) Further, Campbell's prior relationship with Defendant does not morph it into a prevailing party.

Of the $55,688 in costs claimed by Defendant, only $8,902.15 were actually incurred by Defendant and/or its counsel, Perkins Coie LLP. (*See* Dkt. 268-2; Dkt. 268-3 at 8, 11-25.) Therefore, the remaining $46,775.85 in costs claimed by Defendant should be rejected because they were incurred by Campbell,[4] a non-party to this litigation. (*See* Dkt. 267-3, Ex. C; Dkt. 268-3 at 9, 26-82.)

## II. Deposition-Related Costs Should Be Rejected

Plaintiffs object to the costs claimed by Defendant for deposition-related expenses. Plaintiffs further object to deposition costs related to certain specific witnesses, which should be denied in their entirety regardless of the outcome of the above-stated objections.

---

[4] References to Campbell also include its counsel, Dechert LLP.

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

1    Recovery of certain deposition-related expenses are permitted where the deposition was

2    "taken for any purpose in connection with the case[.]" N.D. Cal. Civ. L. R. 54-3(c); *see also* 28

3    U.S.C. § 1920(2) (transcripts may be taxed where they are "necessarily obtained for use in the

4    case[.]"). However, if a Court deems costs are warranted, "depositions that are 'merely useful for

5    discovery' are not taxable and should be 'borne by the party taking them as incidental to normal

6    preparation for trial.'" *Windy Cove, Inc. v. Circle K Stores, Inc.*, No. 21-cv-1416-MMA-DEB,

7    2024 WL 393237, at *4 (S.D. Cal. Feb. 1, 2024) (*quoting Indep. Iron Works, Inc. v. U.S. Steel

8    Corp.*, 322 F.2d 656, 679 (9th Cir. 1963)).  A prevailing party may claim, at most, the "cost of an

9    original and one copy of any deposition." N.D. Cal. Civ. L. R. 54-3(c)(1). Defendant bears the

10   burden to "to establish the amount of compensable costs and expenses to which [it] is entitled."

11   *TransPerfect Glob., Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR), 2014 WL 1364792,

12   at *5 (N.D. Cal. Apr. 4, 2014) (*quoting In re Ricoh*, 661 F.3d at 1367).

13        Defendant submitted no evidence to differentiate between depositions that were

14   "necessarily incurred" and those "merely useful for discovery" and should not be awarded costs

15   for the depositions. *See TransPerfect Glob.*, 2014 WL 1364792, at *5 (prevailing party provided

16   no evidence the depositions' costs were "necessarily obtained" and thus did meet its burden).

17   Moreover, nine depositions for which Defendant is seeking costs (*see* Dkt. 268-3 at 26-29, 48-57,

18   62-71), were never cited in Defendant's Motion for Summary Judgment or its Reply in Support of

19   its Motion. (*See*, *generally*, Dkts. 210, 246); *cf. Windy Cove*, 2024 WL 393237, at *3 (court

20   allowed costs associated with depositions when prevailing party provided a sufficient explanation

21   showing they were necessarily obtained for use in the case and necessary to prepare for trial). In

22   this case, Defendant has not met its burden with respect to this category of costs as it failed to

23   provide explanations sufficient to show whether the claimed costs were necessarily obtained for

24   use in the case as opposed to being merely useful for discovery. *See TransPerfect Glob.*, 2014

25   WL 1364792, at *5.

26

27                                                    7
     PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
28   MASTER FILE NO. 4:21-CV-00913-YGR

Further, although Local Civil Rule 54-3(c)(1) allows costs for videotaped depositions to be recovered, here those costs should be denied. No disputes in this matter related to deposition conduct or any other issue that would be resolved through the use of videotapes, nor did the litigation go to trial. *See Total Recall Techs. v. Luckey*, No. C 15-02281 WHA, 2017 WL 2118297, at *1 (N.D. Cal. May 16, 2017) ("Here, it is true that our case became mired in discovery disputes, but none involved deposition conduct or any other issue that might have been resolved with videotapes. Nor did the contentious nature of this case warrant videotaped depositions—the transcript would have sufficed to impeach any witness, if necessary."). Additionally, one Plaintiff for which videotaped depositions were requested lives in California, within subpoena range. (*See* Dkt. 98 at ¶28); *see also Total Recall Techs.*, 2017 WL 2118297, at *2 (court rejected defendant's "blanket omnibus approach to videotape every deposition ...") (*quoting Frlekin v. Apple, Inc.*, No. 13-3451, 2014 WL 354862, at *2 (N.D. Cal. Jan. 25, 2016)).

