1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE PLUM BABY FOOD LITIGATION

Case No.: **4:21-CV-00913-YGR**

**TENTATIVE RULING GRANTING IN PART, DENYING IN PART PLAINTIFFS' MOTION FOR REVIEW OF TAXATION OF COSTS**

Re: Dkt. No. 291

Plaintiffs have filed a Motion for Review of Taxation of Costs. (Dkt. No. 291 ["Mtn."].)[1] On April 19, 2024, following this Court's entry of judgment in favor of defendant based on its Motion for Summary Judgment, defendant filed with the Clerk of the Court a Bill of Costs. (Dkt. No. 268, Defendant's Bill of Costs ["BOC"].)  On May 8, 2025, plaintiffs filed objections to defendant's BOC.  (Dkt. No. 288, Plaintiffs' Objections to Bill of Costs.)  On June 12, the Clerk of the Court awarded defendant $55,658.  (Dkt. No. 290.)  The instant motion followed.

Having carefully considered the papers submitted and the pleadings in this action, and after expending considerable judicial resources reviewing the details of the filings, and for the reasons set forth below, the Court hereby **TENTATIVELY, GRANTS IN PART** and **DENIES IN PART** the motion.  As explained below, the Court reduces the award of costs to $33,312.75.

Defendant may have fourteen (14) days from the date of entry of this Order to file an alternative amount *only if* it is based upon a demonstrated calculation of the costs remaining after exclusion of the categories the Court has identified as nontaxable.[2]  Plaintiff may file a response no later than seven (7) days later.  If no response is filed by the above deadlines, this Order will be

---

[1]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

[2] Defendants shall include a courtesy copy of an Excel spreadsheet with all the detailed costs so that the Court can easily make changes that will produce automatic calculations.

deemed final 21 days after entry of this Order.  The Court will not entertain any affirmative challenge to this ruling by plaintiffs.

## I.    LEGAL STANDARD

"An award of standard costs in federal court is normally governed by Federal Rule of Civil Procedure 54(d)." *Champion Produce, Inc. v. Ruby Robinson Co.,* 342 F.3d 1016, 1022 (9th Cir. 2003). The rule states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Courts review the clerk's taxation of costs *de novo*.  *See Lopez v. San Francisco Unified School Dist.,* 385 F.Supp.2d. 981, 1001 (N.D. Cal. 2005).  District courts have "wide discretion" in determining whether and to what extent prevailing parties may be awarded costs pursuant to Rule 54(d).  *K-S-H Plastics, Inc. v. Carolite, Inc.,* 408 F.2d 54, 60 (9th Cir. 1969).

Under Rule 54(d)(1), there is a general presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion.  *See Ass'n of Mexican-American Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000); Fed. R. Civ. P. 54(d)(1).  The losing party bears the burden to "show why costs should not be awarded." *Save Our Valley v. Sound Transit,* 335 F.3d 932, 945 (9th Cir. 2003).  However, the presumption in favor of awarding costs to the prevailing party does not relieve that party from its obligation to itemize its costs with sufficient detail to establish that each expense is taxable under Section 1920. *See Plantronics, Inc. v. Aliph, Inc.*, 2012 WL 6761576, at *3 (N.D. Cal. Oct. 23, 2012).  "Once a prevailing party establishes that the expense is taxable under section 1920, then the presumption applies." *Id.,* 2012 WL 6761576, at *3.

## II.    ANALYSIS

Here, plaintiffs contend that the Clerk's taxation of costs errs for five reasons: (1) many of defendant's invoices were billed to its former parent company, Campbell Soup Company ("Campbell"); (2) defendant sought costs for depositions that were merely useful, as opposed to necessarily obtained, for the case; (3) defendant's description of incurred costs lacked specificity, particularity, and clarity; (4) defendant sought costs for nontaxable activities during the

reproduction of discovery documents; and (5) equity considerations warrant denying costs to defendant.  The Court addresses each in turn.

### A. INVOICES BILLED TO CAMPBELL

Plaintiffs contend that defendant should not recover any litigation costs addressed to Campbell on the invoice because Campbell is not a prevailing party. The Ninth Circuit and district courts across the country have permitted a prevailing party to recover costs billed to a third-party. *See, e.g., Taniguchi v. Kan Pacific Saipan, Ltd.*, 633 F.3d 1218, 1219-20 (9th Cir. 2011), *overruled on other grounds*, 566 U.S. 560 (2012) (approving an award of costs to a defendant whose defense costs were paid by its insurer); *Keven M. Ehringer Enters. Inc. v. McData Servs. Corp.*, 2012 WL 1835753, at *2 (N.D. Tex. May 21, 2012) (affirming magistrate judge's finding that the defendant could recover costs that its parent company paid on its behalf in connection to the litigation at issue); *King v. Gowdy*, 2008 WL 1820837, at *2 (E.D. Mich. Apr. 22, 2008) (stating that "[i]t is irrelevant whether the taxable costs in question were actually paid by [the prevailing party] or by a third party.")

As the prevailing party, defendant is entitled to recover taxable costs incurred for this litigation, even when the invoices for these costs were paid by a third party.  This objection is overruled.

### B. COSTS FOR MERELY USEFUL DEPOSITIONS

Plaintiffs next object to certain deposition costs on the ground that defendant never cited nine depositions in its motion for summary judgment or reply brief, which deemed them merely useful for the case.

A prevailing party may recover fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  28 U.S.C. § 1920(2).  While depositions that are merely useful for discovery are not taxable, a deposition transcript need not be "offered in evidence at a hearing or trial" to be deemed "necessarily obtained for use in the case."  *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (citation omitted); *see also Shields v. Federation Internationale De Natation*, 2023 WL 8360169, at *3 (N.D. Cal.