For these reasons, Defendant's requests for deposition-related costs should be denied in their entirety.[5]

---

[5] Plaintiffs maintain that all deposition-related costs claimed by Defendant are not taxable and should be denied, but to any extent Defendant is permitted to recover deposition-related costs, they should be limited to testimony on which Defendant relied for its Motion for Summary Judgment.

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

### III.    Defendant's Costs For Disclosure/Formal Discovery Documents (Reproduction And Exemplification) Should Be Rejected

"The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." N.D. Cal. Civ. L. R. 54-3(d)(2). In accordance with this District's Civil Local Rule 54-1(a), the burden is on Defendant to support its claim with the appropriate specificity, particularity, and clarity.  Moreover, Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 only allow the court to award costs for certain specifically enumerated categories of expenses. The "costs of making copies" clause of 28 U.S.C. § 1920 applies to electronically stored information and only includes those costs incurred "for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 927 (9th Cir. 2015); *see also Romero v. City of Pomona,* 883 F.2d 1418, 1428 (9th Cir. 1989), *abrogated in part on other grounds by Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1363 (9th Cir. 1991) (en banc); *Zuill v. Shanahan,* 80 F.3d 1366, 1371 (9th Cir. 1996) (fees related to the "intellectual effort" involved in photocopying documents were not allowable under 28 U.S.C. § 1920). Even with this robust legal framework, the evaluation of whether certain costs are taxable under § 1920(4), "calls for some common-sense judgments guided by a comparison with the paper-document analogue." *In re Online DVD-Rental Antitrust*, 779 F.3d at 929 (quoting *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1331 (Fed. Cir. 2013)).

### A.    Defendant's descriptions lacked specificity, particularity, and clarity.

Defendant failed to describe its e-discovery costs with specificity, particularity, and clarity, only labeling them as "Reproduction of Discovery Documents Costs" broken down by month. (*See* Dkt. 267-3, Ex. C.) Defendant's vendor provided some task categories on its invoices, i.e., "Project Management Hours" and "Tech Time Hours" followed by various descriptions (*see* Dkt. 267-3, Exs. C-6-C-12), but none are sufficiently specific, particular, or

9

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

clear. On other invoices, the vendor simply clustered various tasks without any specificity, particularity, and clarity as to what is potentially taxable. (*See*, *e.g.*, Dkt. 267-3, Exs. C-1-C-5.) Defendant fails to describe why any of the costs are eligible to be taxed and reimbursed. (*See* Dkt. 268-1 at 4-5.)

Moreover, from Defendant's descriptions, it is impossible to determine the amount of time that was spent on each of the sub-tasks within the tasks listed. (*See*, *generally*, Dkt. 267-3, Ex. C.) This is sufficient to deny these costs. *See Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA (LB), 2012 WL 6761576, at *17 (N.D. Cal. Oct. 23, 2012) (court found party "did not itemize the e-discovery processing costs with enough detail to establish that the court should award it any of the ESI processing costs."). Further, while the vendor's invoices indicate units of time dedicated to tasks, the vendor failed to itemize how much time it spent on each sub-task. (*See* Dkt. 267-3, Ex. C-1-C-12.) Further, it is not clear from Defendant's explanation or the vendor's invoices what tasks were required by the Parties' ESI Protocol and therefore "necessary to the case." (*See*, *generally*, Dkt. 267-3.) This, too, is sufficient to deny Defendant's costs. *See Plantronics*, 2012 WL 6761576, at *15-17. For example, Defendant's descriptions do not make clear which tasks, like converting files to TIFF, OCR, etc., were required, which is sufficient to deny those costs.[6] *See AMUR Equip. Fin., Inc. v. CHD Transp. Inc.*, No. 1:17-cv-00416-AWI-SKO, 2017 WL 5477379, at *13 (E.D. Cal. Nov. 15, 2017) (party's "description of 'Inside Document Production' is too generic a description to assist the Court in determining whether that tasks falls within the scope of section 1920(4)."); *In re Online DVD–Rental*, 779 F.3d at 928 ("The proper application of a narrowly construed § 1920(4) requires that the tasks and services for which an award of costs is being considered must be described and established with sufficient specificity, particularity, and clarity as to permit a determination that costs are awarded for making copies. 'Document production' and other similarly generic statements on the invoices are unhelpful in determining

---

[6] Even where the invoices refer to a term such as "OCR", it is not clear if that term is related to a task that is necessary to the case. (*See*, *e.g.*, Dkt. 267-3, Ex. C-8.)