Nov. 17, 2023) (finding that "28 U.S.C. § 1920(2) does not specifically require a deposition transcript to be introduced into the record to be an allowable cost").

Defendant has identified each deposition for which it sought costs and indicated that the depositions at issue were mainly those of plaintiffs' expert witnesses, so that it could "identify potential weaknesses, clarify the basis of [the experts'] conclusions, and evaluate their credibility." In addition, these experts prepared reports that would have been filed had the case not been resolved at the summary judgment stage. Therefore, the Court finds these depositions were necessarily obtained. This objection is overruled.

C.  DESCRIPTION OF COSTS LACKED SPECIFICITY, PARTICULARITY, AND CLARITY

In objecting to defendant's discovery-related costs, plaintiffs argue that the task categories defendant's vendor provided were not sufficiently clear and clustered various tasks in a manner that made it difficult to tell what was potentially taxable.

Local Rule 54-1(a) requires that a prevailing party's bill of cost must "state separately and specifically each item of taxable costs claimed." N.D. Cal. Civ. L.R. 54-1(a).

Defendant submitted a detailed exhibit with itemized entries of activities for each month its vendor performed tasks relevant to the litigation. (*See, generally*, Dkt. No. 267-3, Defendant's Bill of Costs Exhibit C ["Exhibit C"].) Plaintiffs suggest that for many entries on the invoice, the vendor clumped taxable activities with potentially nontaxable activities, which the Court addresses in detail below. The Court disagrees and does not find any issue with the specificity, particularity, or clarity of defendant's invoice. This objection is overruled.

D.  COSTS FOR NONTAXABLE ACTIVITIES

Next, plaintiffs argue that defendant's discovery-related costs should not be awarded because they cover nontaxable activities.

"[F]ees for exemplification and copying 'are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production.'" *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (citation omitted). Courts can award costs for OCR of documents, TIFF conversion, processing of native files, and endorsing activities. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 932 (9th Cir. 2015); *Slaight v. Tata Consultancy*

4

*Servs., Ltd.*, 2019 WL 3934934, at *3 (N.D. Cal. Aug. 20, 2019); *eBay Inc. v. Kelora Sys., LLC*, 2013 WL 1402736, at *3 (N.D. Cal. Apr. 5, 2013).  On the other hand, research, analysis, and distillation of data incurred in the preparation of documents (as opposed to physically preparing the documents) are not taxable costs.  *Romero v. City of Pomona*, 883, F.2d 1418, 1427 (9th Cir. 1989), *abrogated on other grounds*, *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990); *see also Oracle v. Google*, 2012 WL 3822129, at *3 (denying costs for intellectual efforts such as "organizing, searching, and analyzing the discovery documents" and "communications with co-workers, other vendors, and clients"); *Slaight*, 2019 WL 3934934, at *4 (denying costs for efforts incurred in "assembling, collecting, or processing" documents).

The Court agrees with plaintiffs that the invoices defendant submitted contain activity entries which are nontaxable.  Some examples include (1) email and telephone correspondences (e.g., "8/30/2022: Telephone call" and "9/16/2022: Client Communications") (Ex. C-1 at 1, Ex. C-2 at 2); (2) troubleshooting (e.g., "9/30/2022: investigation of discrepancy") (Exhibit C-2 at 4); (3) collecting data (e.g., "9:15/2022: Received delivered data from client and entered into data tracker") (Ex. C-2 at 2); (4) creating instructions (e.g., "10/29/2022: [D]rafting custom production instructions") (Exhibit C-4 at 2); (5) creating searches (e.g., "2/6/2023: Creating saved search") (Ex. C-7 at 1); (6) verifying/reviewing efforts (e.g., "3/7/2023: [V]erifying all documents are included" and "1/11/2023: Review and analyze request") (Ex. C-8 at 2; Ex. C-6 at 2); and (7) creating or forwarding credentials or links (e.g., "8/1/2023: Creating multiple new credentials, . . . forwarding information") (Ex. C-11 at 2).

The Court has reviewed the entries and determined that $22,345.25 in nontaxable costs were improperly included in the invoice.  This amount is disallowed.

### E.  EQUITY CONSIDERATIONS

Courts consider the *Escriba* factors to determine whether a court should deny costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."  *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2000).

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiffs argue that factors (1), (2), (3), and (5) weigh in their favor and warrant denying costs. The Court disagrees. *First*, this case is not of substantial public importance. As defendants explain, this is a typical false advertising case. *Second*, the issues in this case were not close and difficult. In granting defendant's motion for summary judgment on plaintiffs' California law claims, the Court found plaintiffs failed to establish that defendant had a duty to disclose the risk of the presence of heavy metals in its baby food, an essential element for plaintiffs' omission-based claims. (Dkt. No. 261, Order Granting Motion for Summary Judgment at 8-11.) Plaintiffs' argument about the general confusion regarding the standard for omission-based claims under California law does not change the fact that they did not establish a *prima facie* case for their own omission-based claims. *Third*, even the full requested amount (which will be deducted in accordance with this Order) is relatively small and is unlikely to create a chilling effect on future actions. *Finally*, "[d]isparity alone is insufficient to overcome the presumption in favor of awarding costs." *Ayala v. Pac. Maritime Ass'n*, 2011 WL 6217298, at *2 (N.D. Cal. Dec. 14, 2011). Because none of the remaining factors weigh in plaintiff's favor, any disparity between the parties is not dispositive.

Therefore, the Court will not deny costs on equity grounds.

### III.   CONCLUSION

For the reasons stated herein, the Court reduces the Award of Costs to $33,312.75.

**IT IS SO ORDERED**.

This Order terminates Dkt. No. 291.

Date:   February 2, 2026

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**