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

1    whether those costs are taxable.").

2        Data use is generally taxable under § 1920(4) if used for delivery rather than storage.

3    *Compare Johnson v. Allstate Ins. Co.*, No. 07-cv-0781-SCW, 2012 WL 4936598, at *7 (S.D. Ill.

4    2012) (the cost of data storage on a hard drive is not taxable), *with eBay, Inc. v. Kelora Sys.*, No.

5    C 10-4947 CW (LB), 2013 WL 1402736, at *8 (granting costs for hard drives used as a means of

6    delivering discovery) and *Plantronics*, 2012 WL 6761576 at *17 (discovery produced on hard

7    drives would be taxable); *see also Johnson*, 2012 WL 4936598, at *7 ("Neither the language of §

8    1920(4), nor its history, suggests that Congress intended to shift all the expenses of a particular

9    form of discovery—production of ESI—to the losing party.") (*quoting Race Tires Am., Inc. v.

10   Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012)). However, Defendant did not make

11   the storage/delivery distinction in its Bill of Costs (*see* Dkt. 268), so the requested award should

12   be denied. *See Herrera v. Command Sec. Corp.*, No. CV 12-10968-SVW-RZx, 2014 WL

13   12626337, at *3 (C.D. Cal. Aug. 6, 2014) ("Court decline[d] to grant costs for 'hard drives' or the

14   'USB flash drive'" when "the invoices introduced by Defendant do not specify whether

15   the hard drives and USB flash drives in question were used for storage, the delivery of discovery

16   to Plaintiffs, or some other purpose.").

17       Here, Defendant has failed to meet its burden to demonstrate with specificity,

18   particularity, and clarity as to why the costs are eligible to be taxed and reimbursable.

19   Accordingly, the Court should deny Defendant's request for the costs for disclosure and formal

20   discovery documents in their entirety.

21       **B.    Many of Defendant's costs are not taxable.**

22       Even if the Court finds Defendant's descriptions of its costs suffice, most are not

23   reimbursable because the activities themselves are not taxable. The invoices with descriptions

24   consisting of only "Project Management" and "Technical Time" (*see* Dkt. 267-3, Exs. C-6-C-12)

25   are not taxable because they are more akin to "intellectual effort" such as organizing, searching,

26

27                                              11
     PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
28   MASTER FILE NO. 4:21-CV-00913-YGR

and analyzing discovery documents, and not preparing and duplicating the documents. *See eBay*, 2013 WL 1402736, at *7 ("These expenses [such as collection and processing costs] are not taxable under section 1920(4)."). "[O]ften egathering and e-processing costs are not the equivalent of the 'physical preparation and duplication of documents' that is compensable." *Id.* at *7; *see also Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *3 (N.D. Cal. Sept. 4, 2012) ("The problem with Google's e-discovery bill of costs is that many of item-line descriptions seemingly bill for 'intellectual effort' such as organizing, searching, and analyzing the discovery documents. Most egregious are attempts to bill costs for 'conferencing,' 'prepare for and participate in kickoff call,' and communications with co-workers, other vendors, and clients. These are non-taxable intellectual efforts.") (internal citations to record omitted). Defendant failed to state that its costs requests, much less any of its e-discovery cost requests, do not include costs for the "intellectual effort" expended during the production. *Compare* (Dkt. 268-1) *with Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *12 (N.D. Cal. Sept. 19, 2014) (Apple provided appropriate documentation in a sworn declaration in support of its Bill of Costs in which its counsel asserted, "Apple seeks only the amounts associated with electronic preparation and duplication, not the intellectual effort involved in the production, such as searching or analyzing the document.").)

Moreover, several invoices (*see*, *e.g.*, Dkt. 267-3, Exs. C-1-C-3, C-5) include activities related to data collection, such as management, organization, and tracking which are non-taxable. *Slaight v. Tata Consultancy Servs., Ltd*, No. 15-cv-01696-YGR, 2019 WL 3934934, at *4 (N.D. Cal. Aug. 20, 2019) ("costs compensable under Section 1920 are only permitted for preparation and duplication of documents, not the efforts incurred in assembling, collecting, or processing those documents[.]"); *see Zuill*, 80 F.3d at 1371 (drafting summaries of deposition transcripts is a "traditional legal service rather than a cost."). The vendor's invoices also include ingestion (*see*, *e.g.*, Dkt. 267-3, Exs. C-1-C-3, C-6-C-9, C-11-C-12), which is non-taxable as it is a process

12

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

leading up to production—not "copying." *Plantronics*, 2012 WL 6761576, at *13 (the "necessary processing leading up to the production is not like 'making copies' and is not taxable.") (*citing Race Tires Am.*, 674 F.3d at 169). The invoices also include tasks related to consulting, such as "client communication" (*see*, *e.g.*, Dkt. 267-3, Exs. C-2-C-3, C-5-C-6, C-8-C-9, C-11, Ex. C-12), which are not be taxable as they are an "intellectual effort." *Oracle Am.*, 2012 WL 3822129, at *3.

For these reasons, Defendant's request for costs related to e-discovery should be rejected.

## IV. Summary Of Objections

### A.    Hearing Transcript Costs

The chart below summarizes the Plaintiffs' general objection to Defendant's hearing transcript costs (*see* Dkt. 268-2):

| Category of Costs | Amount Defendant Seeks | Amount Objected To | Invoice / Ex. | Summary of Plaintiffs' Objections | Proper Amount to be Taxed |
|---|---|---|---|---|---|
| Hearing Transcript Costs | $163.50 | $163.50 | Payment requests from Perkins Coie and correspondence from Court Reporter (Ex. A-1) | General Objection | $0 |
| Hearing Transcript Costs | $390.00 | $390.00 | Payment requests from Perkins Coie and correspondence from Court Reporter (Ex. A-2) | General Objection | $0 |
| **Totals:** | **$553.50** | **$553.50** | | | **$0** |

### B.    Summary of Deposition-related Costs to Which Plaintiffs' Object

The chart below summarizes Defendant's deposition-related costs to which Plaintiffs object and their bases for the objections (*see* Dkt. 268-3):

13

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

| Category of Costs | Amount Defendant Seeks | Amount Objected To | Invoice / Ex. | Summary of Plaintiffs' Objections | Proper Amount to be Taxed |
|---|---|---|---|---|---|
| Videotape / Transcript Costs (Mathiesen) | $1,106.20 | $1,106.20 | Veritext Invoice #6160113 and #6166192 (Ex. B-1) | General Objection; $85.00 Billed to Campbell Soup | $0 |
| Transcript / Exhibit Costs (Strapp-Individual) | $584.35 | $584.35 | Veritext Invoice #6265512 (Ex. B-2) | General Objection | $0 |
| Transcript / Exhibit Costs (Strapp-30(b)(6)) | $1,177.00 | $1,177.00 | Veritext Invoice #6265512 (Ex. B-2) | General Objection | $0 |
| Transcript / Exhibit Costs (Hopp-Individual) | $387.75 | $387.75 | Veritext Invoice #6352105 (Ex. B-3) | General Objection | $0 |
| Transcript / Exhibit Costs (Hopp-30(b)(6)) | $1,007.60 | $1,007.60 | Veritext Invoice #6352105 (Ex. B-3) | General Objection | $0 |
| Transcript Costs (Chong-30(b)(6)) | $184.80 | $184.80 | Veritext Invoice #6374508 (Ex. B-4) | General Objection | $0 |
| Transcript Costs (Chong-Individual) | $518.10 | $518.10 | Veritext Invoice #6374508 (Ex. B-4) | General Objection | $0 |
| Transcript / Exhibit Costs (Hicks-Individual) | $527.70 | $527.70 | Veritext Invoice #6391009 (Ex. B-5) | General Objection | $0 |
| Transcript / Exhibit Costs (Hicks-30(b)(6)) | $536.10 | $536.10 | Veritext Invoice #6391009 (Ex. B-5) | General Objection | $0 |
| Transcript / Exhibit / Videotape Costs (David) | $755.75 | $755.75 | Veritext Invoices #6409067 and #6429668 (Ex. B-6) | General Objection | $0 |

14

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

| Category of Costs | Amount Defendant Seeks | Amount Objected To | Invoice / Ex. | Summary of Plaintiffs' Objections | Proper Amount to be Taxed |
|---|---|---|---|---|---|
| Transcript / Exhibit Costs (Ragasa-Individual) | $1,239.90 | $1,239.90 | Veritext Invoice #6464433 (Ex. B-7) | General Objection | $0 |
| Transcript / Exhibit Costs (Walters-Individual) | $908.25 | $908.25 | Veritext Invoice #6457305 (Ex. B-8) | General Objection | $0 |
| Transcript / Exhibit (Kagel-expert) | $1,002.75 | $1,002.75 | Veritext Invoice #6465419 (B-9) | General Objection; Merely useful for discovery | $0 |
| Transcript / Exhibit (Erdem-expert) | $1,965.15 | $1,965.15 | Veritext Invoice #6462298 (B-10) | General Objection; Merely useful for discovery | $0 |
| Transcript / Exhibit / Videotape (McKeon) | $1,041.15 | $1,041.15 | Veritext Invoices #6115889 and #6123487 (Ex. B-11) | General Objection; Billed to Campbell Soup | $0 |
| Transcript / Exhibit / Videotape (Ellison) | $1,016.90 | $1,016.90 | Veritext Invoices #6119934 and #6138517 (Ex. B-12) | General Objection; Billed to Campbell Soup | $0 |
| Transcript / Exhibit / Videotape (Nurre) | $1,787.00 | $1,787.00 | Veritext Invoices #6148439 and #6153174 (Ex. B-13) | General Objection; Billed to Campbell Soup | $0 |
| Transcript / Exhibit / Videotape (Crawford) | $1,817.75 | $1,817.75 | Veritext Invoices #6187771, #6208853, and #6229443 (Ex. B-14) | General Objection; Billed to Campbell Soup | $0 |
| Transcript / Exhibit / Videotape (Torrence) | $965.70 | $965.70 | Veritext Invoices #6345989 and #6353901 (Ex. B-15) | General Objection; Billed to Campbell Soup | $0 |
| Transcript / Exhibit (Weir-expert) | $1,191.10 | $1,191.10 | Veritext Invoices #6409385 and #6427934 (Ex. B-16) | General Objection; Billed to Campbell Soup; Merely useful for discovery | $0 |

15

| Category of Costs | Amount Defendant Seeks | Amount Objected To | Invoice / Ex. | Summary of Plaintiffs' Objections | Proper Amount to be Taxed |
|---|---|---|---|---|---|
| Transcript / Exhibit / Videotape (Gaskin-expert) | $1,457.55 | $1,457.55 | Veritext Invoices #6417767 and #6426296 (Ex. B-17) | General Objection; Billed to Campbell Soup; Merely useful for discovery | $0 |
| Transcript / Exhibit / Videotape (Klein-expert) | $2,327.35 | $2,327.35 | Veritext Invoices #6426650 and #6477933 (Ex. B-18) | General Objection; Billed to Campbell Soup; Merely useful for discovery | $0 |
| Transcript / Exhibit / Videotape (Gulkarov) | $932.65 | $932.65 | Veritext Invoices #6431737 and #6469428 (Ex. B-19) | General Objection; Billed to Campbell Soup | $0 |
| Transcript / Exhibit / Videotape (Silverman-expert) | $1,736.00 | $1,736.00 | Veritext Invoices #6440348 and #645591 (Ex. B-20) | General Objection; Billed to Campbell Soup; Merely useful for discovery | $0 |
| Transcript / Exhibit (Martin-expert) | $526.80 | $526.80 | Veritext Invoices #6471307 (Ex. B-21) | General Objection; Billed to Campbell Soup; Merely useful for discovery | $0 |
| Transcript / Exhibit (Jones-expert) | $482.55 | $482.55 | Veritext Invoices #6487458 (Ex. B-22) | General Objection; Billed to Campbell Soup; Merely useful for discovery | $0 |
| Transcript / Exhibit (Swirski-individual) | $388.05 | $388.05 | Veritext Invoices #6497009 (Ex. B-23) | General Objection; Billed to Campbell Soup; Merely useful for discovery | $0 |

16

| Category of Costs | Amount Defendant Seeks | Amount Objected To | Invoice / Ex. | Summary of Plaintiffs' Objections | Proper Amount to be Taxed |
|---|---|---|---|---|---|
| Transcript / Exhibit (Panchal-individual) | $789.60 | $789.60 | Veritext Invoices #6509698 (Ex. B-24) | General Objection; Billed to Campbell Soup | $0 |
| Transcript / Exhibit (Fornarelli-individual) | $773.70 | $773.70 | Veritext Invoices #6510367 (Ex. B-25) | General Objection; Billed to Campbell Soup | $0 |
| Transcript / Exhibit / Videotape (Gardener-expert) | $1,689.00 | $1,689.00 | Veritext Invoices #7020832 and #7063968 (Ex. B-26) | General Objection; Billed to Campbell Soup | $0 |
| Transcript / Exhibit / Videotape (Brown) | $1,605.00 | $1,605.00 | Veritext Invoices #6210646 and #6199927 (Ex. B-27) | General Objection; Billed to Campbell Soup | $0 |
| **Totals** | **$32,429.25** | **$32,429.25** | | | **$0** |

## C.    Summary of Objections to Reproduction of Discovery Documents

The chart below summarizes Defendant's discovery-related costs to which Plaintiffs object and their bases for the objections (*see* Dkt. 267-3):

| Category of Costs | Amount Defendant Seeks | Amount Objected To | Invoice / Exhibit | Summary of Plaintiffs' Objections | Proper Amount to be Taxed |
|---|---|---|---|---|---|
| Reproduction of Discovery Documents | $743.75 | $743.75 | TrustPoint Invoice #22-06907ED (Ex. C-1) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |

17

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

| Category of Costs | Amount Defendant Seeks | Amount Objected To | Invoice / Exhibit | Summary of Plaintiffs' Objections | Proper Amount to be Taxed |
|---|---|---|---|---|---|
| Reproduction of Discovery Documents | $3,263.75 | $3,263.75 | TrustPoint Invoice #22-08255ED (Ex. C-2) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |
| Reproduction of Discovery Documents | $1,268.75 | $1,268.75 | TrustPoint Invoice #22-10329ED (Ex. C-3) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |
| Reproduction of Discovery Documents | $1,295.00 | $1,295.00 | TrustPoint Invoice #22-10459ED (Ex. C-4) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |
| Reproduction of Discovery Documents | $3,106.25 | $3,106.25 | TrustPoint Invoice #22-10460ED (Ex. C-5) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |
| Reproduction of Discovery Documents | $2,702.50 | $2,702.50 | TrustPoint Invoice #23-00961ED (Ex. C-6) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |

18

| Category of Costs | Amount Defendant Seeks | Amount Objected To | Invoice / Exhibit | Summary of Plaintiffs' Objections | Proper Amount to be Taxed |
|---|---|---|---|---|---|
| Reproduction of Discovery Documents | $1,365.00 | $1,365.00 | TrustPoint Invoice #23-01671ED-B (Ex. C-7) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |
| Reproduction of Discovery Documents | $2,467.50 | $2,467.50 | TrustPoint Invoice #23-02390ED (Ex. C-8) | Billed to Campbell Soup Co; non-taxable activities | $0 |
| Reproduction of Discovery Documents | $131.25 | $131.25 | TrustPoint Invoice #23-02797ED-A (Ex. C-9) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |
| Reproduction of Discovery Documents | $1,031.25 | $1,031.25 | TrustPoint Invoice #23-6596ED (Ex. C-10) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |
| Reproduction of Discovery Documents | $4,655.00 | $4,655.00 | TrustPoint Invoice #23-07355ED_A (Ex. C-11) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR

| Category of Costs | Amount Defendant Seeks | Amount Objected To | Invoice / Exhibit | Summary of Plaintiffs' Objections | Proper Amount to be Taxed |
|---|---|---|---|---|---|
| Reproduction of Discovery Documents | $665.25 | $665.25 | TrustPoint Invoice #23-08565ED (Ex. C-12) | Billed to Campbell Soup Co; description lacked specificity, particularity, and clarity; non-taxable activities | $0 |
| **Totals:** | **$22,695.25** | **$22,695.25** | | | **$0** |

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendant's Bill of Costs be denied in its entirety, or, in the alternative, due in the amount of $553.50 for hearing transcripts related to Defendant's Motion for Summary Judgment.

Dated: May 8, 2025

GEORGE FELDMAN MCDONALD, PLLC

By: s/ Rebecca A. Peterson
Rebecca A. Peterson, #241858
Krista K. Freier *Pro Hac Vice*
1650 West 82nd Street, Suite 880
Bloomington, MN 55431
Telephone: (612) 778-9595
Facsimile: (888) 421-4173
E-mail: rpeterson@4-justice.com
            kfreier@4-justice.com

LITE DEPALMA GREENBERG & AFANADOR, LLC
Susana Cruz Hodge, *Pro Hac Vice*
Joseph J. DePalma, *Pro Hac Vice*
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: scruzhodge@litedepalma.com
            jdepalma@litedepalma.com

**CO-LEAD INTERIM CLASS COUNSEL**

PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS
MASTER FILE NO. 4:21-CV-00913-YGR